UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUTEK CORP., <br><br>        Plaintiff, <br>    v. <br><br> YEONG WAN CHO (a.k.a. PETER CHO, ET AL., <br><br>        Defendants. | Civil Action No.: 2:23– cv-3709 <br><br> **Document Electronically Filed** |

### DEFENDANT PETER CHO'S OPPOSITION TO
### TRUTEK'S MOTION FOR SUBSTITUTION OF PARTY

LADDEY, CLARK & RYAN, LLP
Thomas N. Ryan (018951985
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*

BRADLEY ARANT BOULT CUMMINGS LLP
Jason E. Fortenberry (*pro hac vice pending*)
Jonathan M. Barnes (*pro hac vice pending*)
188 East Capitol Street, Suite 1000
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

    Introduction ........................................................................................................ 1

    Background ........................................................................................................ 1

    Opposition Argument......................................................................................... 3

        I.     Substitution under Rule 25 is impossible because Dr. Gaffar died before Trutek filed the Complaint. ............................................................................................... 4

        II.    Trutek failed to comply with Rule 25(3) by serving non-party Estate of Abdul Gaffar under Rule 5 and not Rule 4. ............................................................... 5

        III.   Trutek failed to comply with Rule 25(3) by not serving, or even filing, a notice of hearing....................................................................................................... 6

    Conclusion ......................................................................................................... 6

CERTIFICATE OF SERVICE ................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Darmanchev v. Roytshteyn*,
   234 F.R.D. 78 (E.D. Pa. 2005) ............................................................................................... 5
*Davis v. Cadwell*,
   94 F.R.D. 306 (D. Del. 1982) ................................................................................................. 5
*Gabor v. Deshler*,
   2017 WL 4151042 (N.D. Cal. Sept. 19, 2017) ...................................................................... 4
*Giles v. Campbell*,
   698 F.3d 153 (3d Cir. 2012) ................................................................................................ 4, 5
*House v. Mitra QSR KNE LLC*,
   796 F. App'x 783 (4th Cir. 2019) ........................................................................................... 4
*Lacy v. Tyson*,
   2012 WL 4343837 (E.D. Cal. Sept. 20, 2012) ....................................................................... 5
*Laney v. S.C. Dep't of Corr.*,
   2012 WL 4069680 (D.S.C. May 8, 2012), 2012 WL 4069590 (D.S.C. Sept.
   15, 2012) ................................................................................................................................. 5
*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*,
   957 F.3d 943 (9th Cir. 2020) .................................................................................................. 4
*Matrix Fin. Servs. Corp. v. Audain*,
   2022 WL 20471404 (D.V.I. Dec. 1, 2022), 2023 WL 4418238 (D.V.I. July 10,
   2023) ....................................................................................................................................... 4
*Mizukami v. Buras*,
   419 F.2d 1318 (5th Cir. 1969) ................................................................................................ 4
*In re Proton-Pump Inhibitor Prod. Liab. Litig.*,
   WL 17850260, at *2 (D.N.J. Dec. 22, 2022) ......................................................................... 5
*Washington v. Baltimore Police Dep't*,
   457 F. Supp. 3d 520 (D. Md. 2020) ....................................................................................... 4

**Other Authorities**

7C *Charles A. Wright et al.*, Federal Practice & Procedure § 1951 (3d ed. 2010) .......................... 4
Fed. R. Civ. P. 4 .............................................................................................................. 1, 3, 5, 6
Fed. R. Civ. P. 5 .............................................................................................................. 1, 3, 5, 6
Fed. R. Civ. P. 15 ..................................................................................................................... 1, 3
Fed. R. Civ. P. 15(a)(1)(A) ........................................................................................................... 3
Fed. R. Civ. P. 25 ............................................................................................................... *passim*
Fed. R. Civ. P. 25(3) ............................................................................................................ 3, 5, 6
Fed. R. Civ. P. 25(a)(1) ................................................................................................................ 3
Fed. R. Civ. P. 25(a) .................................................................................................................... 4

## Introduction

Plaintiff Trutek Corp.'s Motion for Substitution of Party (Doc. 13) is fatally flawed and should be denied for three independent reasons.

