# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUTEK CORP., <br><br> *Plaintiff,* <br> v. <br><br> PETER CHO; ABDUL GAFFAR; SALVACION USA, INC.; SALVACION CO. LTD.; SALVACION R&D CENTER; SALVACION INTERNATIONAL, LLC; BIOSURE GLOBAL; SALVATION R.D., <br><br> *Defendants.* | Civil Action No..**:** 2:23-cv-3709 <br><br> **Document Electronically Filed** |

## PLAINTIFF'S REPLY BRIEF TO DEFENDANT PETER CHO'S OPPOSITION TO TRUTEK'S MOTION FOR SUBSTITUTION OF PARTIES

LAW OFFICE OF KEITH ALTMAN
Solomon Radner (NJ SBN 283502018)
Keith Altman (*pro hac vice*)
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
SolomonRadner@kaltmanlaw.com
KeithAltman@kaltmanlaw.com
*Attorneys for Plaintiff*

LAW OFFICE OF KEITH ALTMAN
Stanley Kremen (*pro hac vice*)
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
StanleyKremen@kaltmanlaw.com

NEW JERSEY LOCATION:
4 Lenape Lane
East Brunswick, NJ
Telephone: (732)593-7294
Facsimile: (732) 312-5218
shk@shk-dplc.ocm
*Attorney for Plaintiff*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................ iii

INTRODUCTION ........................................................................................................ 1

BACKGROUND ......................................................................................................... 2

ARGUMENT ............................................................................................................... 4

    I.     Defendant Peter Cho and attorney Thomas J. White lack standing to oppose this motion. ........................................................................................ 5

    II.    Substitution under Rule 25 is possible as Plaintiff was only notified Dr. Gaffar was deceased on August 1, 2023. ............................................................ 5

    III.   Trutek's failure to comply with Rule 25(3) by serving non-party Estate of Abdul Gaffar can be remedied. ........................................................................ 9

    IV.   Trutek's failure to comply with Rule 25(a)(3) can be remedied. ................. 9

CONCLUSION ............................................................................................................ 9

CERTIFICATE OF SERVICE ...................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Darmanchev v. Roytshteyn,* 234 F.R.D. 78 (E.D. Pa. 2005) .................................... 8

*Giles v. Campbell,* 698 F.3d 153 (3d Cir. 2012) ....................................................... 9

*House v. Mitra QSR KNE LLC*, 796 F. App'x 783 (4th Cir. 2019) .......................... 8

*Valley Forge Christian College v. Americans United for Separation of Church and*
    *State, Inc.*, 454 U.S. 464, 472 (1982) ................................................................. 5

**Rules**

Fed. R. Civ. P. 17 ...................................................................................................... 8

Fed. R. Civ. P. 25 ...............................................................................................5, 6, 8, 9

Fed. R. Civ. P. 25(a) ................................................................................................. 6

Fed. R. Civ. P. 25(a)(3) ............................................................................................. 9

## INTRODUCTION

Plaintiff's Trutek Corp.'s Motion for Substitution of Party (Doc. 13) is not flawed and should be granted for reasons stated below:

First, neither Peter Cho nor his counsel, Thomas J. White, has standing to submit an Opposition to Trutek's Motion for Substitution of Parties. Although Peter Cho is a defendant in this lawsuit, he will remain unaffected by substitution of the Estate of Gaffar for Defendant Abdul Gaffar, who is deceased. Further, in Thomas J. White's Notice of Appearance (ECF 9), he does not represent either Abdul Gaffar or his estate.  Thus, neither Peter Cho nor Thomas J. White have standing to assert a case or controversy under Article III of the United States Constitution. For this reason, their Opposition to Trutek's Motion for Substitution of Parties fails.

Second, substitution under Fed. R. Civ. P. 25 is possible.  Nothing in the rule prohibits such substitution when a party is deceased prior to the case being filed. Rule 25 states that "[a] motion for substitution may be filed by any party ..." if the claim is not extinguished.  Here, this case arose out of a deception by Peter Cho and a conspiracy between him and the other defendants in this lawsuit.  Plaintiff spent months gathering information prior to filing its complaint.  During this process, Defendant Abdul Gaffar was still alive.  Plaintiff first received notice of Dr. Gaffar's death when it attempted service.  Without delay, Plaintiff filed the instant motion for substitution of parties.

