**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUTEK CORP., | Civil Action No.: 2:23– cv-3709 |
| Plaintiff, | |
| v. | **Document Electronically Filed** |
| YEONG WAN CHO (a.k.a. PETER CHO, ET AL., | Motion Day: November 6, 2023 |
| Defendants. | |

**DEFENDANT SALVACION INTERNATIONAL, LLC'S MEMORANDUM**
**SUPPORTING ITS MOTION TO DISMISS**

LADDEY, CLARK & RYAN, LLP
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

BRADLEY ARANT BOULT CUMMINGS LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Table of Authorities ...................................................................................................... ii

Introduction ................................................................................................................... 1

Background .................................................................................................................... 1

Standard of Review ...................................................................................................... 1

Argument ....................................................................................................................... 3

I.     Trutek's claim for infringement of the 802 patent should be dismissed in part because Trutek fails to state a claim for direct infringement of claim 1 or induced infringement of any claim. ........................................................................ 3

     A.    Trutek fails to state a claim for direct infringement of claim 1 of the 802 patent. ................................................................................................... 3

     B.    Trutek fails to state a claim for induced infringement of any claim of the 802 patent. ..................................................................................................... 6

II.    Trutek fails to state a claim for conversion. ........................................................... 7

III.   Trutek has failed to state a claim for theft of trade secrets under Federal law. ....... 10

IV.   Trutek has failed to state a claim for theft of trade secrets under New Jersey law ....................................................................................................................... 14

V.    Trutek fails to state a claim for unjust enrichment because Trutek did not confer a benefit upon Salvacion International. ........................................................ 15

VI.   Trutek has failed to state a claim for civil conspiracy. ......................................... 16

VII.  Trutek has failed to state a claim for fraud. ......................................................... 21

VIII. Trutek has failed to state a Civil RICO claim. ..................................................... 24

Conclusion ................................................................................................................... 29

Certificate of Service .................................................................................................. 30

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A&P Tech., Inc. v. Lariviere*,
  2017 WL 6606961 (S.D. Ohio Dec. 27, 2017) ........................................................12

*Air Express Int'l v. Log-Net, Inc.*,
  2016 WL 5334659 (D.N.J. Sept. 22, 2016) ...........................................................15

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) (en banc)..........................................................3, 4, 5

*All Weather Armour, LLC v. Art of Gutter, Inc.*,
  No. CV 19-17150, 2020 WL 9720067 (D.N.J. June 23, 2020) ...........................6, 7

*Anderson v. Modica*,
  4 N.J. 383 (1950) ....................................................................................................21

*Annulli v. Panikkar*,
  200 F.3d 189 (3d Cir. 1999), *abrogated on other grounds in Forbes v.
  Eagleson*, 228 F.3d 471 (3d Cir. 2000)..................................................................25

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................1

*Austar International Limited v. AustarPharma LLC*,
  425 F. Supp. 3d 336 (D.N.J. 2019) ...........................................................................9

*Banco Popular N. Am. v. Gandi*,
  184 N.J. 161 (2005) .................................................................................................21

*Baraka v. McGreevey*,
  481 F.3d 187 (3d Cir. 2007)......................................................................................2

*Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*,
  157 F. Supp. 3d 407 (D.N.J. 2016) ...................................................................11, 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................*passim*

*Board of Educ., Asbury Park v. Hoek*,
  183 A.2d 633 (N.J. 1962)........................................................................................16

*Cameco, Inc. v. Gedicke*,
  690 A.2d 1051 (N.J. Super. Ct. App. Div.1997).......................................................9

*Chi. Title Ins. Co. v. Ellis*,
  978 A.2d 281 (N.J. App. Div. 2009)..................................................................9

*Chiarella v. U.S.*,
  445 U.S. 222 (1980)..........................................................................................23

*Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co.*,
  912 F. Supp. 747 (D.N.J. 1995) ......................................................................18

*Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*,
  83 F. Supp. 2d 689 (E.D. Va. 2000) ................................................................17

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)............................................................................................6

*Connelly v. Lane Const. Corp.*,
  809 F.3d 780 (3d Cir. 2016)...............................................................................1

*Corestar Int'l Pte, Ltd. v. LPB Commc'n*,
  513 F. Supp 2d 107 (D.N.J. 2007) .....................................................................7

*Craftmatic Sec. Litig. v. Kraftsow*,
  890 F.2d 628 (3d Cir. 1989)...............................................................................2

*Crescenzo 1, L.P. v. Deutche Bank Nat'l Tr. Co.*,
  2017 WL 3732013 (S.D. Cal. Aug. 30, 2017) .................................................26

*DeRobbio v. Cent. Reg'l Emps. Ben. Fund v. Cephalon, Inc.*,
  2009 WL 3245485 (D.N.J. Oct. 7, 2009)..........................................................21

*Duquesne Light Co. v. Westinghouse Elec. Co.*,
  6 F.3d 604 (3d Cir. 1995) ..................................................................................8

*Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*,
  845 F.3d 1357 (Fed. Cir. 2017)..........................................................................5

*Feingold v. Graff*,
  516 F. App'x 223 (3d Cir. 2013) ..................................................................2, 28

*G&F Graphic Servs. v. Graphic Innovators, Inc.*,
  18 F. Supp. 3d 583 (D.N.J. 2014) ......................................................................8

*G.K. Las Vegas Limited P'ship v. Simon Property Group, Inc.*,
  460 F. Supp. 2d 1222 (D. Nev. 2006) ..............................................................25

*Givaudan Fragrances Corp. v. Krivda*,
  2013 WL 5781183 (D.N.J. Oct. 25, 2013) (New Jersey claim) .......................14

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ........................................................................................6

*Gunter v. Ridgewood Energy Corp.*,
32 F. Supp. 2d 166 (D.N.J. 1998) ..................................................................24

*Holt v. United States*,
1973 WL 614 (D.D.C. Aug. 23, 1973) ............................................................9

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
2012 WL 5554543 (D.N.J. Nov. 14, 2012) ....................................................15

*Int'l Rectifier Corp. v. Samsung Elecs. Co.*,
361 F.3d 1355 (Fed. Cir. 2004) .....................................................................17

*John Wiley & Sons, Inc. v. Rivadeneyra*,
2013 WL 6816369 (D.N.J. Dec. 20, 2013) ....................................................23

*Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp.*,
98 F. Supp. 2d 480 (S.D.N.Y. 2000) ..............................................................27

*Kaul v. Christie*,
372 F. Supp. 3d 206 (D.N.J. 2019) ................................................................26

*LaPlace v. Briere*,
962 A.2d 1139 (N.J App. Div. 2009) ...............................................................8

*Lightning Lube, Inc. v. Witco Corp.*,
4 F.3d 1153 (3d Cir. 1993) .......................................................................24, 25

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
572 U.S. 915 (2014) ........................................................................................6

*Mallet & Co. Inc. v. Lacayo*,
16 F.4th 364 (3d Cir. 2021) ....................................................................10, 12

*Maniscalco v. Brother Int'l Corp. (USA)*,
627 F. Supp. 2d 494 (D.N.J. 2009) ................................................................16

*MDNet, Inc. v. Pharmacia Corp.*,
147 F. App'x 239 (3d Cir. 2005) ....................................................................23

*Meisels v. Fox Rothschild LLP*,
240 N.J. 286 (2020) ...................................................................................9, 10

*Michod v. Walker Magnetics Group, Inc.*,
115 F.R.D. 345 (N.D. Ill. 1987) .....................................................................27

*Microbilt Corp. v. Bail Integrity Sols., Inc.*,
   2019 WL 6310202 (D.N.J. Nov. 25, 2019) ...........................................................................11

