**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUTEK CORP., | Civil Action No.: 2:23– cv-3709 |
| Plaintiff, | |
| v. | **Document Electronically Filed** |
| YEONG WAN CHO (a.k.a. PETER CHO, ET AL., | Motion Day: November 6, 2023 |
| Defendants. | |

**DEFENDANT BIOSURE GLOBAL, LTD.'S MEMORANDUM**
<u>**SUPPORTING ITS MOTION TO DISMISS**</u>

LADDEY, CLARK & RYAN, LLP
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

BRADLEY ARANT BOULT CUMMINGS LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

## TABLE OF CONTENTS

**Page**

Table of Authorities ............................................................................................................ ii

Introduction ........................................................................................................................ 1

Background ......................................................................................................................... 1

Standard of Review ............................................................................................................ 2

Argument ............................................................................................................................ 4

I.    Trutek cannot meet its burden to show this Court can exercise jurisdiction over BioSure consistent with due process principles. ......................................... 4

A.  The intentional tort claims do not give rise to jurisdiction in New Jersey. ........... 7

B.  The conspiracy claims do not give rise to jurisdiction in New Jersey................... 8

C.  The unjust enrichment claim does not give rise to jurisdiction in New Jersey....... 8

D.  Even if sufficient minimum contacts existed, exercise of personal jurisdiction over BioSure would not comport with fair play and substantial justice. ............... 9

II.    Trutek fails to state a claim for conversion................................................. 11

III.   Trutek fails to state a claim for unjust enrichment because Trutek did not confer a benefit upon BioSure. ........................................................................ 13

IV.   Trutek has failed to state a claim for civil conspiracy. ................................. 14

V.    Trutek has failed to state a claim for fraud. ................................................ 19

VI.   Trutek has failed to state a Civil RICO claim........................................... 22

Conclusion ........................................................................................................................ 27

Certificate of Service ....................................................................................................... 28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Ghena Int'l Corp. v. Radwan*,
 957 F. Supp. 2d 511 (D.N.J. 2013) ........................................................................6

*Anderson v. Modica*,
 4 N.J. 383 (1950) ...................................................................................................19

*Annulli v. Panikkar*,
 200 F.3d 189 (3d Cir. 1999), *abrogated on other grounds in Forbes v.
 Eagleson*, 228 F.3d 471 (3d Cir. 2000)................................................................23

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*,
 480 U.S. 102 (1987)................................................................................................9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...........................................................................................2, 3

*Austar International Limited v. AustarPharma LLC*,
 425 F. Supp. 3d 336 (D.N.J. 2019) ......................................................................13

*Banco Popular N. Am. v. Gandi*,
 184 N.J. 161 (2005) ...............................................................................................19

*Baraka v. McGreevey*,
 481 F.3d 187 (3d Cir. 2007).....................................................................................3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)....................................................................................... *passim*

*Board of Educ., Asbury Park v. Hoek*,
 183 A.2d 633 (N.J. 1962).......................................................................................14

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985).............................................................................................5, 6

*Cameco, Inc. v. Gedicke*,
 690 A.2d 1051 (N.J. Super. Ct. App. Div.1997)...................................................12

*Carteret Sav. Bank, FA v. Shushan*,
 954 F.2d 141 (3d Cir. 1992).....................................................................................2

*Chi. Title Ins. Co. v. Ellis*,
 978 A.2d 281 (N.J. App. Div. 2009)......................................................................12

*Chiarella v. U.S.*,
  445 U.S. 222 (1980)..................................................................................21

*Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co.*,
  912 F. Supp. 747 (D.N.J. 1995) ...............................................................17

*Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*,
  83 F. Supp. 2d 689 (E.D. Va. 2000) .........................................................15

*Connelly v. Lane Const. Corp.*,
  809 F.3d 780 (3d Cir. 2016).........................................................................3

*Corestar Int'l Pte, Ltd. v. LPB Commc'n*,
  513 F. Supp. 2d 107 (D.N.J. 2007) ...........................................................11

*Craftmatic Sec. Litig. v. Kraftsow*,
  890 F.2d 628 (3d Cir. 1989)..........................................................................4

*Crescenzo 1, L.P. v. Deutche Bank Nat'l Tr. Co.*,
  2017 WL 3732013 (S.D. Cal. Aug. 30, 2017) ...........................................24

*Dayhoff Inc. v. H.J. Heinz Co.*,
  86 F.3d 1287 (3d Cir. 1996)..........................................................................2

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*,
  946 F.3d 1223 (10th Cir. 2020) ...................................................................7

*DeRobbio v. Cent. Reg'l Emps. Ben. Fund v. Cephalon, Inc.*,
  2009 WL 3245485 (D.N.J. Oct. 7, 2009).................................................19

*Duquesne Light Co. v. Westinghouse Elec. Co.*,
  6 F.3d 604 (3d Cir. 1995) ..........................................................................11

*Feingold v. Graff*,
  516 F. App'x 223 (3d Cir. 2013) ..........................................................4, 26

*G&F Graphic Servs. v. Graphic Innovators, Inc.*,
  18 F. Supp. 3d 583 (D.N.J. 2014) .............................................................11

*G.K. Las Vegas Limited P'ship v. Simon Property Group, Inc.*,
  460 F. Supp. 2d 1222 (D. Nev. 2006).......................................................23

*Gunter v. Ridgewood Energy Corp.*,
  32 F. Supp. 2d 166 (D.N.J. 1998) .............................................................22

*Helicopteros Nacionales de Colom., S.A. v. Hall*,
  466 U.S. 408 (1984)......................................................................................6

*Holt v. United States*,
    1973 WL 614 (D.D.C. Aug. 23, 1973) ................................................................13

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
    2012 WL 5554543 (D.N.J. Nov. 14, 2012) .........................................................16

*Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller (Miami) Inc.*,
    2006 WL 1096784 (D.N.J. Apr. 20, 2006) ............................................................9

*IMO Indus. Inc. v. Kiekert*,
    155 F.3d 254 (3d Cir. 1998).................................................................................4

*Int'l Rectifier Corp. v. Samsung Elecs. Co.*,
    361 F.3d 1355 (Fed. Cir. 2004)..........................................................................15

*John Wiley & Sons, Inc. v. Rivadeneyra*,
    2013 WL 6816369 (D.N.J. Dec. 20, 2013)..........................................................21

*Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp.*,
    98 F. Supp. 2d 480 (S.D.N.Y. 2000)...................................................................25

*Kaul v. Christie*,
    372 F. Supp. 3d 206 (D.N.J. 2019) ....................................................................24

*LaPlace v. Briere*,
    962 A.2d 1139 (N.J App. Div. 2009)...................................................................12

*Lightning Lube, Inc. v. Witco Corp.*,
    4 F.3d 1153 (3d Cir. 1993).............................................................................22, 23

*Maniscalco v. Brother Int'l Corp. (USA)*,
    627 F. Supp. 2d 494 (D.N.J. 2009) (collecting New Jersey caselaw) ...................14

*MDNet, Inc. v. Pharmacia Corp.*,
    147 F. App'x 239 (3d Cir. 2005) .........................................................................21

