**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUTEK CORP., <br><br> Plaintiff, <br> v. <br><br> YEONG WAN CHO (a.k.a. PETER CHO, ET AL., <br><br> Defendants. | Civil Action No.: 2:23– cv-3709 <br><br><br> **JOINT PROPOSED DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| **Attorneys for Plaintiff Trutek Corp.** <br><br> LAW OFFICE OF KEITH ALTMAN <br> Solomon Radner (NJ SBN 283502018) <br> Keith Altman (*pro hac vice*) <br> 33228 West 12 Mile Road, Suite 375 <br> Farmington Hills, Michigan 48331 <br> SolomonRadner@kaltmanlaw.com <br> KeithAltman@kaltmanlaw.com <br><br> Stanley Kremen (*pro hac vice*) <br> 33228 West 12 Mile Road, Suite 375 <br> Farmington Hills, Michigan 48331 <br> StanleyKremen@kaltmanlaw.com <br> NEW JERSEY LOCATION: <br> 4 Lenape Lane <br> East Brunswick, NJ <br> shk@shk-dplc.ocm | **Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.** <br><br> LADDEY, CLARK & RYAN, LLP <br> Thomas N. Ryan (018951985) <br> Thomas J. White (320372020) <br> 60 Blue Heron Road, Suite 300 <br> Sparta, New Jersey 07871-2600 <br> Telephone: (973) 729-1880 <br> Facsimile: (973) 729-1224 <br> tryan@lcrlaw.com <br> twhite@lcrlaw.com <br><br> BRADLEY ARANT BOULT CUMMINGS LLP <br> Jason E. Fortenberry (*pro hac vice*) <br> Jonathan M. Barnes (*pro hac vice*) <br> 188 East Capitol Street, Suite 1000 <br> Post Office Box 1789 <br> Jackson, Mississippi 39215-1789 <br> Telephone: (601) 948-8000 <br> Facsimile: (601) 948-3000 <br> jfortenberry@bradley.com <br> jbarnes@bradley.com <br><br> Jeffrey D. Dyess (*pro hac vice*) <br> Benn C. Wilson (*pro hac vice*) <br> 1819 5th Avenue North |
|---|---|

1

|   | Birmingham, Alabama<br>Telephone: (205) 521-8000<br>Facsimile: (205) 521-8800<br>jdyess@bradley.com<br>bcwilson@bradley.com |
|---|---|

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   Plaintiff Trutek Corp.'s Complaint names nine defendants and asserts ten counts: patent infringement, breach of contract, concealment, conversion, unjust enrichment, state and federal trade secret violations, civil conspiracy, fraud, and a civil RICO violation. Defendants Peter Cho, BioSure Global Ltd., Salvacion, USA, Inc., and Salvacion International LLC filed a consolidated motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). The other defendants have not been served and therefore have not responded to the Complaint.

3. Have settlement discussions taken place?  No.

   (a) What was plaintiff's last demand?

   (1) Monetary demand: N/A

   (2) Non-monetary demand: N/A

   (b) What was defendant's last offer?

   (1) Monetary offer:  N/A
   (2) Non-monetary offer: N/A

4. The parties have met pursuant to Fed. R. Civ. P. 26(f).

2

5. The parties <u>have not</u> exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor. <u>The parties have stipulated to exchange initial disclosures on January 12, 2024. The defendants who have not been served may exchange initial disclosures 30 days after being served or on January 12, 2024.</u>

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). <u>N/A.</u>

7. The parties <u>have not</u> filed disclosures of third-party litigation funding.  See Local Civil Rule 7.1.1.

8. The parties <u>have not</u> conducted discovery other than the above disclosures.  If so, describe. <u>N/A</u>

9. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects: <u>Trutek Corp.'s claims and allegations. Any defendant's defenses, if and when they are raised. Patent related discovery pursuant to the Local Patent Rules and as further stated below.</u>

    (b) Discovery <u>should be</u> conducted in phases or be limited to particular issues. Explain: <u>Discovery on patent-related issues should proceed contemporaneously with discovery on all other claims. Patent-related expert discovery may overlap with fact discovery on all other claims. However, any expert discovery on non-patent-related claims will be conducted after close of fact discovery on non-patent-related claims.</u>

    (c) Proposed schedule:
    
    (1) Fed. R. Civ. P. 26 Disclosures: <u>January 12, 2024. The defendants who have not been served may exchange initial disclosures 30 days after being served or on January 12, 2024.</u>

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) <u>November 13, 2023</u>.

    (3) Service of initial written discovery <u>February 12, 2024</u>.

    (4) Maximum of <u>25</u> Interrogatories by each party to each other party.

    (5) Maximum of <u>15</u> depositions to be taken by each party, <u>not including experts or inventors</u>.

    (6) Motions to amend or to add parties to be filed by <u>May 13, 2024</u>.

    (7) Factual discovery to be completed by <u>October 14, 2024</u>.

    (8) Plaintiff's <u>non-patent related</u> expert report(s) due on <u>December 13, 2024</u>.