*First*, substitution under Federal Rule of Civil Procedure 25 is not possible because Dr. Abdul Gaffar died before Trutek filed the lawsuit.

*Second*, Trutek served non-party Estate of Abdul Gaffar under Rule 5, and not under Rule 4 as required by Rule 25, which renders the Trutek's motion a nullity.

*Third*, Trutek failed to serve, or even file, a notice of hearing as required by Rule 25.

During meet and confer communications before Trutek filed the Motion, Defense Counsel told Trutek's Counsel that substitution under Rule 25 cannot apply to an individual who died prior to commencement of the lawsuit. Defense Counsel suggested that Trutek might instead be able amend its Complaint as a matter of right under Rule 15. Trutek filed the Motion anyway. Without explanation, Trutek's Counsel say they "are well within their rights and timeframe to request such Substitution" under Rule 25. Doc. 13 at 2.

Defense Counsel is dismayed by Trutek's Counsel filing a terse Motion devoid of any legal analysis and failing to address the single, significant legal issue that Defense Counsel raised during the meet and confer communications.

## Background

Trutek filed its Complaint on July 11, 2023, naming Dr. Abdul Gaffar as one of nine defendants. Doc. 1, ¶ 3. Trutek purportedly discovered the basis for this lawsuit in January 2023. *Id.* at ¶ 40. Six months thereafter, Trutek asserted serious but spurious allegations of intentional torts, fraud, and even Federal RICO violations against Dr. Gaffar. *Id.* (Count Four – Conversion; Count Five – Federal Trade Secret Misappropriation; Count Six – New Jersey Trade Secret

1

Misappropriation; Count Seven – Unjust Enrichment; Count Eight – Civil Conspiracy; Count Nine – Fraud; and Count Ten – Federal RICO Violations). One would assume that Trutek conducted adequate investigation and research before filing such grave claims against an individual. And had Trutek done so, Trutek would have learned that Dr. Gaffar died in February 2023, five months before it filed suit. This is especially so given that Dr. Gaffar is a well-known figure, most notably for having developed Colgate Total toothpaste, and the February 5, 2023 published obituary that Trutek attached to its Motion is one of the first URLs that appear when Dr. Gaffar's name is searched on a number of online search engines. *See* Doc. 13-1.

That said, the questions of when Trutek actually learned of Dr. Gaffar's death and whether Trutek should have known of Dr. Gaffar's death prior to filing the Complaint matter not to the legal issues raised in this Opposition. Here is the legal crux.

On Friday, August 18, Trutek's Counsel notified Defense Counsel that Trutek intended to file a Suggestion of Death of Dr. Gaffar and a Motion for Substitution of Party and asked if Defense Counsel would consent to the motion. **Exhibit A** – Correspondence between Trutek's Counsel and Defense Counsel.

The following Monday, Defense Counsel responded that he did not believe that he was able to consent because "[s]ubstitution does not seem to be procedurally proper under Federal Rule of Civil Procedure 25, which authorizes the substitution of a party that was alive at the time the lawsuit was filed, not when the party was deceased prior the lawsuit." *Id.* Defense Counsel explained that "[i]t is [his] understanding that Dr. Gaffar died months before this lawsuit was filed." *Id.* Defense Counsel was not intending to create needless work for Trutek. In fact, Defense Counsel in good faith attempted to offer a potential solution by suggesting that "[a]n alternative procedural mechanism to remove Dr. Gaffar from the lawsuit and/or add a different party might

2

be to amend the Complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(A). That could be done quickly and efficiently without the parties' consent or motion practice." *Id.* Defense Counsel further offered that if Trutek amended its Complaint, he would "ask the new party whether it will agree to accept or waive service of process." *Id.*