1

Third, Plaintiff acknowledges that the Estate of Abdul Gaffar is not yet a party to the underlying action and has requested that a copy of Plaintiff's original Motion for Suggestion of Death Upon the Record and Motion for Substitution of Party, Defendants Oppositions and Plaintiff's Reply, along with Plaintiff's Notice of Hearing, be served upon the Estate of Abdul Gaffar in accordance with Rule 4 under Fed. R. Civ. Proc. Rule 25(a)(3). **Exhibit A, Service Request and Order dated September 1, 2023.**

Fourth, Plaintiff acknowledges their lack of service of a Notice of Hearing as required by Rule 25 and has rectified its failure to do so. **Exhibit B - Notice of Hearing dated September 1, 2023.**

Moreover, Defense Counsel states that Plaintiff did not provide any explanation as to its reasoning for filing its motion; however, Defendant Peter Cho reiterated Plaintiff's reasoning in his own opposition. Plaintiff's statement, "….well within their rights and timeframe to request such Substitution", is in fact Plaintiff's reasoning for filing. As aforementioned, Rule 25 states that Substitution of Party must be filed within ninety (90) days from when the filing party was notified. Plaintiff filed its Motion on August 23, 2023, twenty-two (22) days after being notified of Abdul Gaffar's passing.

## BACKGROUND

On July 11, 2023, Trutek initiated its lawsuit against Defendant Abdul Gaffar by filing a Summons & Complaint with the United States District Court of New Jersey. Subsequently thereafter, Plaintiff engaged a process server to formally serve Defendant Abdul Gaffar with a copy of the Summons, Complaint, along with its' Exhibits in accordance with Rule 4 of the Federal Rules of Civil Procedure.

On August 1, 2023, Plaintiff's counsel received an Affidavit of Non-Service, certifying that the process server arrived at Defendant Abdul Gaffar's residency of 8351 Catamaran Circle Lakewood Ranch Florida, that the process server was greeted by Ms. Gaffar, wife of Defendant Abdul Gaffar, and that the wife in her own statement advised the process server that Defendant Abdul Gaffar was deceased. **Exhibit C - Affidavit of Non-Service dated August 1, 2023.** It was not until Plaintiff and its' attorneys received this Affidavit that they became aware of the unfortunate passing of Defendant Abdul Gaffar.

On August 18, 2023, Plaintiff's counsel conferred with Defendants' counsel, and advised of its intent to file a Suggestion of Death Upon Record and a Motion of Substitution of Party as to Defendant Abdul Gaffar. Defendants' counsel responded and advised that were not in agreement with Plaintiffs procedural method for filing the motion, and as such would not consent to the filing of same.

Although Plaintiff and Defense Counsels agree to disagree, Plaintiff finds Defense Counsel's Opposition to Plaintiffs Motion unduly burdensome. Not only is

there no legal standing to bring forth such opposition, but Defense Counsel is objecting merely on procedural form, not the actual substitution of the Defendant Abdul Gaffar to the Estate of Abdul Gaffar as notated in their opposition; stating that Plaintiff should have done so under Rule 15.

As argued *supra*, Fed. R. Civ. P. 25 allows for a Substitution of Party to be filed within ninety (90) days of notice of death. Plaintiff is in full compliance under the Rule.

Defenses Opposition should be denied and Plaintiff's Motion for Substitution of Party to the Estate of Abdul Gaffar should be granted.

## **ARGUMENT**

Plaintiff Trutek filed their complaint on July 11, 2023, naming Dr. Abdul Gaffar ("Gaffar") as a defendant (ECF 1). Trutek later discovered on August 1, 2023, that Defendant Gaffar was deceased (ECF 13). Upon notice of the defendant's death, Trutek moved to substitute Gaffar's estate for Gaffar in his individual capacity (ECF 13). The Federal Rule of Civil Procedure that governs Trutek's motion to substitute is Rule 25, which states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25.

4

I. **Defendant Peter Cho and attorney Thomas J. White lack standing to oppose this motion.**

The two individuals bringing this suit are defendant Peter Cho and attorney Thomas J. White, yet both lack standing to oppose this motion.

The "case or controversy" clause of Article III of the Constitution imposes a minimal constitutional standing requirement on all parties to a suit in federal court. In order to invoke the court's jurisdiction, a party must demonstrate, at an "irreducible minimum," that: (1) he/she has suffered a distinct and palpable injury as a result of the putatively illegal conduct of the opposing party; (2) the injury is fairly traceable to the challenged conduct; and (3) it is likely to be redressed if the requested relief is granted. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982). With respect to Peter Cho, admittedly a party to this case, he suffers no harm or injury with the granting of this motion – a key requirement to establish standing. *Id.* Alternatively, Thomas J. White ("White") lacks standing to bring this motion as he is not a party to this suit nor does he represent either Gaffar or his estate, as evidenced by White's Notice of Appearance. ECF 9. Therefore, neither Peter Cho nor Thomas J. White have Article III standing to oppose Trutek's motion.

II. **Substitution under Rule 25 is possible as Plaintiff was only notified Dr. Gaffar was deceased on August 1, 2023.**

Defendant Gaffar died in February of 2023. ECF 13-1. Plaintiff Trutek filed their complaint on July 11, 2023. ECF 1. Because Gaffar predeceased the complaint, Defense counsel submits that Trutek's substitution under Rule 25 is impossible. While it is true that Trutek submitted their complaint after Gaffar passed away, Trutek only received notice of the defendant's death on August 1, 2023, after filing their complaint. ECF 13. Despite conducting an investigation into Gaffar prior to attempting service of a summons, Plaintiff's counsel had no notice of Gaffar's death until after the claim was filed.