*MJF Elec. Contracting, Inc. v. Toms River Bd. of Educ.*,
   2021 WL 1168962 (D.N.J. Mar. 26, 2021).............................................................................8

*Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*,
   331 F.3d 406 (3d Cir. 2003).............................................................................16, 17, 18, 19

*N.Y.-Conn. Dev. Corp. v. Blinds-To-Go (U.S.), Inc.*,
   449 N.J. Super. 542 (App. Div. 2017) ..................................................................................15

*Nelson Brothers Professional Real Estate LLC v. Beau Jaussi et al.*,
   2017 WL 8220703 (C.D. Cal. Mar. 23, 2017) ......................................................................11

*Oakwood Labs. LLC v. Thanoo*,
   999 F.3d 892 (3d Cir. 2021).........................................................................................10, 12

*Otsuka Pharm. Co. v. Zydus Pharms. USA*,
   151 F. Supp. 3d 515 (D.N.J. 2015) ...................................................................................6, 7

*P.C. of Yonkers, Inc. v. Celebrations! The Party And Seasonal Superstore, L.L.C.*,
   2007 WL 708978 (D.N.J. Mar. 5, 2007).............................................................................14

*Patel v. Soriano*,
   848 A.2d 803 (N.J. App. Div. 2004).....................................................................................18

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir. 1993) ...............................................................................................12

*Phillips v. Cty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008)...................................................................................................2

*Phoenix Ancient Art, S.A. v. J. Paul Getty Tr.*,
   2018 WL 1605985 (S.D.N.Y. Mar. 29, 2018) ......................................................................11

*Rainville Co. v. Consupak, Inc.*,
   407 F. Supp. 221 (D.N.J. 1976) ...........................................................................................17

*RNC Sys., Inc. v. Mod. Tech. Grp., Inc.*,
   861 F. Supp. 2d 436 (D.N.J. 2012) ......................................................................................22

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
   311 F.3d 198 (3d Cir. 2002)...................................................................................................2

*Rohm and Haas Co. v. Adco Chemical Co.*,
   689 F.2d 424 (3d Cir. 1982)..................................................................................................14

*Schenker, Inc. v. Expeditors Int'l of Wash., Inc.*,
   2016 WL 3563187 (N.J. Super. Ct. App. Div. July 1, 2016)....................................................8

*Semiconductor Energy Lab'y Co. v. Samsung Elecs. Co.*,
   4 F. Supp. 2d 473 (E.D. Va. 1998), *aff'd*, 204 F.3d 1368 (Fed. Cir. 2000),
   *amended* (Apr. 5, 2000) ....................................................27

*Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd.*,
   204 F.3d 1368 (Fed. Cir. 2000)....................................................27

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
   742 F.2d 786 (3d Cir. 1984)....................................................26

*Shippitsa Ltd. v. Slack*,
   2019 WL 3304890 (N.D. Tex. July 23, 2019) ....................................................27

*Slimm v. Bank of Am. Corp.*,
   2013 WL 1867035 (D.N.J. May 2, 2013) ....................................................24

*Steves & Sons, Inc. v. JELD-WEN, Inc.*,
   271 F. Supp. 3d 835 (E.D. Va. 2017) ....................................................11, 18

*StrikeForce Techs., Inc. v. WhiteSky, Inc.*,
   2013 WL 3508835 (D.N.J. 2013) ....................................................9

*Talge v. United States*,
   229 F. Supp. 836 (W.D. Mo. 1964) ....................................................9

*Tethys Bioscience, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*,
   2009 WL 4722679 (N.D. Cal. Dec. 9, 2009) ....................................................9

*Travel Sentry, Inc. v. Tropp*,
   877 F.3d 1370 (Fed. Cir. 2017)....................................................5

*Trico Equip., Inc. v. Manor*,
   2011 WL 705703 (D.N.J. Feb. 22, 2011) ....................................................15

*University of W. Va. v. VanVoorhies*,
   278 F.3d 1288 (Fed. Cir. 2002)....................................................27

*US. ex ret. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
   812 F.3d 294 (3d Cir. 2016)....................................................2, 23, 28

*Vega v. Ocwen Fin. Corp.*,
   2015 WL 1383241 (C.D. Cal. Mar. 24, 2015) ....................................................26

*VRG Corp. v. GKN Realty Corp.*,
   135 N.J. 539 (1994) ....................................................15

*Zwoyer v. Hackensack Tr. Co.*,
   160 A.2d 156 (N.J. App. Div. 1960)..................................................................9

**Statutes**

18 U.S.C. § 1341.........................................................................................................25

18 U.S.C. § 1343.........................................................................................................26

18 U.S.C. § 1832.........................................................................................................11

18 U.S.C. § 1832(a)(5)................................................................................................11

18 U.S.C. § 1832(b)....................................................................................................11

18 U.S.C. § 1839(3).....................................................................................................10

18 U.S.C. § 1839(3)(B)...............................................................................................13

18 U.S.C. § 1839(6)(B)...............................................................................................13

18 U.S.C. § 1961(1)(B)...............................................................................................24

18 U.S.C. § 1961 *et seq.*...................................................................................... *passim*

18 U.S.C. § 1962.........................................................................................................25

18 U.S.C. § 1962(1)(B)...............................................................................................25

18 U.S.C. § 1962(a).....................................................................................................25

18 U.S.C. § 1962(b)....................................................................................................25

18 U.S.C. § 1962(c).....................................................................................................25

18 U.S.C. § 1962(d)....................................................................................................25

35 U.S.C. § 271(a)........................................................................................................3

Internal Revenue Code.................................................................................................9

NJ Rev Stat § 56:15-2...........................................................................................14, 15

Uniform Commercial Code...........................................................................................9

**Other Authorities**

Fed. R. Civ. P. 8.........................................................................................................19

Fed. R. Civ. P. 8(a)(2)............................................................................................2, 19

Fed. R. Civ. P. 9(b) ............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 2, 3

## Introduction

Defendant Salvacion International, LLC moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims against it in Plaintiff Trutek Corp.'s Complaint.

## Background

The only fact allegations contained in Trutek's Complaint about Salvacion International are that it is a Wyoming company that fulfills online Amazon orders of COVIXYL. Doc. 1, ¶¶ 6, 46. Trutek's other allegations about Salvacion International are conclusory.

Trutek asserts claims against Salvacion International for patent infringement, conversion, federal and state trade secret violations, unjust enrichment, civil conspiracy, fraud, and a civil RICO violation. Trutek's infringement claim should be dismissed in part. All other claims against Salvacion International should be dismissed with prejudice.

## Standard of Review

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up).

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

In a case alleging conspiracy, the "need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft 'to sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8).

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A party alleging fraud must support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *US. ex ret. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC,* 812 F.3d 294, 307 (3d Cir. 2016). Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). This heightened pleading standard is designed not only to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, [but] to [also] safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (cleaned up).

## Argument

Salvacion International moves under Rule 12(b)(6) to dismiss all claims asserted against it. Trutek's infringement claim should be dismissed in part. All other claims against Salvacion International should be dismissed with prejudice.

**I.    Trutek's claim for infringement of the 802 patent should be dismissed in part because Trutek fails to state a claim for direct infringement of claim 1 or induced infringement of any claim.**

Trutek's claim against Salvacion International for infringement of the 802 patent (Count I) should be dismissed in part because Trutek fails to state a claim for multiple aspects of Count I. Specifically, Trutek's claim for direct infringement of claim 1 should be dismissed because no single actor carries out all steps of the claimed method. Trutek's claim for induced infringement should be dismissed entirely because there is no underlying act of direct infringement for claim 1 and because Trutek has not alleged that Salvacion International has the requisite knowledge and intent for induced infringement of any claim of the 802 patent.