*Meisels v. Fox Rothschild LLP*,
    240 N.J. 286 (2020) ...........................................................................................13

*Mellon Bank PSFS Nat'l Ass'n v. Farino*,
    960 F.2d 1217 (3d Cir. 1992)................................................................................2

*Michod v. Walker Magnetics Group, Inc.*,
    115 F.R.D. 345 (N.D. Ill. 1987)..........................................................................25

*Microbilt Corp. v. Bail Integrity Sols., Inc.*,
    2019 WL 6310202 (D.N.J. Nov. 25, 2019) .........................................................16

*MJF Elec. Contracting, Inc. v. Toms River Bd. of Educ.*,
    2021 WL 1168962 (D.N.J. Mar. 26, 2021)............................................................12

*US. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
    812 F.3d 294 (3d Cir. 2016)..................................................................3, 21, 26

*Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*,
    331 F.3d 406 (3d Cir. 2003)........................................................14, 15, 16, 17

*N.Y.-Conn. Dev. Corp. v. Blinds-To-Go (U.S.), Inc.*,
    449 N.J. Super. 542 (App. Div. 2017) ...............................................................14

*Nicastro v. J. McIntyre Mach. Am., Ltd.*,
    987 A.2d 575 (N.J. 2010); *rev'd on other grounds*, 564 U.S. 873 (2011) ................5

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007)................................................................................5

*Oakwood Labs. LLC v. Thanoo*,
    999 F.3d 892 (3d Cir. 2021)..............................................................................16

*Patel v. Soriano*,
    848 A.2d 803 (N.J. App. Div. 2004)..................................................................16

*Pausch LLC v. Ti-Ba Enters.*,
    2014 WL 5092649 (D.N.J. Oct. 8, 2014).............................................................2

*Pederson v. Frost*,
    951 F.3d 977 (8th Cir. 2020) ...............................................................................7

*Phillips v. Cty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)................................................................................3

*Rainville Co. v. Consupak, Inc.*,
    407 F. Supp. 221 (D.N.J. 1976) .........................................................................15

*Rickman v. BMW of N. Am. LLC*,
    538 F. Supp. 3d 429 (D.N.J. 2021) ......................................................................8

*RNC Sys., Inc. v. Mod. Tech. Grp., Inc.*,
    861 F. Supp. 2d 436 (D.N.J. 2012)....................................................................20

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
    311 F.3d 198 (3d Cir. 2002)................................................................................3

*Roy v. Brahmbhatt*,
    2008 WL 5054096 (D.N.J. Nov. 26, 2008) .........................................................8

*Rush v. Savchuk*,
   444 U.S. 320 (1980) .................................................................................................6

*Schenker, Inc. v. Expeditors Int'l of Wash., Inc.*,
   2016 WL 3563187 (N.J. Super. Ct. App. Div. July 1, 2016) ..................................11

*Semiconductor Energy Lab'y Co. v. Samsung Elecs*. Co.,
   4 F. Supp. 2d 473 (E.D. Va. 1998), *aff'd*, 204 F.3d 1368 (Fed. Cir. 2000),
   *amended* (Apr. 5, 2000) ........................................................................................25

*Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd.*,
   204 F.3d 1368 (Fed. Cir. 2000) ..............................................................................25

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
   742 F.2d 786 (3d Cir. 1984) ....................................................................................24

*Shippitsa Ltd. v. Slack*,
   2019 WL 3304890 (N.D. Tex. July 23, 2019) .........................................................25

*Shnayderman v. Cell-U-More, Inc.*,
   2018 WL 6069167 (D.N.J. Nov. 20, 2018) ................................................................2

*Slimm v. Bank of Am. Corp.*,
   2013 WL 1867035 (D.N.J. May 2, 2013) ................................................................22

*Steves & Sons, Inc. v. JELD-WEN, Inc.*,
   271 F. Supp. 3d 835 (E.D. Va. 2017) .....................................................................16

*StrikeForce Techs., Inc. v. WhiteSky, Inc.*,
   2013 WL 3508835 (D.N.J. 2013) ............................................................................12

*Talge v. United States*,
   229 F. Supp. 836 (W.D. Mo. 1964) .........................................................................13

*Tethys Bioscience, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*,
   2009 WL 4722679 (N.D. Cal. Dec. 9, 2009) ..........................................................13

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
   735 F.2d 61 (3d Cir. 1984) ........................................................................................2

*University of W. Va. v. VanVoorhies*,
   278 F.3d 1288 (Fed. Cir. 2002) ...............................................................................25

*Vega v. Ocwen Fin. Corp.*,
   2015 WL 1383241 (C.D. Cal. Mar. 24, 2015) .........................................................24

*VRG Corp. v. GKN Realty Corp.*,
   135 N.J. 539 (1994) .................................................................................................13

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................6, 7, 8

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .................................................................................9

*Zwoyer v. Hackensack Tr. Co.*,
    160 A.2d 156 (N.J. App. Div. 1960) ......................................................12

**Statutes**

18 U.S.C. § 1341 ...........................................................................................23

18 U.S.C. § 1343 ...........................................................................................24

18 U.S.C. § 1961(1)(B) .................................................................................22

18 U.S.C. § 1961 *et seq.* ...................................................................... *passim*

18 U.S.C. § 1962 ...........................................................................................23

18 U.S.C. § 1962(1)(B) .................................................................................23

18 U.S.C. § 1962(a) .......................................................................................23

18 U.S.C. § 1962(b) .......................................................................................23

18 U.S.C. § 1962(c) .......................................................................................23

18 U.S.C. § 1962(d) .......................................................................................23

18 U.S.C. § 1965(b) .........................................................................................8

Internal Revenue Code ..................................................................................13

NJ Rev Stat § 56:15-2 ...................................................................................16

Uniform Commercial Code .............................................................................13

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................17

Fed. R. Civ. P. 8(a)(2) ..............................................................................3, 17

Fed. R. Civ. P. 9(b) ............................................................................. *passim*

Fed. R. Civ. P. 12(b)(2) ........................................................................1, 2, 4

Fed. R. Civ. P. 12(b)(6)............................................................................. *passim*

U.S. Const. amend. XIV ......................................................................4, 5

**Introduction**

It is telling that nowhere in its fifty-nine pages does Trutek's Complaint allege that Defendant Biosure Global, Ltd. (BioSure) has any minimum contacts with New Jersey. Instead of alleging facts that comport with the due process principles that this Court must apply to determine whether BioSure is subject to personal jurisdiction in New Jersey, Trutek says this Court has "*in personam* jurisdiction over" BioSure simply because it is a citizen of and resides in the United Kingdom. Doc. 1, ¶ 18. That fact does not support personal jurisdiction. Trutek's Complaint falls far short of meeting its burden to show the Court may exercise jurisdiction over BioSure. Trutek's claims against BioSure should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

But even if this Court could exercise personal jurisdiction over BioSure, Trutek's Complaint fails to state a claim against BioSure upon which relief can be granted. Trutek asserts a host of intentional torts against BioSure, including conversion, civil conspiracy, fraud, and a civil RICO violation. All Trutek's claims against BioSure should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**Background**

Trutek alleges BioSure is a company based in the United Kingdom doing business in England. Doc. 1, ¶ 9. Trutek also alleges BioSure sells a product called "BioSURE®PRO" online on its website "www.biosure.co.uk." *Id.* at 48. All other allegations Trutek's Complaint asserts against BioSure are conclusory.