    (9) Defendant's <u>non-patent related</u> expert(s) report due on <u>February 14, 2025</u>.

3

  (10) Expert depositions to be completed by <u>April 14, 2025</u>.

  (11) Dispositive motions to be served within <u>45</u> days of completion of discovery.

 (d) Set forth any special discovery mechanism or procedure requested.

  <u>None at this time.</u>

 (e) A pretrial conference may take place on _____.

 (f) Trial date: _____ (Jury Trial)

10. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? <u>Yes.</u> If so, please explain.

<u>Out-of-country and out-of-state witnesses might require remote depositions. Language barriers might require certified translators. Foreign language documents might require certified translation for Court use.</u>

<u>The party taking the deposition of a non-native English speaking witness will bear the cost of certified translator fees associated with the deposition.</u>

<u>The party taking the deposition of a witness located in a foreign country will bear the cost of a videographer.</u>

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? <u>Yes</u>.

 If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

 <u>Documents in a foreign language will be produced as ordinarily maintained by the party. The party that intends to introduce a document in a foreign language in a court hearing, including trial, in a deposition, or in a submission to the Court will bear the responsibility of obtaining a certified translation of that entire document into English.</u>

 <u>To identify and preserve any potential ESI, counsel for the parties have or will alert their respective client(s) to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, the parties have agreed to produce paper copies of any electronically stored documents that are produced in response to document requests.</u>

 <u>The parties are not aware of any discoverable ESI that is not reasonably accessible at this</u>

time. The parties do not expect to perform any forensic searches on computer hard drives. The parties are not aware of any discoverable deleted ESI.

In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. Yes.

13. Do you anticipate any discovery problem(s) not listed above? Describe. No.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.) No.

15. Is this case appropriate for bifurcation? The parties will report to the Court on this topic after the pleadings have closed.

16. An interim status/settlement conference (with clients in attendance) should be held. The parties are amenable to completing a private mediation or a remote settlement conference with the Court prior to the close of discovery.

17. We do not consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

    Patent-related Discovery Plan topics pursuant to Local Patent Rule 2.1.

    The parties request local counsel be excused from mandatory attendance at hearings, conferences, and depositions.

**Local Patent Rule 2.1 Discovery Plan Topics**:

1. Proposed modification of the obligations or deadlines set forth in these Local Patent Rules to ensure that they are suitable for the circumstances of the particular case (see L. Pat. R. 1.3).

   At the present time, the parties do not anticipate modifications of obligations set forth in these Local Patent Rules. However, deadlines may need modification with permission of the court as discovery proceeds.

2. The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court.

   Expert witnesses have not yet been engaged. The basis of any expert report regarding claim construction will depend upon the claim terms that are challenged by Defendants in this case.

3. The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.

   The parties estimate that a Claim Construction Hearing can be conducted in one-half to one day, depending on the number of terms in dispute. Depending on the number of terms in dispute and at the Court's request, the parties can be prepared to proceed with each party presenting its position on all terms in a single presentation, beginning with Plaintiff, or with each party presenting its position on a single term and working through the terms serially. At this time, the parties do not anticipate offering live testimony at any Claim Construction Hearing.

4. How the parties intend to educate the Court on the patent(s) at issue.

   The parties will devote a background section of their respective claim construction brief and corresponding time at the claim construction hearing to educate the court on the technology.

5. The need for any discovery confidentiality order and a schedule for presenting certification(s) required by L. Civ. R. 5.3(b)(2).

   See item 12, above.

6. The availability and timing of production of invention records (including inventor laboratory notebooks and analytical test results).

   - To the extent such documents exist, the parties expect such records will be promptly requested and produced in the normal course of discovery.

   The availability and timing of production of ANDA product research and development documents.

   - N/A

   The availability and timing of production of ANDA product samples.

   - N/A

   The date of conception and the date of reduction to practice for each patent asserted in the action, if applicable.

   - Plaintiff contends conception and reduction to practice occurred no later than the filing of the provisional applications to which the Asserted Patent claims priority, which were filed on August 8, 2007, and July 3, 2007. To the extent Plaintiff determines it may claim an earlier date of conception and reduction to practice, it will identify such date on the date required for its Local Patent Rule 3.1 disclosures and produce the documents required by Local Patent Rule 3.2 at that time.

   Each inventor's availability for deposition in the matter.

   - Plaintiff does not anticipate any issues with making the inventor availability for deposition at a mutually agreeable time in the normal course of discovery.

   Availability of foreign witnesses for deposition and foreign documents.

   - Foreign witnesses and documents will be treated as described above.

Whether there is a 30-month stay and if so, when it ends.

- <u>N/A</u>

A date for substantial completion of document production and a method for determining compliance.

- <u>Document production related to patent matters will be handled contemporaneously with document production on non-patent claims as described in.</u>

Any other issues or matters that a party believes are time sensitive.

- <u>N/A</u>


*/s/ Keith Altman*

Attorney for Plaintiff / November 22, 2023

*/s/ Thomas J. White*

Attorney for Defendants / November 22, 2023