But Trutek's Counsel ignored Defense Counsel about Rule 25's inapplicability and rejected Defense Counsel's suggestion to amend under Rule 15. Instead, Trutek's Counsel responded that same day that they "have decided to continue with the filing of our motion," because they "were only notified on August 1, 2023 that Mr. Abdul Gaffar was/is deceased." *Id.*

Two days later, on Wednesday, August 23, Trutek filed the Motion. Devoid of analysis or citation to legal authority, Trutek's Counsel say that they "are well within their rights and timeframe to request such Substitution" under Rule 25. Doc. 13 at 2. The Motion wholly fails to address the single, significant legal issue that Defense Counsel raised during the meet and confer communications – substitution under Rule 25 is impossible if the named party died prior to the Complaint being filed. Further sinking its own Motion, Trutek failed to both serve the Motion as required under Rule 25 on a non-party and to serve a notice of hearing with the Motion.

Trutek's Motion should be denied.[1]

## Opposition Argument

Rule 25 governs Trutek's Motion. Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." And Rule 25(3) provides that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."

---

[1] Cho has standing to oppose Trutek's Motion. *See Snider v. Vertex Aerospace, LLC*, 338 F.R.D. 358, 361 (S.D. Miss. 2021) (holding Rule 25 authorizes any party to object to substitution, especially where there are claims of civil conspiracy and joint liability).

3

**I.    Substitution under Rule 25 is impossible because Dr. Gaffar died before Trutek filed the Complaint.**

Substitution under Rule 25 is impossible because Dr. Gaffar died before Trutek filed the Complaint. Wright & Miller's *Federal Practice and Procedure*, which the Third Circuit routinely relies upon and has relied upon when examining Rule 25, *see e.g., Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012), provides a succinct statement of black letter law that has been universally accepted by every court that has considered this issue: "[Rule 25] presupposes that substitution is for someone who was a party to a pending action. Substitution is not possible if one who was named as a party in fact died before the commencement of the action." 7C *Charles A. Wright et al.*, Federal Practice & Procedure § 1951 (3d ed. 2010).

While the Third Circuit has not addressed this issue, every circuit that has agrees that Rule 25(a) substitution is not applicable if a party has died before an action has been filed. *See, e.g., House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 784 (4th Cir. 2019) (Rule 25 is inappropriate in these circumstances because "a deceased plaintiff lacks Article III standing" in the first place); *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) ("[The dead lack the capacities that litigants must have to allow for a true Article III case or controversy."); *Mizukami v. Buras*, 419 F.2d 1318, 1320 (5th Cir. 1969) (Rule 25 "contemplates substitution for someone who had been made a party before his death. It is not available to the appellants in the present case since Buras predeceased the filing of the action.").

There is also unanimity at the district court level that Rule 25 substitutions are unavailable when the defendant for whom substitution is sought was dead before the commencement of the action. *See e.g., Matrix Fin. Servs. Corp. v. Audain*, 2022 WL 20471404, at *3 (D.V.I. Dec. 1, 2022), *report and recommendation adopted*, 2023 WL 4418238 (D.V.I. July 10, 2023); *Washington v. Baltimore Police Dep't*, 457 F. Supp. 3d 520, 544 (D. Md. 2020); *Gabor v. Deshler*,

4

2017 WL 4151042, at *12 (N.D. Cal. Sept. 19, 2017); *Lacy v. Tyson*, 2012 WL 4343837, at *2 (E.D. Cal. Sept. 20, 2012); *Laney v. S.C. Dep't of Corr.*, 2012 WL 4069680, at *4 (D.S.C. May 8, 2012), *report and recommendation adopted*, 2012 WL 4069590 (D.S.C. Sept. 15, 2012); *Darmanchev v. Roytshteyn*, 234 F.R.D. 78, 79 (E.D. Pa. 2005); *Davis v. Cadwell*, 94 F.R.D. 306, 307 (D. Del. 1982).