Once Trutek's counsel received notice of Gaffar's death, they moved for substitution, filing a Suggestion of Death Upon the Record on August 23, 2023. ECF 13. In doing so, Trutek complied with Rule 25's central tenet – the motion for substitution must be made "within 90 days after service of a statement noting death." Fed. R. Civ. P. 25(a). Trutek filed their motion for substitution concurrently with "a statement noting death," thus are well within the 90-day time frame to submit a motion for substitution. ECF 13.

Moreover, Rule 25(a) does not contemplate whether a defendant was deceased at the time of serving the complaint. Fed. R. Civ. P. 25(a). Further subsections are likewise devoid of any such mention. *See generally* Fed. R. Civ. P. 25. This suggests a proper reading of Rule 25 focuses on *notice* of death, rather than time of death. Indeed, Rule 25 Notes of Advisory Committee on Rules (1963) state "[t]he amended

rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death as provided by the means of a suggestion of death upon the record, i.e., service of a statement of the fact of the death."

This reading is in line with the general tenor of the Federal Rules of Civil Procedure, as established in Rule 1: "[The Federal Rules of Civil Procedure]…should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Requiring that parties know for certain the living status of every defendant named in a complaint when such information may not be readily available runs contrary to Rule 1 principles. As with Trutek's counsel here, a party can make good faith efforts to investigate defendants prior to filing a complaint and still not acquire the information necessary to determine whether a defendant is dead or alive. Denying a motion to substitute due to the defendant predeceasing the complaint creates burdensome circumstances that bog down the judicial process and drive-up costs. Allowing parties to rectify the name of a predeceased defendant through a Rule 25 motion to substitute provides an efficient and inexpensive solution.

Defense counsel further states that Trutek failed to complete an adequate investigation of Gaffar's status prior to submitting their complaint. This argument

7

fails in two respects. First, Trutek did undertake an investigation into Dr. Gaffar, between November2022 and January 2023. Abdul Gaffar was still alive upon completion of that phase of Trutek's investigation. This led to facts indicated in the complaint at hand. Despite this investigation, at no point did Trutek learn of Abdul Gaffar's death prior to filing the complaint.

Second, Rule 25 does not require any such investigation prior to filing a complaint. Fed. R. Civ. P. 25. Defense counsel claims that Trutek did not conduct "adequate investigation and research," (ECF 16, p. 2), but "adequacy" of an investigation, or any investigation, is not required by Rule 25.

Last, in opposing Trutek's motion to submit, Defense counsel cites case law that can be distinguished from the instant case. Several cases cited deal with a deceased plaintiff. *See, e.g.,House v. Mitra QSR KNE LLC*, 796 F. App'x 783 (4th Cir. 2019); *In re Proton-Pump Inhibitor Prod. Liab. Litig.*, WL 17850260, (D.N.J. Dec. 22, 2022). Such cases are ultimately governed by Federal Rule of Civil Procedure 17, not Rule 25. Fed. R. Civ. P. 17. More importantly, none of the case law mirrors the facts at play here. Namely, it does not address the fact that Plaintiff's counsel had no notice of defendant's death prior to submitting the complaint. *See, e.g. Darmanchev v. Roytshteyn,* 234 F.R.D. 78 (E.D. Pa. 2005); *Giles v. Campbell,* 698 F.3d 153 (3d Cir. 2012). For those foregoing reasons, this Rule 25 motion to substitute remains possible.

**III. Trutek's failure to comply with Rule 25(3) by serving non-party Estate of Abdul Gaffar can be remedied.**

Rule 25(3) states that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(3). While Trutek concedes that Abdul Gaffar's estate was served under Rule 5 instead of Rule 4 as required, Trutek can remedy the lack of service by serving the estate of Abdul Gaffar at this time.

**IV. Trutek's failure to comply with Rule 25(a)(3) can be remedied.**

In addition to proper service, Rule 25(a)(3) requires a notice of hearing to be served upon the parties. Fed. R. Civ. P. 25(a)(3). Trutek's failure to comply with Rule 25(a)(3) was remedied by submitting a notice of hearing.

## CONCLUSION

For the above reasons, Plaintiff Trutek respectfully requests that this court grant Trutek's motion to substitute, substituting the estate of the deceased defendant as the proper party in this lawsuit. Granting this motion will ensure that the plaintiff's rights are preserved and that the case can proceed to a resolution on the merits.

Date: September 1, 2023

Respectfully Submitted,
*/s/ Solomon Radner*
Solomon Radner (NJ SBN 283502018)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929

9

solomonradner@kaltmanlaw.com
*Attorney for Plaintiff*

10

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st day of September 2023, the foregoing Reply to Defendant Peter Cho's Opposition to Plaintiff's Motion, documented as ECF 13, was served on all parties of record by means of electronic filing via the Electronic Case Filing (ECF) system.

*/s/ Solomon Radner*

11