**A.    Trutek fails to state a claim for direct infringement of claim 1 of the 802 patent.**

Trutek fails to state a claim for direct infringement of claim 1 because it has not and cannot allege that a single actor is responsible for carrying out all steps of that method claim. "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc). If more than one actor is involved in carrying out the steps of the method, direct infringement can only be found if all of the acts are attributable to a single party such that it can be held responsible. *Id.* Actions can be attributed to a single entity if that entity "directs or controls others' performance." *Id.* Direction or control is found if the alleged infringer "acts through an agent (applying traditional agency principles) or contracts with another to perform one or more steps of a claimed method" or if the "alleged infringer conditions participation in an

3

activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id.* at 1022-23.

To begin, on its face, claim 1 of the 802 patent requires multiple actors to complete all steps of the claimed method. Claim 1 is reproduced below with the active steps highlighted.

> 1. A method for electrostatically inhibiting harmful particulate matter from infecting an individual through nasal inhalation wherein a formulation **is applied to skin or tissue of nasal passages** of the individual in a thin film, said method comprising:
>
> a) **electrostatically attracting** the particulate matter to the thin film;
>
> b) **holding** the particulate matter in place by **adjusting the adhesion of the thin film** to permit said thin film to stick to the skin or tissue and by **adjusting the cohesion of the formulation** to provide adequate impermeability to the thin film; and,
>
> c) **inactivating** the particulate matter by **adding at least one ingredient** that would render said particulate matter harmless.

Doc. 1-5, cl. 1 (emphasis added).

These steps implicate two different actors. A formulation must be applied to the skin or tissue of nasal passages and once applied, the formulation attracts particulate matter, holds that particulate matter, and inactivates the particulate matter. Those steps must be carried out by the end user of COVIXYL. Trutek never alleges otherwise, and indeed its allegations of induced infringement are based on customers using COVIXYL. Doc. 1, ¶ 92. The method also claims two additional actions: adjusting the adhesion and cohesion of the film or formulation. Although logic would be enough to support the point, Trutek specifically alleges that the formulator, not the end user, performs those actions. Doc. 1, ¶ 38.[1] Thus, no single entity carries out all steps of the method of claim 1.

---

[1] To be precise, only Salvacion USA, not Salvacion International, is alleged to be the manufacturer of COVIXYL. Doc. 1, ¶ 42.

Nor has Trutek alleged that the actions of users of COVIXYL are attributable to Salvacion International. Trutek has not alleged any agency relationship or contract between Salvacion International and users of COVIXYL. Trutek has also not alleged any facts that would support the conclusion that Salvacion International "conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Akamai Techs.*, 797 F.3d at 1022-23. The "conditioning" and "establishment" for attribution cannot be based on a loose relationship. The Federal Circuit has found such conditioning when a defendant enters into a contract with a user and offers a content delivery service that will only work if the user carries out specified tasks, *id.*, at 1204-05, or when a doctor will only carry out the final step in a multi-step treatment process if the patent performs required pre-treatments at a specified time, *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1365-66 (Fed. Cir. 2017). On the other hand, "mere guidance or instruction is insufficient to show conditioning." *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1379 (Fed. Cir. 2017) (internal quotation marks omitted).

Here, the complaint contains no allegations that would support an inference of "conditioning" or "establishment." At most, the complaint alleges that COVIXYL is sold and that customers can use it as directed. This would be nothing more than an insufficient allegation that "customers . . . merely take [Defendant's] guidance and act independently on their own." *Akamai Techs.*, 797 F.3d at 1025. Once the product is sold, the product and any benefits of its use passes out of Salvacion International's hands. There is no further benefit that it can withhold from the customer and no way for it to specify the manner or timing of the customer's use. Thus, Trutek has not and cannot allege facts to support an inference of attribution.

Because Trutek cannot allege that any single entity—and particularly Salvacion

International—is responsible for performing all steps of claim 1, it cannot state a claim for direct infringement of that claim.

**B.      Trutek fails to state a claim for induced infringement of any claim of the 802 patent.**

Trutek's claim for induced infringement must be dismissed for two reasons. With respect to claim 1, Trutek has not stated a claim for the requisite direct infringement to support an inducement claim. Beyond that, Trutek fails to state a claim for inducement of infringement of any claim of the 802 patent because it has not alleged the requisite knowledge and intent.

First, Trutek's inability to state a claim for direct infringement dooms its claim for induced infringement of claim 1 against Salvacion International. Liability for inducement requires an underlying act of direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014); *All Weather Armour, LLC v. Art of Gutter, Inc.*, No. CV 19-17150, 2020 WL 9720067, at *2 (D.N.J. June 23, 2020). Having failed to state a claim for direct infringement of claim 1, Trutek cannot state a claim for inducement of that claim.

Second, and more broadly, Trutek has not plausibly alleged that Salvacion International possessed the requisite knowledge and intent for induced infringement of any claim of the 802 patent. Liability for inducement requires knowledge *both* of the patent *and* that the acts it allegedly induced constitute patent infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011); *Otsuka Pharm. Co. v. Zydus Pharms. USA*, 151 F. Supp. 3d 515, 520-21 (D.N.J. 2015) ("In order to state a claim for inducement, the patent owner must therefore allege . . . that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." (internal quotation marks omitted)). In Count I, Trutek makes no allegation that Salvacion International knew any acts that either allegedly induced constituted infringement or intended to cause

infringement. Doc. 1, ¶¶ 87-98. Its only allegation on that point comes earlier where it conclusorily states that Salvacion International was "aware" that COVIXYL infringes the 802 patent. Doc. 1, ¶ 82. Trutek alleges no facts in support of that assertion. Courts in this district frequently dismiss inducement claims grounded on such conclusory statements. *All Weather Armour*, 2020 WL 9720067, at *2 ("Plaintiff's mere conclusory statement that Defendant 'knew' its products would infringe the 955 Patent . . . is insufficient to demonstrate specific intent to induce infringement."); *Otsuka Pharm. Co.*, 151 F. Supp. 3d at 521 (dismissing inducement claim where complaint "allege[s] *only* that Defendants' have 'actual knowledge'" of the asserted patent and that product labels would instruct an infringing use and collecting similar cases). Without facts supporting the requisite knowledge and intent, Trutek cannot state a claim for induced infringement of any claim.

To summarize, Trutek's claim for direct infringement should be dismissed as to claim 1 of the 802 patent and its claim for indirect infringement should be dismissed entirely. Any infringement case that Trutek wishes to pursue should be limited to a claim for direct infringement of claim 2 (and any other formulation claims it can pursue in good faith.)

## II.    Trutek fails to state a claim for conversion.

To prevail on a claim for conversion, a plaintiff must prove: "(1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant." *Corestar Int'l Pte, Ltd. v. LPB Commc'n*, 513 F. Supp 2d 107, 127 (D.N.J. 2007).

Trutek first alleges that Cho converted a United States and an international patent application related to COVIXYL by assigning the patent applications to Salvacion USA, Inc. Doc. 1, ¶¶ 113, 114. Trutek then alleges that all defendants converted the "profits and benefits" from COVIXYL by selling the product. *Id.* at ¶ 116. Trutek's allegations fail to state a claim for conversion for four independent reasons.

*First*, the economic loss doctrine bars Trutek's conversion claim. A plaintiff is barred "from recovering in tort economic losses to which their entitlement only flows from contract." *Duquesne Light Co. v. Westinghouse Elec. Co.*, 6 F.3d 604, 618 (3d Cir. 1995). This doctrine "functions to eliminate recovery on a contract claim in tort clothing." *G&F Graphic Servs. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 588–89 (D.N.J. 2014).