Untethered to any plausible fact allegations, Trutek's Complaint asserts five claims against BioSure: conversion, unjust enrichment, civil conspiracy, fraud, and a civil RICO violation. For the reasons stated below, all Trutek's claims against BioSure should be dismissed.

**Standard of Review**

Rule 12(b)(2) permits a party to move to dismiss a case for lack of personal jurisdiction. When challenged, the plaintiff bears the burden of demonstrating "sufficient facts to establish that jurisdiction is proper." *Mellon Bank PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). In reviewing such a motion, a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). But when a defendant raises a jurisdictional defense, "a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

Thus, to withstand a Rule 12(b)(2) motion, a plaintiff may not rely on the pleadings alone, as it "is inherently a matter which requires resolution of factual issues *outside the pleadings*." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (emphasis added). In conducting this jurisdictional analysis, district courts may rely upon the parties' declarations for relevant factual support. *See, e.g.*, *Pausch LLC v. Ti-Ba Enters.*, 2014 WL 5092649, at *3-4 (D.N.J. Oct. 8, 2014) (using declarations from both parties to conclude that contacts with the forum were insufficient for personal jurisdiction); *Shnayderman v. Cell-U-More, Inc.*, 2018 WL 6069167, at *4 (D.N.J. Nov. 20, 2018) (using information from the plaintiff's complaint and declaration to determine that the defendant did not travel to the forum state or solicit a loan from the plaintiff in the forum state). Therefore, in determining whether personal jurisdiction exists, the Court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up).

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

In a case alleging conspiracy, the "need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft 'to sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8).

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A party alleging fraud must support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *US. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC,* 812 F.3d 294, 307 (3d Cir. 2016). Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure

of substantiation into a fraud allegation." *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). This heightened pleading standard is designed not only to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, [but] to [also] safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (cleaned up).

**Argument**

Trutek brings five claims against BioSure. Those claims should be dismissed for two independent reasons. First, Trutek cannot meet its burden to show this Court can exercise jurisdiction over BioSure consistent with due process principles. Second, even if this Court could exercise personal jurisdiction over BioSure, Trutek's Complaint fails to state a claim against BioSure upon which relief can be granted. Accordingly, Trutek's claims against BioSure should be dismissed under Rule 12(b)(2) and Rule 12(b)(6).

**I.      Trutek cannot meet its burden to show this Court can exercise jurisdiction over BioSure consistent with due process principles.**

Personal jurisdiction can be established in a number of ways: general personal jurisdiction, specific personal jurisdiction, waiver, consent, and in-state service of an individual. Here, the focus is on specific personal jurisdiction, because Trutek has not alleged general personal jurisdiction, waiver, consent, or in-state service. A federal court must have both statutory and constitutional authority to assert personal jurisdiction over an out-of-state defendant. *IMO Indus. Inc. v. Kiekert*, 155 F.3d 254, 259 (3d Cir. 1998). This two-step inquiry first looks to the forum state's long-arm statute then to the Due Process Clause of the Fourteenth Amendment to determine if the exercise of jurisdiction is permitted. *Id.* In New Jersey, however, the two steps are collapsed into a single analysis because the New Jersey long-arm statute allows for the "exercise [of] jurisdiction over a

non-resident defendant to the uttermost limits permitted by the United States Constitution." *Nicastro v. J. McIntyre Mach. Am., Ltd.*, 987 A.2d 575, 589 (N.J. 2010) (internal quotation marks omitted); *rev'd on other grounds*, 564 U.S. 873 (2011). Therefore, for this Court to exercise personal jurisdiction over BioSure, the Due Process Clause requires (1) minimum contacts between BioSure and the state of New Jersey; and (2) that jurisdiction over BioSure comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

Specific jurisdiction may exist "if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 473. In light of Supreme Court precedent, the Third Circuit developed a three-part test to determine whether specific personal jurisdiction exists. First, the defendant must have "purposefully directed [its] activities at the forum." *O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks omitted). The first requirement of this test is also known as "purposeful availment," and seeks to ensure "that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts" or based on the "unilateral activity of another party or third person." *Burger King*, 471 U.S. at 475 (internal quotation marks omitted) (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 417 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980)). Second, the litigation must "arise out of or relate to at least one of those activities." *O'Connor*, 496 F.3d at 317. Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id.* (internal quotation marks omitted).

Trutek's Complaint fails to meet its burden on each prong of the three-part specific personal jurisdiction test.

**First**, Trutek has not met its burden to demonstrate purposeful availment, which must arise out of contacts that the "defendant himself" creates with the forum State. *Burger King*, 471 U.S. at 475; *see also Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 531 (D.N.J. 2013) ("Specific personal jurisdiction generally must be evaluated in both a *claim-specific* and *defendant-specific* fashion."). That is because "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Indeed, the Supreme Court has consistently rejected plaintiff's attempts to meet the defendant-centric "minimum contacts" requirement based on others' contacts with the forum state. *See Helicopteros*, 466 U.S. at 417 ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"); *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (stating that however significant the plaintiff's contacts with the forum may be, those contacts cannot be "decisive in determining whether the defendant's due process rights are violated"). Also, the "minimum contacts" requirement "looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 283. Stated another way, "the plaintiff cannot be the only link between the defendant and the forum," and "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.*

Trutek's Complaint is devoid of any allegations that demonstrate sufficient contacts with New Jersey to justify jurisdiction over BioSure. Trutek seems to allege that personal jurisdiction over BioSure is proper because it was "an integral part of an enterprise that committed torts

6

against" Trutek. Doc. 1, ¶ 23 (alleging venue is proper). At bottom, Trutek seems to suggest that either its intentional tort claims or its conspiracy-based claims give rise to jurisdiction over BioSure in New Jersey. Trutek is wrong.

**A.  The intentional tort claims do not give rise to jurisdiction in New Jersey.**

There is nothing to connect BioSure's alleged misconduct to New Jersey. The intentional tort claims (conversion, civil conspiracy, fraud, and civil RICO), which are all the claims asserted against BioSure except unjust enrichment, cannot support jurisdiction over BioSure. "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. The question is not whether Trutek experienced a particular injury or effect in New Jersey, but whether BioSure's "conduct connects [it] to the forum in a meaningful way." *Id.* at 290. That is, BioSure must have done something to "'tether[ ]' the effect of [its] actions to [New Jersey]." *Pederson v. Frost*, 951 F.3d 977, 981 (8th Cir. 2020) (quoting *Walden*, 571 U.S. at 290) (allegations of fraud and intentional interference directed at Minnesota plaintiff did not give rise to jurisdiction in Minnesota).