The countrywide circuit and district court unanimity makes sense, because "a person who is deceased does not have legal existence." *In re Proton-Pump Inhibitor Prod. Liab. Litig.*, WL 17850260, at *2 (D.N.J. Dec. 22, 2022). If that were not so, Trutek could have named Socrates or Aristotle as defendants.

Here, Trutek concedes that Dr. Gaffar died in February 2023. And the docket reflects that Trutek filed its Complaint five months later in July 2023. Because Dr. Gaffar did not have legal existence at the time Trutek filed the Complaint, the claims against him were a nullity. Trutek cannot operationalize Rule 25 to substitute in a new party in the place of a nullity. Trutek's Motion should be denied for this reason alone.

That said, there are two other independent reasons to the deny the Motion.

## II.     Trutek failed to comply with Rule 25(3) by serving non-party Estate of Abdul Gaffar under Rule 5 and not Rule 4.

Trutek failed to comply with Rule 25(3) by serving non-party Estate of Abdul Gaffar under Rule 5 and not Rule 4. Rule 25(3) required Trutek to serve non-parties under Rule 4. The Third Circuit has held that a representative of an estate is a non-party that must be served pursuant to Rule 4 under Rule 25(3). *Giles*, 698 F.3d at 158. Trutek concedes that it served the Estate of Abdul Gaffar under Rule 5, not Rule 4. Doc. 13 at 4 (Certification of Service). Service by certified and regular mail does not satisfy Rule 4. Trutek's Motion is a nullity and should be dismissed. *Giles*, 698 F.3d at 159.

5

### III. Trutek failed to comply with Rule 25(3) by not serving, or even filing, a notice of hearing.

Trutek failed to comply with Rule 25(3) by not serving, or even filing, a notice of hearing. Rule 25(3) required a notice of hearing to be served with the Motion. Trutek has not served a notice of motion on any party or non-party, much less filed one. Perhaps Trutek could have contemporaneously moved for an enlargement of time to file and serve a notice of hearing. But it did not. Accordingly, this procedural flaw also nullifies Trutek's motion.

### Conclusion

Respectfully, the Court should deny Trutek's Motion (Doc. 13). Substitution under Federal Rule of Civil Procedure 25 is not possible because Dr. Abdul Gaffar died before Trutek filed the lawsuit. Trutek served non-party Estate of Abdul Gaffar under Rule 5, and not under Rule 4 as required by Rule 25, which renders the Trutek's motion a nullity. And Trutek failed to serve, or even file, a notice of hearing as required by Rule 25. Trutek's Motion is fatally flawed, substantively and procedurally.

Dated: August 25, 2023                                          Respectfully submitted,

LADDEY, CLARK & RYAN, LLP

BY: */s/ Thomas J. White*                                       BRADLEY ARANT BOULT CUMMINGS LLP
Thomas N. Ryan (018951985)                                      Jason E. Fortenberry (*pro hac vice pending*)
Thomas J. White (320372020)                                     Jonathan M. Barnes (*pro hac vice pending*)
60 Blue Heron Road, Suite 300                                   188 East Capitol Street, Suite 1000
Sparta, New Jersey 07871-2600                                   Jackson, Mississippi 39215-1789
Telephone: (973) 729-1880;                                      Telephone: (601) 948-8000
Facsimile: (973) 729-1224                                       Facsimile: (601) 948-3000
tryan@lcrlaw.com                                                jfortenberry@bradley.com
twhite@lcrlaw.com                                               jbarnes@bradley.com

*Attorneys for Defendants Salvacion,*                           *Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*                         *USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*                            *Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*                          *R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*                      *LLC; Sei Young Yun; Biosure Global, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that, on this day, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: August 25, 2023

Respectfully submitted,

LADDEY, CLARK & RYAN, LLP

BY: */s/ Thomas J. White*
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd*.