"[I]t is generally accepted that the economic loss doctrine does not require the parties to be in privity of contract." *Schenker, Inc. v. Expeditors Int'l of Wash., Inc.*, 2016 WL 3563187, at *2 (N.J. Super. Ct. App. Div. July 1, 2016). This Court has held that if a plaintiff pursues contractual remedies against a different party, it cannot seek tort remedies against a defendant if those "remedies can plainly be characterized as contractual remedies against" the other party, even if the alleged tortfeasor lacks privity of contract. *MJF Elec. Contracting, Inc. v. Toms River Bd. of Educ.*, 2021 WL 1168962, at *6 (D.N.J. Mar. 26, 2021).

"Conversion is an intentional tort." *LaPlace v. Briere*, 962 A.2d 1139, 1145 (N.J App. Div. 2009). Trutek nominally recasts its claim for breach of contract against defendant Cho as a conversion claim against all defendants. Trutek alleges the "profits and benefits" were "converted" because they were owed to Trutek under the CDA. Doc. 1, at ¶¶ 115–116. Accordingly, Trutek's conversion claim is a contract claim in tort clothing and is therefore barred by the economic loss doctrine. Trutek "may not supplement its [contract] claims" against Cho with allegations of conversion against Salvacion International. *MJF Elec. Contracting, Inc*, 2021 WL 1168962, at *6.

*Second*, Salvacion International is not a party to or subject to the CDA. *See* Doc. 1-2. Trutek grounds its conversion claim on the obligations that arise out of the CDA. Doc. 1, ¶ 115. Accordingly, Trutek's conversion claim fails as pled because Salvacion International had no legal obligation under the CDA.

**Third**, it is well established New Jersey law that a plaintiff cannot maintain a claim for conversion of intangible property. *See, e.g., Cameco, Inc. v. Gedicke*, 690 A.2d 1051 (N.J. Super. Ct. App. Div.1997); *see also StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 3508835, *8 (D.N.J. 2013). That is because conversion claims are limited to "chattel." *Chi. Title Ins. Co. v. Ellis*, 978 A.2d 281 (N.J. App. Div. 2009). And intellectual property is intangible property. *Strikeforce*, 2013 WL 3508835 at *8.

Here, Trutek says the patent applications and the profits and benefits therefrom were converted. Doc. 1, ¶¶ 113, 114, 116. None of that is property subject to the tort of conversion. Patent rights are not chattel. *Zwoyer v. Hackensack Tr. Co.*, 160 A.2d 156, 160 (N.J. App. Div. 1960).  Even more specific to Trutek's allegations, <u>patent applications</u> represent only the idea of the invention (the intangible idea) and nothing more. *Tethys Bioscience, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 2009 WL 4722679, at *3 (N.D. Cal. Dec. 9, 2009). At most, they are intangible property. *See Holt v. United States,* 1973 WL 614, at *2 (D.D.C. Aug. 23, 1973) (holding patent applications are intangible property under the Uniform Commercial Code); *see also Talge v. United States*, 229 F. Supp. 836, 848 (W.D. Mo. 1964) (holding patent applications are intangible property under the Internal Revenue Code). Patent applications therefore are not convertible property. Also, the alleged converted profits and benefits from the patent applications is a claim for lost profits which is not subject to the tort of conversion. *Austar International Limited v. AustarPharma LLC*, 425 F. Supp. 3d 336, 358 (D.N.J. 2019). Accordingly, Trutek has failed to state a claim for conversion of patent applications and the profits and benefits derived from sales of products related to those patent applications.

**Fourth**, before a claim for "conversion will accrue," it is "necessary" that the plaintiff demand a return of the property. *Meisels v. Fox Rothschild LLP*, 240 N.J. 286, 304 (2020). The

plaintiff bears the burden of proof that it made such a demand and that the defendant refused. *Id.* Here, Trutek has failed to allege that it made a pre-suit demand for the return of the property it claims has been converted. Nor could Trutek, because it never made such a demand before filing suit.

Trutek's conversion claim should be dismissed with prejudice.

## III.   Trutek has failed to state a claim for theft of trade secrets under Federal law.

To prevail on a federal trade secret misappropriation claim, a plaintiff must prove: "(1) the existence of a trade secret (2) that is related to a product or service used in, or intended for use in, interstate or foreign commerce, and (3) the misappropriation of that trade secret." *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 380–81 (3d Cir. 2021) (cleaned up). Significantly, each element of this claim "is predicated on an adequate identification of what the plaintiff contends to be its trade secret." *Id.* To determine whether a plaintiff has identified information that plausibly supports it having status as a trade secret, courts consider whether the plaintiff "has taken reasonable measures to keep . . . [it] secret" and whether the "information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]" 18 U.S.C. § 1839(3); *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021).

Trutek alleges that the confidential information that it disclosed to Cho under the CDA contained Trutek's trade secrets. Doc. 1, ¶¶ 118, 120. Trutek says that defendants Cho, Gaffar, Yun, and Salvacion USA misappropriated its trade secrets by utilizing the United States and international patents related to COVIXYL and that those defendants and Salvacion International conspired to misappropriate its trade secrets by making, selling, and exporting COVIXYL. *Id.* at

10

¶¶ 123–125. Trutek's federal trade secret misappropriation claim fails to state a claim for three independent reasons.

**First**, Trutek fails to state a claim for federal trade secret misappropriation because it brings the claim *solely* under the *criminal-specific provision*, 18 U.S.C. § 1832, Doc. 1, p. 36 (Count Five), and seeks an award of *criminal fines* as "damages as prescribed 18 U.S.C. § 1832(b)," *id.* at ¶ 126(a). Also, Trutek alleges that Salvacion International <u>criminally</u> "conspired . . . in violation of 18 U.S.C. § 1832(a)(5)." Accordingly, Trutek fails to state <u>civil</u> claim and the claim should be dismissed. *See Phoenix Ancient Art, S.A. v. J. Paul Getty Tr.*, 2018 WL 1605985, at *9 (S.D.N.Y. Mar. 29, 2018) (holding private plaintiffs do not have a right to enforce the criminal trade secret provision); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835, 842–43 (E.D. Va. 2017) (same); *Nelson Brothers Professional Real Estate LLC v. Beau Jaussi et al.*, 2017 WL 8220703, at *6 (C.D. Cal. Mar. 23, 2017) (same).

**Second,** the economic loss doctrine bars Trutek's claim. Misappropriation of a trade secret is a tort. *Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*, 157 F. Supp. 3d 407, 421 (D.N.J. 2016). This court has recently dismissed a plaintiff's federal trade secret claim when nominally recast *and* simultaneously asserted with breach of contract. *See Microbilt Corp. v. Bail Integrity Sols., Inc.*, 2019 WL 6310202, at *6 (D.N.J. Nov. 25, 2019). This court also routinely dismisses state trade secret claims under the economic loss doctrine. *See infra* Section IV. And here, Trutek nominally recasts its claim for breach of contract against Cho as a federal trade secret misappropriation claim against Salvacion International. *Compare* Doc. 1, ¶ 104 *with* ¶¶ 120, 125 (alleging the CDA required Cho to not "use" Trutek's "trade secrets" for "any other purpose other than to serve as distributor for Trutek's products"). Trutek's federal trade secret misappropriation claim is therefore barred by the economic loss doctrine and should be dismissed with prejudice.