There is nothing to tether BioSure's alleged misconduct to New Jersey. There are no allegations that anyone in New Jersey but Trutek was harmed or had the potential to be harmed. There are no allegations that BioSure directed any misconduct into New Jersey. The "mere [alleged] injury to a forum resident is not sufficient connection to the forum." *Walden*, 571 U.S. at 290. BioSure's allegedly tortious interactions with Trutek are insufficient. "[A] defendant's interaction with a plaintiff—even when allegedly tortious—is insufficient to establish personal jurisdiction." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1231 (10th Cir. 2020) (misrepresentations directed into the forum state plus knowledge that plaintiff was a forum resident are insufficient). Because none of BioSure's alleged misconduct forms a contact with

7

New Jersey, "the mere fact that [its alleged] conduct affected [Trutek] with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 571 U.S. at 290.

**B. The conspiracy claims do not give rise to jurisdiction in New Jersey.**

Likewise, BioSure's alleged participation in a conspiracy does nothing to connect it with New Jersey.[1] The conspiracy theory of personal jurisdiction rests on the idea that "'the acts of [a] conspirator in furtherance of a conspiracy may be attributed to the other members of the conspiracy.'" *Roy v. Brahmbhatt*, 2008 WL 5054096, at *6 (D.N.J. Nov. 26, 2008). But this Court has repeatedly made clear that attempting to shoehorn an alleged conspirator with no independent minimum contacts with the state into the Court's jurisdiction "is violative of due process." *Id.* at *9; *see also Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 440 (D.N.J. 2021) ("No matter which way one looks at it, the [conspiracy] theory rises and falls with federal due process. And federal due process does not square with the conspiracy-jurisdiction theory.").

**C. The unjust enrichment claim does not give rise to jurisdiction in New Jersey.**

Trutek's unjust enrichment claim is centered on BioSure's alleged profits from the sales of Covixyl. Doc. 1, ¶ 141. Nowhere in the Complaint does Trutek allege BioSure sold any product in New Jersey. Instead, Trutek concedes that whatever alleged involvement BioSure had, it was international. *Id.* at ¶¶ 23, 48, 83. At bottom, Trutek does not allege that BioSure profited from sales in New Jersey.

Having failed to meet the first prong, Trutek necessarily fails to meet its burden on the ***second*** prong of the three-part specific personal jurisdiction test, that this litigation arose from any

---

[1] Also, BioSure was not served process in the United States. Trutek's civil RICO claim cannot support personal jurisdiction because it does not authorize international service to confer personal jurisdiction on an alleged conspirator, *see also* 18 U.S.C. § 1965(b).

activity of BioSure directed at New Jersey, because Trutek has failed to demonstrate BioSure directed any activity at New Jersey.

### D.  Even if sufficient minimum contacts existed, exercise of personal jurisdiction over BioSure would not comport with fair play and substantial justice.

The *third* prong of the three-part specific personal jurisdiction test is not satisfied because even if minimum contacts with New Jersey existed, the Court exercising jurisdiction over BioSure would not otherwise comport with fair play and substantial justice. This analysis turns on the following factors: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering substantive social policies. *World–Wide Volkswagen Corp.*, 444 U.S. at 292. The factors do not weigh in favor of Trutek's claims against BioSure being litigated in New Jersey.

Here, there is a total absence of affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction. In short, whatever minimum contact could theoretically exist, it would not support haling BioSure from the United Kingdom to New Jersey to defend itself in this litigation. "These facts are a strong indication that haling [BioSure] into this Court would offend traditional notions of fair play and substantial justice." *Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller (Miami) Inc.*, 2006 WL 1096784, at *4 (D.N.J. Apr. 20, 2006). Indeed, the "unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 114 (1987).

BioSure would be heavily burdened by litigating in New Jersey. First, this is a foreign legal system. Second, assuming the Court does not otherwise dismiss the claims against it under Rule 12(b)(6), BioSure would incur heavy expenses and costs related solely to its international status, including but not limited to costs for its attorneys to travel internationally to the United Kingdom to prepare for and defend it in deposition and for its party representative and witnesses to travel internationally to attend trial in New Jersey. If New Jersey has any interest at all in adjudicating Trutek's claims against BioSure (none is apparent), it is *de minimis* and does not outweigh the burden on BioSure. Trutek interest's in obtaining convenient and effective relief will not be affected. It seeks joint and several liability among seven defendants for the same claims it has asserted against BioSure. Further, it will be more convenient for Trutek, who conducts business in the United Kingdom, Doc. 1, ¶ 24, to litigate there than for BioSure to litigate in New Jersey. The interstate judicial system's interest in obtaining the most efficient resolution of controversies will not be affected because any alternative venue will be in the United Kingdom, not in a different United States district. For the same reasons, the shared interest of the several states in furthering substantive social policies is not at issue.

Considering the international context, the heavy burden on the alien defendant, and the *de minimis* interests, if any, of Trutek and New Jersey, the exercise of personal jurisdiction by a New Jersey court over BioSure in this instance would be unreasonable and unfair.

At bottom, well-established principles of personal jurisdiction are sufficient to decide this Motion. Here, the application of those principles is clear: BioSure's alleged misconduct occurred entirely outside of New Jersey, and the mere fact that its conduct allegedly affected Trutek, who is connected to New Jersey, does not suffice Trutek's burden to show the Court it has authority to exercise jurisdiction over BioSure. For all these reasons, Trutek has failed to satisfy its burden to

demonstrate that the Court may exercise personal jurisdiction over BioSure. Trutek's claims against BioSure should be dismissed for lack of personal jurisdiction.

But even if this Court could exercise personal jurisdiction over BioSure, Trutek's Complaint fails to state a claim against BioSure upon which relief can be granted. BioSure turns now to its Rule 12(b)(6) argument.

## II.    Trutek fails to state a claim for conversion.

To prevail on a claim for conversion, a plaintiff must prove: "(1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant." *Corestar Int'l Pte, Ltd. v. LPB Commc'n*, 513 F. Supp. 2d 107, 127 (D.N.J. 2007).

Trutek first alleges that Cho converted a United States and an international patent application related to COVIXYL by assigning the patent applications to Salvacion USA, Inc. Doc. 1, ¶¶ 113, 114.Trutek then alleges all defendants converted the "profits and benefits" from COVIXYL by selling the product. *Id.* at ¶ 116. Trutek's allegations fail to state a claim for conversion for four independent reasons.

***First***, the economic loss doctrine bars Trutek's conversion claim. A plaintiff is barred "from recovering in tort economic losses to which their entitlement only flows from contract." *Duquesne Light Co. v. Westinghouse Elec. Co.*, 6 F.3d 604, 618 (3d Cir. 1995). This doctrine "functions to eliminate recovery on a contract claim in tort clothing." *G&F Graphic Servs. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 588–89 (D.N.J. 2014).

"[I]t is generally accepted that the economic loss doctrine does not require the parties to be in privity of contract." *Schenker, Inc. v. Expeditors Int'l of Wash., Inc.*, 2016 WL 3563187, at *2 (N.J. Super. Ct. App. Div. July 1, 2016). This Court has held that if a plaintiff pursues contractual remedies against a different party, it cannot seek tort remedies against a defendant if those

"remedies can plainly be characterized as contractual remedies against" the other party, even if the alleged tortfeasor lacks privity of contract. *MJF Elec. Contracting, Inc. v. Toms River Bd. of Educ.*, 2021 WL 1168962, at *6 (D.N.J. Mar. 26, 2021).