**Third**, Trutek failed to specifically identify a trade secret. "To plead the existence of a trade secret in a misappropriation claim," a plaintiff "must sufficiently identify the information it claims as a trade secret." *Oakwood Labs. LLC*, 999 F.3d at 905. Until a plaintiff does so, a court cannot evaluate "any element of a trade secret misappropriation claim." *Id.*

Trutek says that its trade secrets are "e.g., manufacturing methodology, efficacy, ingredients, level of electrostatic charged necessary and sufficient to be effective, *etc.*" Doc. 1, ¶ 118. This generic list fails the standard for specifying a trade secret. *See Mallet & Co. Inc.*, 16 F.4th 364, 384–85 (holding that a generic list including "formulas," "pricing and volume data," and "training materials showing how [it] markets and sells its products" were not articulated with enough particularity as to afford the list trade secret status"); *see also A&P Tech., Inc. v. Lariviere*, 2017 WL 6606961, at *10 (S.D. Ohio Dec. 27, 2017) ("Terms such as 'engineering,' 'research and development procedures and materials,' and 'marketing materials' could be applied to almost any corporation in existence, and do not in any way allow Defendants to properly craft a defense around the alleged misappropriation of trade secrets.").

In addition to the lack of specificity in Trutek's alleged "ingredients" trade secret, the ingredients nevertheless fail to constitute a trade secret because the ingredients are publicly listed in Trutek's '802 Patent. *See* Doc. 1-5, at 5–7.[2] Information publicly available cannot be accorded trade secret status. *Mallet & Co. Inc.*, 16 F.4th at 384. Indeed, a "formula disclosed in a patent is, by definition, not a secret." *Id.* at 383.

---

[2] In deciding this motion, the Court may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In addition to the lack of specificity in Trutek's alleged "level of electrostatic charged necessary and sufficient to be effective" trade secret, Doc. 1, ¶ 118, based on Trutek's own allegations, such information is both publicly available and otherwise "readily ascertainable through proper means," 18 U.S.C. § 1839(3)(B), which includes "reverse engineering, independent derivation, or any other lawful means of acquisition," *id.* at § 1839(6)(B). Here's how. Trutek alleges that "Trutek's '802 Patent state[s] that . . . a 0.13% solution of benzalkonium chloride to a person's nostrils would create a positively charged electrostatic field of sufficient strength to attract the negatively charged germs." Doc. 1, ¶ 118. So the purported trade secret ("level of electrostatic charged necessary and sufficient to be effective") is publicly available in Trutek's '802 Patent and therefore no secret at all. Moreover, Trutek alleges that it obtained the COVIXYL product and tested the product's electrostatic charge in Trutek's own lab and that Trutek determined that the product's charge is "approximately equal" to that of the charge in Trutek's own product. *Id.* at ¶ 51. So, taking Trutek's allegations as true, an electrostatic charge can be determined merely by testing a product in a lab. Based on the face of the Complaint, it follows that the "level of electrostatic charged necessary and sufficient to be effective" is readily ascertainable by two proper methods: (1) testing the electrostatic charge of a 0.13% solution of benzalkonium chloride (which is a publicly available ingredient and percentage); or (2) by ordering and testing the charge in Trutek's product in a lab (the same method that Trutek alleges it performed on COVIXYL). Either way, for Trutek to allege that such information is a trade secret is an absurdity based on its own Complaint.

Moreover, Trutek's Complaint contains no factual allegations identifying what specific trade secrets Salvacion International purportedly used. *See* Doc. 1, ¶¶ 122–124 (generically

alleging defendants "utilized trade secrets"). There is therefore nothing in the Complaint to support

that Salvacion International misappropriated any specifically identified trade secrets.

## IV.     Trutek has failed to state a claim for theft of trade secrets under New Jersey law.

To prevail on a New Jersey trade secret misappropriation claim, a plaintiff must prove: "(1)

the existence of a trade secret, (2) communicated in confidence by the plaintiff to the employee,

(3) disclosed by the employee in breach of that confidence, (4) acquired by the competitor with

knowledge of the breach of confidence, and (5) used by the competitor to the detriment of the

plaintiff." *Rohm and Haas Co. v. Adco Chemical Co.*, 689 F.2d 424, 429–430 (3d Cir. 1982). The

plaintiff must also have taken "precautions to maintain the secrecy of the trade secret." *Id.* at 430.

A trade secret may consist of a "formula, pattern, business data compilation, program,

device, method, technique, design, diagram, drawing, invention, plan, procedure, prototype or

process," that "[de]rives independent economic value" and is not "readily ascertainable by proper

means." NJ Rev Stat § 56:15-2. A trade secret does not include matters of public knowledge. *P.C.

of Yonkers, Inc. v. Celebrations! The Party And Seasonal Superstore, L.L.C.*, 2007 WL 708978, at

*10 (D.N.J. Mar. 5, 2007*).*

Additionally, like a federal claim, a New Jersey claim places a burden on the plaintiff to

specifically identify the "trade secret with precision so as to inform the defendant exactly what the

plaintiff is alleging to have been misappropriated . . . at the outset of the litigation, if not before."

*Givaudan Fragrances Corp. v. Krivda*, 2013 WL 5781183, at *5 (D.N.J. Oct. 25, 2013) (New

Jersey claim). It is "hornbook law" that a plaintiff must allege with particularity "what precisely

is asserted as a secret." *Id.*

The legal analyses related to federal and state trade secret claims are substantially similar.

And Trutek's New Jersey trade secret misappropriation claim makes identical allegations to its

federal claim. *Compare* Doc. 1, ¶¶ 118–121 *with* ¶¶ 128–131. Accordingly, the state law claim fails to state a claim for two independent reasons.

*First*, the economic loss doctrine bars Trutek's claim. Misappropriation of a trade secret is a tort. *Baxter Healthcare Corp.*, 157 F. Supp. 3d at 421. This court routinely bars state trade secret claims when nominally recast and asserted alongside breach of contract. *See Howmedica Osteonics Corp. v. Zimmer, Inc.*, 2012 WL 5554543, at *10 (D.N.J. Nov. 14, 2012); *Trico Equip., Inc. v. Manor*, 2011 WL 705703, at *3 (D.N.J. Feb. 22, 2011); *Air Express Int'l v. Log-Net, Inc.*, 2016 WL 5334659, at *3 (D.N.J. Sept. 22, 2016). And here, Trutek nominally recasts its claim for breach of contract against Cho as a New Jersey trade secret misappropriation claim against Salvacion International. *Compare* Doc. 1, ¶ 104 *with* ¶¶ 130, 133 (alleging the CDA required Cho to not "use" Trutek's "trade secrets" for "any other purpose other than to serve as distributor for Trutek's products"). Trutek's New Jersey trade secret misappropriation claim is therefore barred by the economic loss doctrine and should be dismissed with prejudice.

*Second*, Trutek failed to specifically identify a trade secret. The same analysis in *supra* Section IV applies here because a New Jersey trade secret, like a federal trade secret, must be particularly identified and because it cannot contain publicly available information or be readily ascertainable through other proper means such as reverse engineering, discovery, or observation. NJ Rev Stat § 56:15-2.

## V.   Trutek fails to state a claim for unjust enrichment because Trutek did not confer a benefit upon Salvacion International.

A plaintiff may be entitled to relief based on unjust enrichment "if a plaintiff establishes "that it conferred a benefit upon a defendant, and it would be unjust to allow the defendant to retain it." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994). Unjust enrichment is a quasi-contractual remedy. *N.Y.-Conn. Dev. Corp. v. Blinds-To-Go (U.S.), Inc.*, 449 N.J. Super. 542, 556

(App. Div. 2017). "New Jersey law requires a direct relationship between the parties" for a plaintiff to state an unjust enrichment claim. *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 505 (D.N.J. 2009) (collecting New Jersey caselaw). Where a plaintiff fails to allege that he conferred a direct benefit upon" the defendant, the "pleading does not sufficiently allege the elements of the claim." *Id.*

Here, Trutek's unjust enrichment claim is tethered to its allegations that Cho breached the CDA. The only direct relationship Trutek alleges is that between it and Cho. The only benefit Trutek alleges is that which it purportedly conferred upon Cho through the CDA. Indeed, Trutek alleges that all monies derived from the products related to Cho's patent applications belong to Trutek "[a]ccording to the CDA." Doc. 1, ¶¶ 139–140. Trutek's unjust enrichment claim therefore fails to allege either a direct relationship between Trutek and Salvacion International or that Trutek conferred a benefit upon Salvacion International. Trutek's unjust enrichment claim fails to state a claim against Salvacion International.