"Conversion is an intentional tort." *LaPlace v. Briere*, 962 A.2d 1139, 1145 (N.J App. Div. 2009). Trutek nominally recasts its claim for breach of contract against Defendant Cho as a conversion claim against all defendants, including BioSure. Trutek alleges the "profits and benefits" were "converted" because they were owed to Trutek under the CDA. Doc. 1, at ¶¶ 115– 116. Accordingly, Trutek's conversion claim is a contract claim in tort clothing and is therefore barred by the economic loss doctrine. Trutek "may not supplement its [contract] claims" against Cho with allegations of conversion against BioSure. *MJF Elec. Contracting, Inc*, 2021 WL 1168962, at *6.

**Second**, BioSure is not a party to or subject to the CDA. *See* Doc. 1-2. Trutek grounds its conversion claim on the obligations that arise out of the CDA. Doc. 1, at ¶ 115. Accordingly, Trutek's conversion claim fails as pled because BioSure had no legal obligation under the CDA.

**Third**, it is well established New Jersey law that a plaintiff cannot maintain a claim for conversion of intangible property. *See, e.g., Cameco, Inc. v. Gedicke*, 690 A.2d 1051 (N.J. Super. Ct. App. Div.1997); *see also StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 3508835, *8 (D.N.J. 2013). That is because conversion claims are limited to "chattel." *Chi. Title Ins. Co. v. Ellis*, 978 A.2d 281 (N.J. App. Div. 2009). And intellectual property is intangible property. *Strikeforce*, 2013 WL 3508835 at *8.

Here, Trutek says the patent applications and the profits and benefits therefrom were converted. Doc. 1, ¶¶ 113, 114, 116. None of that is property subject to the tort of conversion. Patent rights are not chattel. *Zwoyer v. Hackensack Tr. Co.*, 160 A.2d 156, 160 (N.J. App. Div.

12

1960).  Even more specific to Trutek's allegations, <u>patent applications</u> represent only the idea of the invention (the intangible idea) and nothing more. *Tethys Bioscience, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 2009 WL 4722679, at *3 (N.D. Cal. Dec. 9, 2009). At most, they are intangible property. *See Holt v. United States,* 1973 WL 614, at *2 (D.D.C. Aug. 23, 1973) (holding patent applications are intangible property under the Uniform Commercial Code); *see also Talge v. United States*, 229 F. Supp. 836, 848 (W.D. Mo. 1964) (holding patent applications are intangible property under the Internal Revenue Code). Patent applications therefore are not convertible property. Also, the alleged converted profits and benefits from the patent applications is a claim for lost profits which is not subject to the tort of conversion. *Austar International Limited v. AustarPharma LLC*, 425 F. Supp. 3d 336, 358 (D.N.J. 2019). Accordingly, Trutek has failed to state a claim for conversion of patent applications and the profits and benefits derived from sales of products related to those patent applications.

*Fourth*, before a claim for "conversion will accrue," it is "necessary" that the plaintiff demand a return of the property. *Meisels v. Fox Rothschild LLP*, 240 N.J. 286, 304 (2020). The plaintiff bears the burden of proof that it made such a demand and that the defendant refused. *Id.* Here, Trutek has failed to allege that it made a pre-suit demand for the return of the property it claims has been converted. Nor could Trutek, because it never made such a demand before filing suit.

Trutek's conversion claim should be dismissed with prejudice.

### III.    Trutek fails to state a claim for unjust enrichment because Trutek did not confer a benefit upon BioSure.

A plaintiff may be entitled to relief based on unjust enrichment "if a plaintiff establishes "that it conferred a benefit upon a defendant, and it would be unjust to allow the defendant to retain it." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994). Unjust enrichment is a quasi-

contractual remedy. *N.Y.-Conn. Dev. Corp. v. Blinds-To-Go (U.S.), Inc.*, 449 N.J. Super. 542, 556 (App. Div. 2017). "New Jersey law requires a direct relationship between the parties" for a plaintiff to state an unjust enrichment claim. *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 505 (D.N.J. 2009) (collecting New Jersey caselaw). Where a plaintiff fails to allege that he conferred a direct benefit upon" the defendant, the "pleading does not sufficiently allege the elements of the claim." *Id.*

Here, Trutek's unjust enrichment claim is tethered to its allegations that Cho breached the CDA. The only direct relationship Trutek alleges is that between it and Cho. The only benefit Trutek alleges is that which it purportedly conferred upon Cho through the CDA. Indeed, Trutek alleges that all monies derived from the products related to Cho's patent applications belong to Trutek "[a]ccording to the CDA." Doc. 1, ¶¶ 139–140. Trutek's unjust enrichment claim therefore fails to allege either a direct relationship between Trutek and BioSure or that Trutek conferred a benefit upon BioSure. Trutek's unjust enrichment claim fails to state a claim against BioSure.

**IV.     Trutek has failed to state a claim for civil conspiracy.**

To prevail on a New Jersey civil conspiracy claim, the plaintiff must prove: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 (3d Cir. 2003). "The gravamen of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which, absent the conspiracy, would give a right of action. Proof of a conspiracy makes the conspirators jointly liable for the wrong and resulting damages." *Board of Educ., Asbury Park v. Hoek*, 183 A.2d 633 (N.J. 1962). "Mere agreement to do a wrongful act can never alone amount to a tort, whether or not it may be a crime." *Morganroth*

*& Morganroth, P.C.*, 331 F.3d at 414. "Some act that is itself a tort must be committed by one of the parties in pursuance of the agreement." *Id.*

Trutek's civil conspiracy claim fails to state a claim for three independent reasons.

***First***, the economic loss doctrine bars Trutek's claim. Under New Jersey law, civil conspiracy is a tort claim. *Morganroth & Morganroth*, 331 F.3d at 414. Trutek nominally recasts its claim for breach of contract against Cho as a New Jersey civil conspiracy claim against BioSure. *Compare* Doc. 1, ¶ 104 *with* ¶¶ 145–147. Trutek's New Jersey civil conspiracy claim is therefore barred by the economic loss doctrine and should be dismissed with prejudice.

***Second***, Trutek fails to state a claim for the underlying torts for which it asserts the BioSure conspired to commit against Trutek (patent infringement, trade secret misappropriation, conversion, tortious interference, and unfair business practices).

Trutek's alleges all Defendants conspired to commit patent infringement. Doc. 1, ¶ 146. That underlying tort fails as a matter of law because federal patent law preempts a civil conspiracy claim based on the same. This Court has held that "conspiracy [to infringe a patent]" does "not constitute a separate ground for recovery" outside of federal patent law. *Rainville Co. v. Consupak, Inc.*, 407 F. Supp. 221, 223 (D.N.J. 1976). Indeed, the Federal Circuit has found that "conspiracy to infringe a patent" is a "theory which has no basis in law." *Int'l Rectifier Corp. v. Samsung Elecs. Co.*, 361 F.3d 1355, 1361 (Fed. Cir. 2004); *see also Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 699 n. 15 (E.D. Va. 2000) (quoting *ENM Co. v. Transformer Manufacturers, Inc.*, 1977 WL 22711 (N.D. Ill. 1977) ("there is no statute in the federal laws concerning patents which gives rise to a cause of action for conspiracy.").