## VI.    Trutek has failed to state a claim for civil conspiracy.

To prevail on a New Jersey civil conspiracy claim, the plaintiff must prove: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 (3d Cir. 2003). "The gravamen of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which, absent the conspiracy, would give a right of action. Proof of a conspiracy makes the conspirators jointly liable for the wrong and resulting damages." *Board of Educ., Asbury Park v. Hoek*, 183 A.2d 633 (N.J. 1962). "Mere agreement to do a wrongful act can never alone amount to a tort, whether or not it may be a crime." *Morganroth*

*& Morganroth, P.C.*, 331 F.3d at 414. "Some act that is itself a tort must be committed by one of the parties in pursuance of the agreement." *Id.*

Trutek's civil conspiracy claim fails to state a claim for three independent reasons.

**First**, the economic loss doctrine bars Trutek's claim. Under New Jersey law, civil conspiracy is a tort claim. *Morganroth & Morganroth*, 331 F.3d at 414. Trutek nominally recasts its claim for breach of contract against Cho as a New Jersey civil conspiracy claim against Salvacion International. *Compare* Doc. 1, ¶ 104 *with* ¶¶ 145–147. Trutek's New Jersey civil conspiracy claim is therefore barred by the economic loss doctrine and should be dismissed with prejudice.

**Second**, Trutek fails to state a claim for the underlying torts for which it asserts Salvacion International conspired to commit against Trutek (patent infringement, trade secret misappropriation, conversion, tortious interference, and unfair business practices).

Trutek's alleges all Defendants conspired to commit patent infringement. Doc. 1, ¶ 146. That underlying tort fails as a matter of law because federal patent law preempts a civil conspiracy claim based on the same. This Court has held that "conspiracy [to infringe a patent]" does "not constitute a separate ground for recovery" outside of federal patent law. *Rainville Co. v. Consupak, Inc.*, 407 F. Supp. 221, 223 (D.N.J. 1976). Indeed, the Federal Circuit has found that "conspiracy to infringe a patent" is a "theory which has no basis in law." *Int'l Rectifier Corp. v. Samsung Elecs. Co.*, 361 F.3d 1355, 1361 (Fed. Cir. 2004); *see also Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 699 n. 15 (E.D. Va. 2000) (quoting *ENM Co. v. Transformer Manufacturers, Inc.*, 1977 WL 22711 (N.D. Ill. 1977) ("There is no statute in the federal laws concerning patents which gives rise to a cause of action for conspiracy.").

17

Trutek alleges all Defendants conspired to misappropriate trade secrets. Doc. 1, ¶ 147. As to federal misappropriation, that underlying torts fails as a matter of law because there is no *civil* private right of action for *criminal* conspiracy of federal trade secret misappropriation. *Steves & Sons, Inc.,* 271 F. Supp. 3d at 842. Federal misappropriation as an underlying conspiracy tort further fails because Trutek has fails to state a claim for federal trade secret misappropriation for all the reasons set forth above in Section III. Trutek's conspiracy claim based on the same cannot stand. *Morganroth & Morganroth,* 331 F.3d at 414.

As to the claim of state law trade secret misappropriation, Trutek fails to state an underlying claim for all the reasons set forth above in Section IV. Trutek's conspiracy claim based on the same cannot stand. *Morganroth & Morganroth,* 331 F.3d at 414.

Trutek alleges the Defendants conspired to commit conversion. Doc. 1, ¶ 147. That underlying tort fails because Trutek fails to state a claim for conversion for all the reasons set forth in *supra* Section II. Trutek's conspiracy claim based on the same cannot stand. *Morganroth & Morganroth*, 331 F.3d at 414.

Trutek alleges the Defendants conspired to interfere with Trutek's prospective economic advantage and to engage in unfair business practices. Doc. 1, ¶ 147. Specifically, Trutek alleges that Salvacion International made an agreement with all Defendants to misappropriate Trutek's trade secrets, which according to Trutek constitutes a conspiracy to interfere with Trutek's prospective economic advantage and to engage in unfair business practices. Doc. 1, ¶ 147. Both underlying bases are New Jersey torts. *Patel v. Soriano*, 848 A.2d 803, 831 (N.J. App. Div. 2004) (tortious interference); *Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co.*, 912 F. Supp. 747, 786 (D.N.J. 1995) (unfair business practices). At bottom, Trutek alleges that the misappropriation of trade secrets is the conduct that constitutes both the tortious interference and

unfair business practices. But Trutek fails to state a claim for trade secret misappropriation for all the reasons set forth above. Trutek's conspiracy claim based on the same cannot stand. *Morganroth & Morganroth,* 331 F.3d at 414.

*Third*, fatal to Trutek's conspiracy claim, Trutek fails to plausibly allege an agreement to conspire between the Defendants. *See Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8) (explaining that in a case alleging conspiracy, the "need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft 'to sho[w] that the pleader is entitled to relief.'").

*Twombly* is the seminal decision not only for the Rule 8 pleading standard, but also for that standard as it relates to pleading an agreement to conspire. Without a "circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory." *Id.* And a "statement of parallel conduct, even conduct consciously undertaken," is not alone suggestive of agreement to conspire, it is but "a naked assertion of conspiracy" that "stops short of the line between possibility and plausibility." *Id.*

*Twombly* further explains that a complaint fails to plausibly suggest an agreement to conspire based on alleged "actions [that] could equally have been prompted by lawful independent goals" or where "an obvious alternative explanation" for the conduct exists, especially when such obvious explanations appear on the face of the Complaint. *Id.* at 566–568.

*Twombly* cautions district courts that a plausible suggestion of an agreement to conspire must be made "in pleading before allowing a potentially massive factual controversy to proceed," of which the "potential expense is obvious." *Id.* at 558–559. It is no excuse to allow a conspiracy claim to proceed even if it is "just shy of a plausible entitlement to relief." *Id.* at 559.

Here, Trutek's Complaint falls far short of crossing the plausibility line. Trutek repeatedly asserts in conclusory fashion that Defendants "made an agreement" to commit various torts. *See e.g.*, Doc. 1, ¶¶ 145–147. But merely repeating like a broken record a conclusory allegation that the Defendants agreed to conspire does not plausibly suggest agreement. Trutek's Complaint is devoid of any fact allegation that demonstrates a circumstance which would point toward a meeting of the minds and plausibly suggest that any Defendants "made an agreement" to commit any tort against Trutek. Trutek's allegations are naked assertions of conspiracy that fall much closer to the possibility line than plausibility.

That said, Trutek does make a few allegations that flirt with the conclusory/factual line. But those allegations are limited to Defendants' commercial efforts, which without more, "stay[] in neutral territory." *Twombly*, 550 U.S. at 557. Specifically, Trutek alleges that the Defendants "made an agreement to" commit various torts against Trutek by filing patent applications related to, and developing, manufacturing, selling, exporting, and profiting from COVIXYL. Doc. 1, ¶¶ 145–147. All of those alleged commercial efforts stay in the neutral territory without a plausible fact-based allegation to suggest an agreement to conspire to do those acts in a tortious manner. Accordingly, those alleged commercial efforts fall far short of plausibly suggesting conspiracy.