Trutek alleges all Defendants conspired to misappropriate trade secrets. Doc. 1, ¶ 147. As to federal misappropriation, that underlying torts fails as a matter of law because: (1) there is no

*civil* private right of action for *criminal* conspiracy of federal trade secret misappropriation, *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835, 842 (E.D. Va. 2017); (2) the economic loss doctrine bars it, *Microbilt Corp. v. Bail Integrity Sols., Inc.*, 2019 WL 6310202, at *6 (D.N.J. Nov. 25, 2019); and (3) Trutek's Complaint fails to identify a specific trade secret, which is required, *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021). *See* Doc. __, Peter Cho's Memorandum in Support of Motion to Dismiss, Section VI. Trutek's conspiracy claim based on the same cannot stand. *Morganroth & Morganroth,* 331 F.3d at 414.

As to the claim of state law trade secret misappropriation, Trutek fails to state an underlying claim because: (1) it is barred by the economic loss doctrine, How*medica Osteonics Corp. v. Zimmer, Inc.*, 2012 WL 5554543, at *10 (D.N.J. Nov. 14, 2012); and (2) Trutek's Complaint fails to identify a specific trade secret, which is required, NJ Rev Stat § 56:15-2. *See* Doc. __, Peter Cho's Memorandum in Support of Motion to Dismiss, Section VII. Trutek's conspiracy claim based on the same cannot stand. *Morganroth & Morganroth,* 331 F.3d at 414.

Trutek's alleges the Defendants conspired to commit conversion. Doc. 1, ¶ 147. That underlying tort fails because Trutek fails to state a claim for conversion for all the reasons set forth in *supra* Section II. Trutek's conspiracy claim based on the same cannot stand. *Morganroth & Morganroth*, 331 F.3d at 414.

Trutek alleges the Defendants conspired to interfere with Trutek's prospective economic advantage and to engage in unfair business practices. Doc. 1, ¶ 147. Specifically, Trutek alleges that BioSure made an agreement with all Defendants to misappropriate Trutek's trade secrets, which according to Trutek constitutes a conspiracy to interfere with Trutek's prospective economic advantage and to engage in unfair business practices. Doc. 1, ¶ 147. Both underlying bases are New Jersey torts. *Patel v. Soriano*, 848 A.2d 803, 831 (N.J. App. Div. 2004) (tortious interference);

*Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co.*, 912 F. Supp. 747, 786 (D.N.J. 1995) (unfair business practices). At bottom, Trutek alleges that the misappropriation of trade secrets is the conduct that constitutes both the tortious interference and unfair business practices. But Trutek fails to state a claim for trade secret misappropriation for all the reasons set forth above. Trutek's conspiracy claim based on the same cannot stand. *Morganroth & Morganroth,* 331 F.3d at 414.

*Third*, fatal to Trutek's conspiracy claim, Trutek fails to plausibly allege an agreement to conspire between the Defendants.  *See Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8) (explaining that in a case alleging conspiracy, the "need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft 'to sho[w] that the pleader is entitled to relief.'").

*Twombly* is the seminal decision not only for the Rule 8 pleading standard, but also for that standard as it relates to pleading an agreement to conspire. Without a "circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory." *Id.* And a "statement of parallel conduct, even conduct consciously undertaken," is not alone suggestive of agreement to conspire, it is but "a naked assertion of conspiracy" that "stops short of the line between possibility and plausibility." *Id.*

*Twombly* further explains that a complaint fails to plausibly suggest an agreement to conspire based on alleged "actions [that] could equally have been prompted by lawful independent goals" or where "an obvious alternative explanation" for the conduct exists, especially when such obvious explanations appear on the face of the Complaint. *Id.* at 566–568.

*Twombly* cautions district courts that a plausible suggestion of an agreement to conspire must be made "in pleading before allowing a potentially massive factual controversy to proceed,"

of which the "potential expense is obvious." *Id.* at 558–559. It is no excuse to allow a conspiracy claim to proceed even if it is "just shy of a plausible entitlement to relief." *Id.* at 559.

Here, Trutek's Complaint falls far short of crossing the plausibility line. Trutek repeatedly asserts in conclusory fashion that Defendants "made an agreement" to commit various torts. *See e.g.*, Doc. 1, ¶¶ 145–147. But merely repeating like a broken record a conclusory allegation that the Defendants agreed to conspire does not plausibly suggest agreement. Trutek's Complaint is devoid of any fact allegation that demonstrates a circumstance which would point toward a meeting of the minds and plausibly suggest that any Defendants "made an agreement" to commit any tort against Trutek. Trutek's allegations are naked assertions of conspiracy that fall much closer to the possibility line than plausibility.

That said, Trutek does make a few allegations that flirt with the conclusory/factual line. But those allegations are limited to Defendants' commercial efforts, which without more, "stay[] in neutral territory." *Twombly*, 550 U.S. at 557. Specifically, Trutek alleges that the Defendants "made an agreement to" commit various torts against Trutek by filing patent applications related to, and developing, manufacturing, selling, exporting, and profiting from COVIXYL. Doc. 1, ¶¶ 145–147. All of those alleged commercial efforts stay in the neutral territory without a plausible fact-based allegation to suggest an agreement to conspire to do those acts in a tortious manner. Accordingly, those alleged commercial efforts fall far short of plausibly suggesting conspiracy.

Moreover, the Complaint itself suggests there was no agreement to conspire, *i.e.*, that the Defendants' actions were "prompted by lawful independent goals" or were based on "obvious alternative explanation[s]." *Twombly*, 550 U.S. at 568. Trutek alleges that all Defendants agreed to conspire because they developed, manufactured, exported and sold COVIXYL. There is nothing suggestive that the mere existence of a manufacturer, developer, distributor, and/or wholesaler of

product have an underlying agreement to commit some nefarious tort against Trutek. To commercially launch a product, such commercial functions are routinely outsourced. Trutek's own Complaint demonstrates this in that Trutek licensed Cho/Jintec to market and distribute Trutek's products in Korea and Greater China. Based on the allegations in the Complaint alone, an agreement to conspire between Trutek and Cho is no more plausibly suggested than one is between the Defendants. While it is conceivable that Trutek and Cho/Jintec conspired in their commercial relationship to commit some tort, it is not plausible based on the mere fact that Trutek licensed Cho as a distributor/marketer. Likewise, it is not plausible that the Defendants agreed to commit a tort.

At bottom because Trutek has "not nudged [its] claims across the line from conceivable to plausible, [its conspiracy claim] must be dismissed." *Twombly*, 550 U.S. at 570.

### V.    Trutek has failed to state a claim for fraud.

The elements of common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005).[2] The fraud claim "must relate to a present or preexisting fact and cannot ordinarily be predicated on representations [that] involve things to be done in the future." *Anderson v. Modica*, 4 N.J. 383, 391–92 (1950).