Moreover, the Complaint itself suggests there was no agreement to conspire, *i.e.*, that the Defendants' actions were "prompted by lawful independent goals" or were based on "obvious alternative explanation[s]." *Twombly*, 550 U.S. at 568. Trutek alleges that all Defendants agreed to conspire because they developed, manufactured, exported and sold COVIXYL. There is nothing suggestive that the mere existence of a manufacturer, developer, distributor, and/or wholesaler of product have an underlying agreement to commit some nefarious tort against Trutek. To commercially launch a product, such commercial functions are routinely outsourced. Trutek's own

Complaint demonstrates this in that Trutek licensed Cho/Jintec to market and distribute Trutek's products in Korea and Greater China. Based on the allegations in the Complaint alone, an agreement to conspire between Trutek and Cho is no more plausibly suggested than one is between the Defendants. While it is conceivable that Trutek and Cho/Jintec conspired in their commercial relationship to commit some tort, it is not plausible based on the mere fact that Trutek licensed Cho as a distributor/marketer. Likewise, it is not plausible that the Defendants agreed to commit a tort.

At bottom, because Trutek has "not nudged [its] claims across the line from conceivable to plausible, [its conspiracy claim] must be dismissed." *Twombly*, 550 U.S. at 570.

**VII.    Trutek has failed to state a claim for fraud.**

The elements of common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005).[3] The fraud claim "must relate to a present or preexisting fact and cannot ordinarily be predicated on representations [that] involve things to be done in the future." *Anderson v. Modica*, 4 N.J. 383, 391–92 (1950).

Trutek alleges that when Cho breached his CDA obligations, he committed fraud on Trutek by not doing what he "promised" to do under the CDA and by "concealing" from Trutek his contractual breaches. Doc. 1, ¶ 151. As for Trutek's fraudulent misrepresentation claim against Salvacion International, Trutek says "[a]ll Defendants were complicit in Cho's misrepresentations" and that "Trutek relied on Defendants' representations." *Id.* As for Trutek's fraudulent concealment claim against Salvacion International, Trutek says all "Defendants

---

[3] These elements apply to both fraudulent misrepresentation and concealment. *DeRobbio v. Cent. Reg'l Emps. Ben. Fund v. Cephalon, Inc.*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009).

knowingly and intentionally concealed from Trutek that Defendants were developing, making, offering to sell and selling developments and improvements to Trutek's intellectual property disclosed to Cho" and that Defendants "had the duty to disclose" these facts. *Id.* Trutek fails to state either a misrepresentation or concealment fraud claim against Salvacion International for four independent reasons.

***First***, the economic loss doctrine bars Trutek's claim. Under New Jersey law, fraud is a tort claim subject to the economic loss doctrine. *RNC Sys., Inc. v. Mod. Tech. Grp., Inc.*, 861 F. Supp. 2d 436, 451 (D.N.J. 2012). Trutek nominally recasts its claim for breach of contract against Cho as a fraud claim against all Defendants. *Compare* Doc. 1, ¶ 104 *with* ¶ 151. Fraud claims related to contracts cannot proceed if they are related to the performance of a contract. *RNC Sys., Inc.,* 861 F. Supp. 2d at 451. They must be based on conduct that "precede(s) the actual commencement of the agreement," such as fraud in the inducement or pre-contractual misrepresentations. *Id.* Trutek's New Jersey fraud claim is based on the actual obligations that purportedly flow from the CDA, and, therefore, is barred by the economic loss doctrine. Trutek cannot supplement its breach of contract claim against Cho with a fraud claim against Salvacion International arising from the same obligations and for the same relief. Trutek's fraud claim should be dismissed with prejudice.

***Second***, Trutek fails to allege with particularity as required under Rule 9(b) a single misrepresentation made by Salvacion International to Trutek. Also, Salvacion International cannot be "complicit" in Cho's purported misrepresentations to Trutek. The misrepresentations Trutek alleges Cho made are that Cho merely breached the CDA, thereby not doing what he purportedly contracted to do. Salvacion International was not a party to or subject to the CDA. Salvacion International cannot be complicit in breaching the CDA or Cho's purported representations related

22

to the CDA in a direct fraud claim, as opposed to a conspiracy claim. Even if Salvacion International could be complicit in the purported misrepresentation of another party in a direct fraud claim, Trutek has not alleged with particularity facts demonstrating Salvacion International's complicity in a particular misrepresentation. *See Majestic Blue Fisheries, LLC*, 812 F.3d at 307 (holding particularity for a fraud allegation requires "the who, what, when, where and how of the events at issue").

**Third**, Trutek's Complaint impermissibly lumps all defendants together in its fraud allegations. This Court and the Third Circuit require a plaintiff to plead a fraud claim involving multiple defendants with particularity by specifying the allegations of fraud applying to each defendant. *MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 245 (3d Cir. 2005); *see also John Wiley & Sons, Inc. v. Rivadeneyra*, 2013 WL 6816369, at *6 (D.N.J. Dec. 20, 2013) ("a fraud claim will be dismissed where a plaintiff lumps all defendants together as having engaged in wrongful conduct without specifying which defendant was responsible for which actions" (cleaned up)). The particular details such as the "who, what, when, where and how of the events at issue" must separately and individually "be satisfied with respect to every defendant." *Id.* at *5.

Here, Trutek does precisely what Rule 9(b) and the above authority prohibits. In its Complaint, Trutek lumps all seven defendants together with sweeping, undifferentiated allegations that they are "complicit" in Cho's misrepresentations and "concealed" their purported involvement with Covixyl. Doc. 1, ¶ 151.  There is not a single, particular fact allegation of fraud directed to Salvacion International individually.

**Fourth**, Salvacion International had no duty to disclose any information to Trutek. "When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak." *Chiarella v. U.S.*, 445 U.S. 222, 228 (1980). Under New Jersey law, "courts will not imply a duty

to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a special relationship." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993). The categories of special relationships that give rise to a duty to disclose are: "(1) fiduciary relationships, such as principal and agent, client and attorney, or beneficiary and trustee; (2) relationships where one party expressly reposes trust in another party, or else from the circumstances, such trust necessarily is implied; and (3) relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties." *Id.*

Here, Trutek does not allege Salvacion International made a previous statement to it which would require a disclosure to make the previous statement true. Also, Trutek does not allege a special relationship with Salvacion International that would impose a duty on Salvacion International to disclose any information to Trutek. Under Rule 9(b), Trutek was required to allege with particularity any such previous statement or special relationship. But the only direct relationship Trutek alleges is that which arises from the CDA between it and Cho. And Trutek does not allege any relationship between it and Salvacion International.

For all the above independent reasons, Trutek has failed to state a fraud claim against Salvacion International.

## VIII.  Trutek has failed to state a Civil RICO claim.

In Count Ten, Trutek asserts a federal RICO claim and a federal RICO conspiracy claim against all Defendants under 18 U.S.C. § 1961 *et seq.* Doc. 1, p. 47.  To succeed on a federal civil RICO claim, a plaintiff must prove: "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 166, 173 (D.N.J. 1998). To establish a pattern of racketeering activity, a plaintiff must prove "at least two predicate acts of racketeering that occurred within ten years of each other." *Slimm v. Bank of Am. Corp.*, 2013 WL 1867035, at *20 (D.N.J. May 2, 2013). Racketeering activity is defined in Section

1961(1)(B) as "any act which is indictable under" a number of enumerated federal laws; these federal offenses are called "predicate acts." *See* 18 U.S.C. § 1341; 18 U.S.C. § 1962(1)(B).

Under Section 1962(d), "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." "Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993). "It is not enough for the plaintiff merely to show that a person engaged in racketeering has an otherwise legitimate interest in an enterprise. Rather, it must be established firmly that there is a nexus between the interest and the alleged racketeering activities." *Id.* at 1190.

Trutek's RICO claim fails for three independent reasons.