Trutek alleges that when Cho breached his CDA obligations, he committed fraud on Trutek by not doing what he "promised" to do under the CDA and by "concealing" from Trutek his contractual breaches. Doc. 1, ¶ 151. As for Trutek's fraudulent misrepresentation claim against BioSure, Trutek says "[a]ll Defendants were complicit in Cho's misrepresentations" and that

---

[2] These elements apply to both fraudulent misrepresentation and concealment. *DeRobbio v. Cent. Reg'l Emps. Ben. Fund v. Cephalon, Inc.*, 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009).

"Trutek relied on Defendants' representations." *Id.* As for Trutek's fraudulent concealment claim against BioSure, Trutek says all "Defendants knowingly and intentionally concealed from Trutek that Defendants were developing, making, offering to sell and selling developments and improvements to Trutek's intellectual property disclosed to Cho" and that Defendants "had the duty to disclose" these facts. *Id.* Trutek fails to state either a misrepresentation or concealment fraud claim against BioSure for four independent reasons.

**First**, the economic loss doctrine bars Trutek's claim. Under New Jersey law, fraud is a tort claim subject to the economic loss doctrine. *RNC Sys., Inc. v. Mod. Tech. Grp., Inc.*, 861 F. Supp. 2d 436, 451 (D.N.J. 2012). Trutek nominally recasts its claim for breach of contract against Cho as a fraud claim against all Defendants. *Compare* Doc. 1, ¶ 104 *with* ¶ 151. Fraud claims related to contracts cannot proceed if they are related to the performance of a contract. *RNC Sys., Inc.,* 861 F. Supp. 2d at 451. They must be based on conduct that "precede(s) the actual commencement of the agreement," such as fraud in the inducement or pre-contractual misrepresentations. *Id.* Trutek's New Jersey fraud claim is based on the actual obligations that purportedly flow from the CDA, and, therefore, is barred by the economic loss doctrine. Trutek cannot supplement its breach of contract claim against Cho with a fraud claim against BioSure arising from the same obligations and for the same relief. Trutek's fraud claim should be dismissed with prejudice.

**Second**, Trutek fails to allege with particularity as required under Rule 9(b) a single misrepresentation made by BioSure to Trutek. Also, BioSure cannot be "complicit" in Cho's purported misrepresentations to Trutek. The misrepresentations Trutek alleges Cho made are that Cho merely breached the CDA, thereby not doing what he purportedly contracted to do. BioSure was not a party to or subject to the CDA. BioSure cannot be complicit in breaching the CDA or

Cho's purported representations related to the CDA in a direct fraud claim, as opposed to a conspiracy claim. Even if BioSure could be complicit in the purported misrepresentation of another party in a direct fraud claim, Trutek has not alleged with particularity facts demonstrating BioSure's complicity in a particular misrepresentation. *See Majestic Blue Fisheries, LLC*, 812 F.3d at 307 (holding particularity for a fraud allegation requires "the who, what, when, where and how of the events at issue").

***Third***, Trutek's Complaint impermissibly lumps all defendants together in its fraud allegations. This Court and the Third Circuit require a plaintiff to plead a fraud claim involving multiple defendants with particularity by specifying the allegations of fraud applying to each defendant. *MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 245 (3d Cir. 2005); *see also John Wiley & Sons, Inc. v. Rivadeneyra*, 2013 WL 6816369, at *6 (D.N.J. Dec. 20, 2013) ("a fraud claim will be dismissed where a plaintiff lumps all defendants together as having engaged in wrongful conduct without specifying which defendant was responsible for which actions" (cleaned up)). The particular details such as the "who, what, when, where and how of the events at issue" must separately and individually "be satisfied with respect to every defendant." *Id.* at *5.

Here, Trutek does precisely what Rule 9(b) and the above authority prohibits. In its Complaint, Trutek lumps all seven defendants together with sweeping, undifferentiated allegations that they are "complicit" in Cho's misrepresentations and "concealed" their purported involvement with Covixyl. Doc. 1, ¶ 151. There is not a single, particular fact allegation of fraud directed to BioSure individually.

***Fourth***, BioSure had no duty to disclose any information to Trutek. "When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak." *Chiarella v. U.S.*, 445 U.S. 222, 228 (1980). Under New Jersey law, "courts will not imply a duty to disclose,

unless such disclosure is necessary to make a previous statement true or the parties share a special relationship." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993). The categories of special relationships that give rise to a duty to disclose are: "(1) fiduciary relationships, such as principal and agent, client and attorney, or beneficiary and trustee; (2) relationships where one party expressly reposes trust in another party, or else from the circumstances, such trust necessarily is implied; and (3) relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties." *Id.*

Here, Trutek does not allege BioSure made a previous statement to it which would require a disclosure to make the previous statement true. Also, Trutek does not allege a special relationship with BioSure that would impose a duty on BioSure to disclose any information to Trutek. Under Rule 9(b), Turtek was required to allege with particularity any such previous statement or special relationship. But the only direct relationship Trutek alleges is that which arises from the CDA between it and Cho. And Trutek does not allege any relationship between it and BioSure.

For all the above independent reasons, Trutek has failed to state a fraud claim against BioSure.

## VI.    Trutek has failed to state a Civil RICO claim.

In Count Ten, Trutek asserts a federal RICO claim and a federal RICO conspiracy claim against all Defendants under 18 U.S.C. § 1961 *et seq.* Doc. 1, p. 47.  To succeed on a federal civil RICO claim, a plaintiff must prove: "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 166, 173 (D.N.J. 1998). To establish a pattern of racketeering activity, a plaintiff must prove "at least two predicate acts of racketeering that occurred within ten years of each other." *Slimm v. Bank of Am. Corp.*, 2013 WL 1867035, at *20 (D.N.J. May 2, 2013). Racketeering activity is defined in Section

1961(1)(B) as "any act which is indictable under" a number of enumerated federal laws; these federal offenses are called "predicate acts." *See* 18 U.S.C. § 1341; 18 U.S.C. § 1962(1)(B).

Under Section 1962(d), "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." "Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993). "It is not enough for the plaintiff merely to show that a person engaged in racketeering has an otherwise legitimate interest in an enterprise. Rather, it must be established firmly that there is a nexus between the interest and the alleged racketeering activities." *Id.* at 1190.

Trutek's RICO claim fails for three independent reasons.

***First***, the economic loss doctrine bars Trutek's RICO claim. The Third Circuit has succinctly stated why courts must bar plaintiffs from nominally recasting breach of contract claims as RICO claims: "if garden-variety state law crimes, torts, and contract breaches were to constitute predicate acts of racketeering . . . civil RICO law, which is already a behemoth, would swallow state civil and criminal law whole." *Annulli v. Panikkar*, 200 F.3d 189, 200 (3d Cir. 1999), *abrogated on other grounds in Forbes v. Eagleson*, 228 F.3d 471 (3d Cir. 2000). Indeed, Trutek's RICO claim exemplifies the Third Circuit's specific concern that "[v]irtually every litigant would have the incentive to file their breach of contract and tort claims under the federal civil RICO Act."). *Id.* This is why federal courts dismiss RICO claims under the economic loss doctrine where it is a nominally recast breach of contract claim. *See e.g.*, *G.K. Las Vegas Limited P'ship v. Simon Property Group, Inc.*, 460 F. Supp. 2d 1222, 1236 (D. Nev. 2006) ("Although, economic loss doctrine does not as a general rule preclude claims for violations of Nevada RICO, a plaintiff cannot state a claim under the statute by simply artfully pleading what is essentially a breach of

contract claim.”); *see also Crescenzo 1, L.P. v. Deutche Bank Nat'l Tr. Co.*, 2017 WL 3732013, at

*4 (S.D. Cal. Aug. 30, 2017); V*ega v. Ocwen Fin. Corp.*, 2015 WL 1383241, at *12 (C.D. Cal.