***First***, the economic loss doctrine bars Trutek's RICO claim. The Third Circuit has succinctly stated why courts must bar plaintiffs from nominally recasting breach of contract claims as RICO claims: "if garden-variety state law crimes, torts, and contract breaches were to constitute predicate acts of racketeering . . . civil RICO law, which is already a behemoth, would swallow state civil and criminal law whole." *Annulli v. Panikkar*, 200 F.3d 189, 200 (3d Cir. 1999), *abrogated on other grounds in Forbes v. Eagleson*, 228 F.3d 471 (3d Cir. 2000). Indeed, Trutek's RICO claim exemplifies the Third Circuit's specific concern that "[v]irtually every litigant would have the incentive to file their breach of contract and tort claims under the federal civil RICO Act."). *Id.* This is why federal courts dismiss RICO claims under the economic loss doctrine where it is a nominally recast breach of contract claim. *See e.g.*, *G.K. Las Vegas Limited P'ship v. Simon Property Group, Inc.*, 460 F. Supp. 2d 1222, 1236 (D. Nev. 2006) ("Although, economic loss doctrine does not as a general rule preclude claims for violations of Nevada RICO, a plaintiff cannot state a claim under the statute by simply artfully pleading what is essentially a breach of

contract claim."); *see also Crescenzo 1, L.P. v. Deutche Bank Nat'l Tr. Co.*, 2017 WL 3732013, at *4 (S.D. Cal. Aug. 30, 2017); V*ega v. Ocwen Fin. Corp.*, 2015 WL 1383241, at *12 (C.D. Cal. Mar. 24, 2015). And here, Trutek nominally recasts its claim for breach of contract against Cho as a RICO claim against all Defendants. *Compare* Doc. 1, ¶ 104 *with* ¶¶ 166, 168, 170 (alleging that Cho violated RICO by "fail[ing] to honor his contractual obligation"), quoting ¶170. Trutek's RICO claim is therefore barred by the economic loss doctrine and should be dismissed with prejudice.

 *Second*, Trutek's RICO claim fails to state a claim because Trutek fails to sufficiently plead a pattern of racketeering activity. Specifically, the actions Trutek alleges do not constitute predicate acts as a matter of law for two independent reasons. And even if they could, Trutek fails to plead the predicate acts with particularity under Rule 9(b). *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (applying Rule 9(b) pleading standard to wire fraud and mail fraud predicate acts).

 Trutek alleges two categories of predicate acts: (1) wire fraud (18 U.S.C. § 1343); and (2) mail fraud (18 U.S.C. § 1343). An offense of wire fraud and/or mail fraud have the same two elements: "(1) a scheme to defraud, and (2) a mailing or wire in furtherance of that scheme." *Kaul v. Christie*, 372 F. Supp. 3d 206, 248 (D.N.J. 2019). Specifically, Trutek alleges Cho committed wire fraud "by allowing" the COVIXYL-related patent applications to be filed and assigned. Doc. 1, ¶ 170. Trutek also alleges that other defendants committed wire fraud and mail fraud by selling the COVIXYL products online and delivering the products through the United States mail services. *Id.* at ¶¶ 193–197.

 The first reason Trutek's predicate act allegations fail to state a claim is that submitting a patent application, assigning a patent application, or commercializing and/or selling products that

purportedly infringe a patent cannot constitute predicate acts as a matter of law. *See University of W. Va. v. VanVoorhies*, 278 F.3d 1288, 1303 (Fed. Cir. 2002) (affirming dismissal of plaintiff's RICO claim where the plaintiff asserted the predicate acts of mail and wire fraud based on defendants' fraudulent submissions to the PTO in connection with patent application); *Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd.*, 204 F.3d 1368, 1380 (Fed. Cir. 2000); *see also Michod v. Walker Magnetics Group, Inc.*, 115 F.R.D. 345, 347 (N.D. Ill. 1987) (holding patent infringement is not a predicate act enumerated by the RICO statute, and thus cannot be the basis of a RICO claim); *Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp.*, 98 F. Supp. 2d 480, 487 (S.D.N.Y. 2000); *Shippitsa Ltd. v. Slack*, 2019 WL 3304890, at *9 (N.D. Tex. July 23, 2019) (holding plaintiff "failed to plausibly allege facts showing that [defendant] committed wire fraud by selling [alleged infringing] products" online); *Semiconductor Energy Lab'y Co. v. Samsung Elecs*. Co., 4 F. Supp. 2d 473, 476 (E.D. Va. 1998), *aff'd*, 204 F.3d 1368 (Fed. Cir. 2000), *amended* (Apr. 5, 2000) ("If such conduct could properly be considered [RICO] predicate acts, then nearly every inequitable conduct claim in a patent case could be brought as a RICO claim.").

Here, Trutek's predicate act allegations are patent submission and patent infringement centric. Doc. 1, ¶ 170; *compare id.* ¶¶ 89, 185–186 (alleging selling COVIXYL product infringes Trutek's patent) with ¶¶ 193–197 (alleging process of selling COVIXYL is predicate acts of wire fraud and mail fraud). Trutek alleges no other predicate acts. Accordingly, Trutek fails to plead two viable predicate acts and its RICO claim must be dismissed.

The second reason Trutek's predicate act allegations fail as a matter of law is that the alleged predicate acts are actually breach of contract allegations, not wire fraud or mail fraud. To be clear, there are no allegations that Defendants represented to customers that their COVIXYL

products did not infringe a valid patent right of Trutek. Nor is there any allegation that the purchasers of the COVIXYL products were deceived to their detriment, that is, that they preferred Trutek's products and that they were deceived into purchasing COVIXYL instead or that they preferred to purchase COVIXYL from Trutek and not Defendants. Instead, Trutek's predicate act allegations repeatedly assert that Defendants' actions were "to defraud Trutek." Doc. 1, ¶¶ 193–194, 196, 201. Those do not constitute sufficient allegations of wire or mail fraud on purchasers. They are merely Trutek's recycled breach of contract allegations.

Even if Trutek's predicate act allegations could constitute predicate acts, Trutek failed to plead them with particularity under Rule 9(b). A party alleging fraud must support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *Majestic Blue Fisheries, LLC*, 812 F.3d at 307. Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Feingold*, 516 F. App'x at 226. Trutek's allegations are deficient. For example, Trutek alleges that Salvacion USA fraudulently "claimed publicly that it had the right to market" COVIXYL. Doc. 1, ¶ 189. But the Complaint is devoid of any allegations of what in particular it claimed or when, where, or how it was claimed. Nor does Trutek allege which particular Defendants sold COVIXYL or when, where, or to whom the products were sold. Trutek does allege that Defendants committed wire/mail fraud when one of its counsel, Keith Altman, purchased COVIXYL. If all fraud and conspiracy claims are not dismissed with prejudice, then Salvacion International reserves the right to subpoena documents and other information from Mr. Altman and to depose Mr. Altman because he has interjected himself as a material fact witness.

*Third*, Trutek has failed to plausibly plead an agreement between the Defendants. The same analysis in *supra* Section VI applies here. To be clear, Trutek in Count Ten (RICO) does not plead any different or new factual allegations as compared to Count Eight (Civil Conspiracy) which would point toward a meeting of the minds and plausibly suggesting that any Defendants made an agreement or conspired to defraud Trutek. Because Trutek has "not nudged [its RICO] claims across the line from conceivable to plausible, [its claim] must be dismissed." *Twombly*, 550 U.S. at 570.

## Conclusion

For the foregoing reasons, Salvacion International respectfully requests the Court to dismiss Trutek's infringement claim in part and other claims against it with prejudice.

Dated: October 2, 2023

LADDEY, CLARK & RYAN, LLP

BY: */s/ Thomas J. White*
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*

*R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that, on this day, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 2, 2023

Respectfully submitted,

LADDEY, CLARK & RYAN, LLP

BY: */s/ Thomas J. White*
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*