Mar. 24, 2015). And here, Trutek nominally recasts its claim for breach of contract against Cho as

a RICO claim against all Defendants. *Compare* Doc. 1, ¶ 104 *with* ¶¶ 166, 168, 170 (alleging that

Cho violated RICO by “fail[ing] to honor his contractual obligation”), quoting ¶170. Trutek's

RICO claim is therefore barred by the economic loss doctrine and should be dismissed with

prejudice.

　　　**Second**, Trutek's RICO claim fails to state a claim because Trutek fails to sufficiently plead

a pattern of racketeering activity. Specifically, the actions Trutek alleges do not constitute

predicate acts as a matter of law for two independent reasons. And even if they could, Trutek fails

to plead the predicate acts with particularity under Rule 9(b). *Seville Indus. Mach. Corp. v.

Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (applying Rule 9(b) pleading standard

to wire fraud and mail fraud predicate acts).

　　　Trutek alleges two categories of predicate acts: (1) wire fraud (18 U.S.C. § 1343); and (2)

mail fraud (18 U.S.C. § 1343). An offense of wire fraud and/or mail fraud have the same two

elements: “(1) a scheme to defraud, and (2) a mailing or wire in furtherance of that scheme.” *Kaul

v. Christie*, 372 F. Supp. 3d 206, 248 (D.N.J. 2019). Specifically, Trutek alleges Cho committed

wire fraud “by allowing” the COVIXYL-related patent applications to be filed and assigned. Doc.

1, ¶ 170. Trutek also alleges that other defendants committed wire fraud and mail fraud by selling

the COVIXYL products online and delivering the products through the United States mail services.

*Id.* at ¶ ¶ 193–197.

　　　The first reason Trutek's predicate act allegations fail to state a claim is that submitting a

patent application, assigning a patent application, or commercializing and/or selling products that

purportedly infringe a patent cannot constitute predicate acts as a matter of law. *See University of W. Va. v. VanVoorhies*, 278 F.3d 1288, 1303 (Fed. Cir. 2002) (affirming dismissal of plaintiff's RICO claim where the plaintiff asserted the predicate acts of mail and wire fraud based on defendants' fraudulent submissions to the PTO in connection with patent application); *Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd.*, 204 F.3d 1368, 1380 (Fed. Cir. 2000); *see also Michod v. Walker Magnetics Group, Inc.*, 115 F.R.D. 345, 347 (N.D. Ill. 1987) (holding patent infringement is not a predicate act enumerated by the RICO statute, and thus cannot be the basis of a RICO claim); *Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp.*, 98 F. Supp. 2d 480, 487 (S.D.N.Y. 2000); *Shippitsa Ltd. v. Slack*, 2019 WL 3304890, at *9 (N.D. Tex. July 23, 2019) (holding plaintiff "failed to plausibly allege facts showing that [defendant] committed wire fraud by selling [alleged infringing] products" online); *Semiconductor Energy Lab'y Co. v. Samsung Elecs*. Co., 4 F. Supp. 2d 473, 476 (E.D. Va. 1998), *aff'd*, 204 F.3d 1368 (Fed. Cir. 2000), *amended* (Apr. 5, 2000) ("If such conduct could properly be considered [RICO] predicate acts, then nearly every inequitable conduct claim in a patent case could be brought as a RICO claim.").

Here, Trutek's predicate act allegations are patent submission and patent infringement centric. Doc. 1, ¶ 170; *compare id.* ¶¶ 89, 185–186 (alleging selling COVIXYL product infringes Trutek's patent) with ¶¶ 193–197 (alleging process of selling COVIXYL is predicate acts of wire fraud and mail fraud). Trutek alleges no other predicate acts. Accordingly, Trutek fails to plead two viable predicate acts and its RICO claim must be dismissed.

The second reason Trutek's predicate act allegations fail as a matter of law is that the alleged predicate acts are actually breach of contract allegations, not wire fraud or mail fraud. To be clear, there are no allegations that Defendants represented to customers that their COVIXYL

products did not infringe a valid patent right of Trutek. Nor is there any allegation that the purchasers of the COVIXYL products were deceived to their detriment, that is, that they preferred Trutek's products and that they were deceived into purchasing COVIXYL instead or that they preferred to purchase COVIXYL from Trutek and not Defendants. Instead, Trutek's predicate act allegations repeatedly assert that Defendants' actions were "to defraud Trutek." Doc. 1, ¶¶ 193–194, 196, 201. Those do not constitute sufficient allegations of wire or mail fraud on purchasers. They are merely Trutek's recycled breach of contract allegations.

Even if Trutek's predicate act allegations could constitute predicate acts, Trutek failed to plead them with particularity under Rule 9(b). A party alleging fraud must support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *Majestic Blue Fisheries, LLC*, 812 F.3d at 307. Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Feingold*, 516 F. App'x at 226. Trutek's allegations are deficient. For example, Trutek alleges that Salvacion USA fraudulently "claimed publicly that it had the right to market" COVIXYL. Doc. 1, ¶ 189. But the Complaint is devoid of any allegations of what in particular it claimed or when, where, or how it was claimed. Nor does Trutek allege which particular Defendants sold COVIXYL or when, where, or to whom the products were sold. Trutek does allege that Defendants committed wire/mail fraud when one of its counsel, Keith Altman, purchased COVIXYL. If all fraud and conspiracy claims are not dismissed with prejudice, then BioSure reserves the right to subpoena documents and other information from Mr. Altman and to depose Mr. Altman because he has interjected himself as a material fact witness.

*Third*, Trutek has failed to plausibly plead an agreement between the Defendants. The same analysis in *supra* Section IX applies here. To be clear, Trutek in Count Ten (RICO) does not plead any different or new factual allegations as compared to Count Eight (Civil Conspiracy) which would point toward a meeting of the minds and plausibly suggesting that any Defendants made an agreement or conspired to defraud Trutek. Because Trutek has "not nudged [its RICO] claims across the line from conceivable to plausible, [its claim] must be dismissed." *Twombly*, 550 U.S. at 570.

## Conclusion

For the foregoing reasons, BioSure respectfully requests the Court to dismiss it from this action because Trutek has not satisfied its burden to show that the Court may exercise personal jurisdiction over BioSure, or alternatively, to dismiss all claims against it with prejudice because Trutek's Complaint fails to state a claim against BioSure upon which relief may be granted.

Dated: October 2, 2023

LADDEY, CLARK & RYAN, LLP

BY: */s/ Thomas J. White*
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that, on this day, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 2, 2023

Respectfully submitted,

LADDEY, CLARK & RYAN, LLP

BY: */s/ Thomas J. White*
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*

28