## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

TRUTEK CORP.,

            Plaintiff,

    v.

YEONG WAN CHO (a.k.a. PETER CHO, ET AL.,

            Defendants.

Civil Action No.: 2:23– cv-3709

**Document Electronically Filed**

### DEFENDANTS PETER CHO, BIOSURE GLOBAL, LTD., SALVACION USA, INC., AND SALVACION INTERNATIONAL LLC'S <u>REPLY SUPPORTING THEIR CONSOLIDATED MOTION TO DISMISS</u>

LADDEY, CLARK & RYAN, LLP
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*

BRADLEY ARANT BOULT CUMMINGS LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*

i

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. iii

STANDARDS FOR TRUTEK'S WAVIER AND DISMISSAL WITH PREJUDICE ................. 1

REPLY ARGUMENT ......................................................................................................... 1

I.    Trutek has not met its burden to show personal jurisdiction exists over BioSure. ............. 1

    A.    This Court has consistently rejected Trutek's conspiracy-jurisdiction theory ........ 2

    B.    Trutek's licensee-jurisdiction theory is not based on the allegations in the complaint or competent evidence, and, further, is wrong as a matter of fact and law. ......................................................................................................................... 3

    C.    Trutek has waived any assertion of personal jurisdiction over BioSure for its intentional tort claims and unjust enrichment claim. ................................................ 5

    D.    Even if sufficient minimum contacts existed, exercise of personal jurisdiction over BioSure would not comport with fair play and substantial justice. ................. 5

II.    Trutek fails to identify any allegations or arguments to sustain the challenged portions of its patent infringement claims ........................................................................................ 6

    A.    Trutek fails to state a claim for direct infringement of claim 1 of the 802 patent. ................................................................................................................................. 6

    B.    Trutek fails to state a claim for induced infringement of any claim. ...................... 8

III.    Count Two (Cho): Trutek's claim for breach contract should be dismissed in part. ......... 11

    A.    Trutek's claim for breach of an implied covenant of good faith and fair dealing fails as a matter of law. ........................................................................................ 11

    B.    trutek's breach of contract claim, in so far as it seeks ownership of a patent application, fails to state a claim. ........................................................................... 11

    C.    Trutek's breach of contract claim, in so far as it seeks a permanent injunction, fails to state a claim ............................................................................................. 12

IV.    Count Three (Cho): Trutek has failed to state a claim for concealment. ........................ 12

V.    Count Four (Cho, BioSure, Salvacion USA & Salvacion International): Trutek has failed to state a claim for conversion. ............................................................................... 12

VI.     Count Five (Cho, Salvacion USA & Salvacion International): Trutek has failed to state a claim for theft of trade secrets under Federal law. ........................................................... 13

VII.    Count Six (Cho, Salvacion USA, & Salvacion International): Trutek has failed to state a claim for theft of trade secrets under New Jersey law. ................................................... 14

VIII.   Count Seven (Cho, BioSure, Salvacion USA & Salvacion International): Trutek's claim for unjust enrichment fails as a matter of law. ....................................................... 14

IX.     Count Eight (Cho, BioSure, Salvacion USA & Salvacion International): Trutek has failed to state a claim for civil conspiracy. ......................................................... 15

X.      Count Nine (Cho, BioSure, Salvacion USA & Salvacion International): Trutek has failed to state a claim for fraud. .................................................................... 16

XI.     Count Ten (Cho, BioSure, Salvacion USA & Salvacion International): Trutek has failed to state a claim for a RICO violation. .................................................................... 16

CONCLUSION ............................................................................................................. 18

CERTIFICATE OF SERVICE ....................................................................................... 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) ........................................................................... 10

*Al-Ghena Int'l Corp. v. Radwan*,
    957 F. Supp. 2d 511 (D.N.J. 2013) ......................................................................... 3

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir.1997) ................................................................................. 15

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015) .............................................................................. 10, 19, 20

*Dayhoff Inc. v. H.J. Heinz Co.*,
    86 F.3d 1287 (3d Cir. 1996) ................................................................................. 1, 3

*Doe on behalf of Doe v. Small*,
    654 F. Supp. 3d 376 (D.N.J. 2023) ............................................................. *passim*

*Duran v. Equifirst Corp.*,
    2010 WL 936199 (D.N.J. Mar. 12, 2010) ............................................................... 1

*Ellis v. Pub. Serv. Elec. & Gas*,
No. 2:20-CV-17893 (WJM), 2021 WL 2201967 (D.N.J. June 1, 2021) .............................8, 9

*Enrunda Trading Co. v. MTM Trading LLC*,
2018 WL 11241079 (D.N.J. Mar. 29, 2018)..........................................................................11

*Gonzaga Univ. v. Doe*,
536 U.S. 273 (2002)...............................................................................................................17

*Hillsborough Rare Coins, LLC v. ADT LLC*,
2017 WL 1731695 (D.N.J. May 2, 2017) ..................................................................... *passim*

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)................................................................................................9

*Mellon Bank PSFS Nat'l Ass'n v. Farino*,
960 F.2d 1217 (3d Cir. 1992)....................................................................................................1

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
420 F.3d 1369 (Fed. Cir. 2005)................................................................................................8

*Miles v. Ansari*,
No. 10-CV-6179 NLH KMW, 2011 WL 2974709 (D.N.J. July 21, 2011) .............................7

*Nat'l Inst. of Sci. & Tech. v. Mohapatra*,
2021 WL 2190980 (D.N.J. May 31, 2021) .........................................................................7, 11

*In re Nice Sys., Ltd. Sec. Litig.*,
135 F.Supp.2d 551 (D.N.J.2001) ...........................................................................................15

*Obianyo v. Tennessee*,
518 F. App'x 71 (3d Cir. 2013) ..............................................................................................17

*Ormco Corp. v. Align Tech., Inc.*,
463 F.3d 1299 (Fed. Cir. 2006)................................................................................................8

*Pausch LLC v. Ti-Ba Enters.*,
2014 WL 5092649 (D.N.J. Oct. 8, 2014).................................................................................3

*Rickman v. BMW of N. Am. LLC*,
538 F. Supp. 3d 429 (D.N.J. 2021) ..........................................................................................2

*Roy v. Brahmbhatt*,
2008 WL 5054096 (D.N.J. Nov. 26, 2008) ..............................................................................2

*Simon v. Philip Morris, Inc.*,
86 F. Supp. 2d 95 (E.D.N.Y. 2000) ..........................................................................................2

*Sovereign Consulting Inc. v. Cover Techs. Inc.*,
    2021 WL 2802219 (D.N.J. July 6, 2021).................................................................4

*Swift v. Pandey*,
    2013 WL 6022093 (D.N.J. Nov. 13, 2013) ........................................................17

*Walden v. Fiore*,
    571 U.S. 277 (2014)..............................................................................................3

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)..............................................................................................5

*Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
    836 F.2d 173 (3d Cir.1988)...................................................................................7

**Statutes**

18 U.S.C. § 1343..........................................................................................................17

**Other Authorities**

Fed. R. Civ. P. 11(b)(2)................................................................................................17

Fed. R. Civ. P. 12........................................................................................................7

Fed. R. Civ. P. 12(b)(2)................................................................................................3

Fed. R. Civ. P. 12(b)(6)..............................................................................................13

## STANDARDS FOR TRUTEK'S WAVIER AND DISMISSAL WITH PREJUDICE

Trutek has waived Counts Three through Nine for failure to respond to each of the Moving Defendants' independent bases to dismiss those counts. Because those independent bases properly sought dismissal with prejudice, the waived counts should be dismissed with prejudice.

"The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count." *Doe on behalf of Doe v. Small*, 654 F. Supp. 3d 376, 387 (D.N.J. 2023). This waiver rule applies when a motion to dismiss presents two independent bases to dismiss a particular count, and the plaintiff responds to only one. *Duran v. Equifirst Corp.*, 2010 WL 936199, at *3 (D.N.J. Mar. 12, 2010).

Here, Trutek did not respond to each basis for dismissal of Counts Three through Nine. Those independent bases are identified below. Dismissal is warranted for this reason alone.

Moreover, those counts must be dismissed with prejudice, as the Moving Defendants argued. Defs. Memo., p. 47. Trutek did not respond to that argument and has therefore waived those counts *with prejudice*. And dismissal with prejudice is necessary because those counts cannot be brought "as a matter of law." *Hillsborough Rare Coins, LLC v. ADT LLC*, 2017 WL 1731695, at *6 (D.N.J. May 2, 2017) (granting motion to dismiss with prejudice).

## REPLY ARGUMENT

**I.      Trutek has not met its burden to show personal jurisdiction exists over BioSure.**

Because BioSure challenged personal jurisdiction, Trutek bears the burden of showing sufficient facts to establish that jurisdiction is proper," *Mellon Bank PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), "by affidavits or other competent evidence," *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

Trutek has not met its burden. Trutek argues BioSure is subject to personal jurisdiction based on two theories. ***First***, Trutek argues BioSure's alleged participation in a conspiracy

establishes personal jurisdiction (the "conspiracy-jurisdiction theory"). **Second**, Trutek argues BioSure is a licensee of a New Jersey entity, which Trutek says establishes personal jurisdiction. **Neither** theory establishes personal jurisdiction over BioSure.

### A. This Court has consistently rejected Trutek's conspiracy-jurisdiction theory.

Trutek says the contacts of other alleged conspirators can be imputed to BioSure to establish personal jurisdiction. BioSure preemptively refuted Trutek's conspiracy-jurisdiction theory. Defs. Memo., Section I(B), p. 12–13. BioSure cited controlling law that forecloses Trutek's conspiracy-jurisdiction theory. *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 440 (D.N.J. 2021) ("No matter which way one looks at it, the [conspiracy] theory rises and falls with federal due process. And federal due process does not square with the conspiracy-jurisdiction theory."). To be clear, it "is violative of due process" for Trutek to shoehorn BioSure, an alleged conspirator, with no independent minimum contacts with the state into the Court's jurisdiction. *Roy v. Brahmbhatt*, 2008 WL 5054096, at *9 (D.N.J. Nov. 26, 2008).

Trutek did not address that precedent. Instead, Trutek relies on *Simon v. Philip Morris, Inc.*, to suggest conspiracy jurisdiction is proper. 86 F. Supp. 2d 95 (E.D.N.Y. 2000). *Simon* is inapplicable. In *Simon*, the court recognized that a *New York statute* confers personal jurisdiction over a nondomiciliary if the nondomiciliary acts through an "agent" in New York. *Id.* at 119. And New York courts have long held that an agent includes a co-conspirator such that under that *New York statute*, conspiracy jurisdiction is proper. *Id.* Further, at the time of the *Simon* decision, whether conspiracy jurisdiction under the *New York statute* comported with due process principles was an "open question" for that court. *Id.* However, for this Court, *the New York statute* does not apply and the question under New Jersey law is closed.

**B.    Trutek's licensee-jurisdiction theory is not based on the allegations in the complaint or competent evidence, and, further, is wrong as a matter of fact and law.**

Trutek's Response says BioSure is a licensee of Salvacion USA (a New Jersey corporation). Tellingly, Trutek's Response does not cite a single authority to support its licensee-jurisdiction theory. Moreover, Trutek did not allege in its Complaint that BioSure is a licensee. Nor did Trutek provide an affidavit or other competent evidence to show BioSure is a licensee. A factual assertion in a brief that is unalleged in the Complaint and without evidentiary support does not satisfy the plaintiff's burden under Rule 12(b)(2). *Dayhoff Inc,* 86 F.3d at 1302.

Trutek's Response further says upon "information and belief, the license for the product is protected by an agreement that invokes the protection of the laws of the State of New Jersey." Trutek Resp., at 6–7. Again, this is not an allegation in Trutek's Complaint or shown by Trutek through competent evidence. Moreover, it is false as a matter of fact. BioSure is not a party to any agreement that invokes the laws of the State of New Jersey. **Ex. A** – BioSure Declaration.[1] Even if Trutek's assertion was true, it would not establish personal jurisdiction for two reasons. First, the "minimum contacts" requirement "looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Stated another way, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* Second, [s]pecific personal jurisdiction" is "claim-specific." *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 531 (D.N.J. 2013). This singular contact, even if it did exist, which it does not, might support personal jurisdiction if Salvacion USA alleged a breach by BioSure. But it is not a contact that supports personal jurisdiction for any of Trutek's claims against BioSure.

---

[1]  The Court may consider BioSure's declaration under Rule 12(b)(2). *Pausch LLC v. Ti-Ba Enters.*, 2014 WL 5092649, at *3-4 (D.N.J. Oct. 8, 2014).

Trutek's Response also says upon "information and belief, money regularly flows to and from the parties to that agreement, *i.e.*, Salvacion USA and Biosure." Trutek Resp., at 7. Again, this is not an allegation in Trutek's Complaint or shown by Trutek through competent evidence. Moreover, as explained above, BioSure is not a party to any agreement that invokes the laws of the State of New Jersey. Regardless, this Court has held that "[o]nly when combined with additional contacts with the forum are payments sent from an out-of-state defendant to a resident plaintiff enough to establish minimum contacts." *Sovereign Consulting Inc. v. Cover Techs. Inc.*, 2021 WL 2802219, at *4 (D.N.J. July 6, 2021). "[P]ayment alone is not sufficient to show purposeful availment." *Id.*

Last, Trutek's Response says BioSure receives the products in dispute "from a single source" with the other defendants and that it is "inconceivable that the nasal spray product is manufactured by two separate entities." Trutek Resp., at 7. Trutek alleged Salvacion USA manufactures the product. Compl, ¶ 42. Again, Trutek has not alleged in its Complaint that BioSure receives the manufactured products from Salvacion USA or shown the same through competent evidence. Moreover, BioSure does not receive any manufactured products from Salvacion USA or any entity in New Jersey. **Ex. A.** BioSure's nasal spray product is manufactured in the United Kingdom. *Id.* And even if Trutek's assertion was true, it would not establish personal jurisdiction because Salvacion USA exporting products to the United Kingdom would be not a contact between BioSure and New Jersey, it would be a contact between Salvacion USA and the United Kingdom. And Trutek has not alleged or otherwise argued that BioSure imports products to New Jersey. Nor could it, because BioSure does not. **Ex. A.**

4

**C.      Trutek has waived any assertion of personal jurisdiction over BioSure for its intentional tort claims and unjust enrichment claim.**

Trutek does not address BioSure's arguments that its intentional tort claims and unjust enrichment claims do not confer jurisdiction over BioSure. *See* Defs. Memo., Section I(A), (C), p. 10–13. Accordingly, Trutek has waived any assertion of personal jurisdiction over BioSure for those claims. *Small*, 654 F. Supp. 3d at 387.

**D.      Even if sufficient minimum contacts existed, exercise of personal jurisdiction over BioSure would not comport with fair play and substantial justice.**

The Court need not address whether personal jurisdiction comports with fair play and substantial justice because Trutek has not met its burden to show this Court may exercise personal jurisdiction over BioSure. The Court can skip this analysis. But for the Court's convenience, BioSure will address Trutek's analysis of the five factors.

BioSure addressed the five factors in its initial memorandum. *See* Defs. Memo., Section I(D). Trutek does not address the last two factors and therefore concedes BioSure's position that those factors are neutral.

*Factor one* (the burden on the defendant): Trutek does not dispute there will be a significant burden on BioSure to litigate in New Jersey. Instead, Trutek says Trutek would be more burdened. However, this factor is about the burden on the defendant, not the plaintiff. "[T]he burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

*Factor two* (the forum state's interest in adjudicating the dispute): Trutek says "New Jersey has a strong interest in protecting its citizens from fraudulently induced contracts [], from theft of its trade secrets and other torts." Trutek Resp., at 9. Trutek is wrong. Trutek has not alleged BioSure fraudulently induced it into any contract. Further, Trutek did not assert either its state or federal misappropriation of trade secrets claim against BioSure, only defendants Cho, Salvacion

5

USA, and Salvacion International. Last, the only other torts Trutek mentions in its fair-play-and-substantial-justice analysis are conspiracy claims and conversion. Again, this Court has consistently rejected Trutek's conspiracy-jurisdiction theory. And for the reasons discussed below, Trutek has waived its conversion and conspiracy claims against BioSure with prejudice. New Jersey does not have any interest in adjudicating Trutek's waived dispute against BioSure.

*Factor three* (the plaintiff's interest in obtaining convenient and effective relief): Trutek says a separate lawsuit against BioSure would require duplication of evidence and testimony. Trutek does not explain how so. Trutek has cited no authority that sworn deposition testimony or trial testimony from witnesses in the United States cannot be used in a legal proceeding in the United Kingdom or vice versa. Nor has Trutek cited any authority that it cannot use documents it receives in discovery in foreign litigation. Also, Trutek failed to respond to BioSure's arguments on this factor.

Alternative to Trutek failing to establish this Court may exercise personal jurisdiction over BioSure, Trutek's Complaint fails to state a claim against BioSure.

## II.     Trutek fails to identify any allegations or arguments to sustain the challenged portions of its patent infringement claims.

Defendants demonstrated that Count I should be dismissed in two respects: 1) Trutek's claim for direct infringement of claim 1 should be dismissed and 2) Trutek's claim for induced infringement should be dismissed entirely. Trutek does not challenge the legal bases of Defendants' argument. Instead, it repeats its deficient allegations from the Complaint while seeking also to improperly interject allegations, or entire claims, that are outside of the Complaint.

### A.     Trutek fails to state a claim for direct infringement of claim 1 of the 802 patent.

Before addressing Trutek's deficient attempts to maintain its claim for direct infringement of claim 1, Defendants clarify any confusion on the scope of this argument. Defendants did not

"concentrate" on claim 1 and "ignore" claim 2. Trutek Resp., at 13. Defendants' direct infringement argument attacks only claim 1.

Turning to the substance of Trutek's response, Trutek ignores Defendants' argument. Trutek does not challenge: 1) Defendants' identification of the active steps of claim 1, 2) Defendants' position that *a user* who purchases and uses Covixyl will not perform all the steps of the claimed method because multiple claimed steps must be performed by the formulator of the product, or 3) Defendants' position that Trutek has not pled any facts that would establish attribution of users' actions to Defendants for purposes of direct infringement. In other words, Trutek has not challenged any of the three key points in Defendants' argument.

Instead, Trutek improperly interjects a spate of new facts found nowhere in the Complaint in an attempt to create a new direct infringement claim in place of its failed one. That, however, is not how the Rule 12 process works. Rather, "Rule 12 prohibits the court from considering matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim." *Nat'l Inst. of Sci. & Tech. v. Mohapatra*, 2021 WL 2190980, at *3 (D.N.J. May 31, 2021) (internal quotation marks omitted). Thus, "briefs [generally] cannot serve to amend a complaint or introduce new pleadings." *Miles v. Ansari*, No. 10-CV-6179 NLH KMW, 2011 WL 2974709, at *3 (D.N.J. July 21, 2011) (citing *Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir.1988)).

But introducing new pleadings is exactly what Trutek aims to do. Trutek's sole argument in support of direct infringement of claim 1 is that it believes Salvacion USA contracted for testing of Covixyl that was submitted to the FDA. Trutek Resp., at 12-13. The Complaint contains no allegation that Salvacion USA contracted for testing of Covixyl in the United States. At most,

Trutek alleges that Salvacion USA had Covixyl tested in Korea.[2] Dkt. 1 ¶ 47. Testing *in Korea* is

not a basis for direct infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon

Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) ("[T]he reach of section 271(a) is limited to infringing

activities that occur within the United States."). Trutek's extraneous allegations[3] of testing should

not be considered to sustain a claim for direct infringement of claim 1. *See Ellis v. Pub. Serv. Elec.

& Gas*, No. 2:20-CV-17893 (WJM), 2021 WL 2201967, at *1 (D.N.J. June 1, 2021) ("The Court

will not consider these allegations extraneous to the pleadings on the motion to dismiss . . . .").[4]

###   B.   Trutek fails to state a claim for induced infringement of any claim.

Trutek's defense of its indirect infringement allegations suffers similar issues.

With respect to claim 1, Defendants showed that Trutek's failure to state a claim for direct

infringement of claim 1 dooms its claim for indirect infringement of that claim as well. Trutek's

response is internally inconsistent and ultimately empty. Trutek suggests that users are direct

infringers by performing claim 1. Trutek Resp., at 13-14. As shown above, Trutek failed to defend

that position, relying instead on the new allegations that Salvacion USA is the direct infringer.

Trutek's conclusory statement that users directly infringe claim 1 remains wrong for all the

unrebutted reasons explained in Defendants' opening brief. Trutek also repeats its claim that

Defendants directly infringe by testing Covixyl. Trutek Resp., at 14.[5] But Trutek has no authority

---

[2] Trutek makes no claim that Salvacion International performed or contracted for testing.

[3] Defendants do not concede that Trutek's extraneous allegations would state a claim for direct
infringement by Salvacion USA. For instance, Trutek's unsourced allegations do not even state
that any alleged testing for FDA submission was performed in the United States.

[4] The import of Trutek's statement that "it is well established that infringement of any one claim
of a patent infringes the entire patent" or where it believes that proposition is found in *Pall Corp.*,
Trutek Resp., at 13, is unclear. In any event, Defendants do not contend that Trutek fails to state
any claim for direct infringement of the 802 patent. Defendants' argument is limited to claim 1.

[5] Trutek states that Defendants directly infringe by "developing, making, and testing" the
formulation. Trutek Resp., at 14. Developing and making cannot be infringing acts for method
claim 1. Only "use" can infringe a method claim. *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299,

or argument supporting its illogical position that Defendants are inducing themselves to infringe claim 1.

Trutek's response to Defendants' broader point that Trutek has not pled the required knowledge and intent for inducement of infringement is again based on extraneous allegations and ignores the key point raised by Defendants. Trutek relies heavily on the declaration of Ashok Wai introducing new allegations regarding Trutek patents and applications that Defendant Cho was allegedly made aware of. Trutek Resp., at 15. The bulk of these claims are not found in the Complaint and must be disregarded in resolving this motion. *See Ellis*, 2021 WL 2201967, at *1. At most, the Complaint alleges that Trutek or Wahi disclosed Trutek's technology or the NasalGuard technology to Cho. *E.g.*. Doc. 1, ¶¶ 39, 54. Although Trutek alleges that Cho was "aware" of the 802 patent, *e.g.*, Doc. 1, ¶ 39, it never alleges that Trutek or Wahi disclosed the 802 patent to Cho. And the remaining patents and applications identified, as well as the claim that Trutek expected Cho to file a PCT application in Korea, are found nowhere in the Complaint (or, with respect to the PCT application filing, even in Wahi's declaration). Those allegations must be ignored.

Even assuming that Trutek adequately pled Cho's knowledge of the 802 patent, however, Trutek's central problem remains. Defendants challenged Trutek's allegations of induced infringement on the basis that Trutek made no allegation that Salvacion USA or Salvacion International knew that any acts that either of them allegedly induced constituted infringement or intended to cause infringement. Doc. 1, ¶¶ 87-98. Trutek still has not addressed that fatal point. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) ("For an allegation

---

1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use.").

of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement." (internal quotation marks omitted)). Knowledge of the patent and knowledge and intent regarding direct infringement are separate elements. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 640 (2015) (rejecting argument that "only knowledge of the patent is required for induced infringement" as contravening "*Global–Tech*'s explicit holding that liability for induced infringement can only attach if the defendant knew of the patent and knew as well that the induced acts constitute patent infringement"). On the crucial point of knowledge and intent regarding infringement, Trutek points to nothing in the Complaint beyond the previously identified deficient allegation that Salvacion USA and Salvacion International were "aware" that Covixyl infringes the 802 patent. Doc. 1, ¶ 82.[6]

The unaddressed deficiencies of the Complaint already covered are sufficient to support Defendants' Motion. However, Defendants briefly address Trutek's confusing argument based on *Akamai* that Salvacion International, which Trutek admits it has no evidence or allegations against, can be liable for induced infringement based on Salvacion USA's alleged inducement. Trutek Resp., at 16. *Akamai* and the cited discussion are inapposite. *Akamai* is concerned with instances where actions of *direct infringement* are split between actors and when those actions can be attributed to a single actor. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022-23 (Fed. Cir. 2015). It says nothing of imputing liability for inducement from one party to another, nor does Trutek explain how it would bear on that question.

---

[6] To the extent Trutek's extraneous allegation that Cho "knew, or should have known, that sales of a product based on the 802 Patent could make customers liable for patent infringement," Resp. Br. at 15, is considered, it would be deficient because it is grounded solely in Cho's alleged knowledge of the patent, which is separate from knowledge and intent of infringement.

Finally, Trutek argues that Defendants are also liable for contributory infringement. Trutek Resp., at 17. Contributory infringement was not raised or pled in the Complaint. Trutek cannot introduce an entirely new claim in opposition to Defendants' motion to dismiss. *Nat'l Inst. of Sci. & Tech.*, 2021 WL 2190980, at *3 ("[C]ourts may not consider claims raised for the first time in a plaintiff's opposition to a motion to dismiss."). Trutek's untimely introduction of a claim of contributory infringement should be rejected.

Trutek's claim for direct infringement should be dismissed as to claim 1 of the 802 patent and its claim for indirect infringement should be dismissed entirely. Any infringement case that Trutek wishes to pursue should be limited to a claim for direct infringement of claim 2 (and any other formulation claims it can pursue in good faith.)

## III.   Count Two (Cho): Trutek's claim for breach contract should be dismissed in part.

### A.   Trutek's claim for breach of an implied covenant of good faith and fair dealing fails as a matter of law.

Trutek concedes "a claim for breach of implied covenants cannot pertain to any matter specifically covered by the express covenants between the parties." *Enrunda Trading Co. v. MTM Trading LLC*, 2018 WL 11241079, at *3 (D.N.J. Mar. 29, 2018). Trutek attempts to distinguish its claim by asserting Cho's alleged breaches of express terms were "done with intent to injure Trutek." But that does not change the outcome. Trutek is still asserting an express breach of contract. Therefore, Trutek's claim fails as a matter of law.

### B.   Trutek's breach of contract claim, in so far as it seeks ownership of a patent application, fails to state a claim.

Trutek's Response concedes its requested relief for Cho to convey and assign the patents to Trutek is futile because "Cho cannot re-convey or re-assign the patent applications" to Trutek. Trutek Resp., at 23. Trutek then argues that the court can "void" Cho's prior patent assignments and "declare Trutek to be their rightful owner." *Id.* Trutek is wrong for two reasons. First, Trutek

did not request that declaratory relief in its Complaint, either to void the prior assignments or to declare it the owner. Second, Trutek has cited no authority that the court has the authority to declare a patent void. Trutek's claim for assignment fails.

### C. Trutek's breach of contract claim, in so far as it seeks a permanent injunction, fails to state a claim.

Trutek's Response says there is "no way to determine what future damages might occur if Cho continues in breach." Trutek Resp., at 24. Significantly, Trutek does not dispute that monetary damages are adequate if a future breach occurs. Trutek is seeking compensatory damages for the breach in this case. It has not shown that the same breach, in the future, would also not be remedied by monetary damages. Trutek's claims for a permanent injunction fails.

## IV.   Count Three (Cho): Trutek has failed to state a claim for concealment.

Trutek does not address Cho's independent basis for dismissal with prejudice that the economic loss doctrine bars Trutek's claim for concealment. Trutek has waived Count Three with prejudice. *Small*, 654 F. Supp. 3d at 387; *Hillsborough Rare Coins,* 2017 WL 1731695, at *6.

The Court need not analyze this count further, but for the Court's convenience, Trutek's Response recasts its claim for tortious concealment as a claim for fraudulent concealment (two different claims under New Jersey law). Trutek's Response does not rely on any New Jersey law or address the controlling law cited in Cho's memorandum. Significantly, even if Trutek had asserted a claim for fraudulent concealment in this count, it is duplicative of Trutek's fraudulent concealment claim in Count Nine and would fail as a matter of law for all the same reasons addressed in that section of the Moving Defendant's memorandum and this Reply.

## V.   Count Four (Cho, BioSure, Salvacion USA & Salvacion International): Trutek has failed to state a claim for conversion.

Trutek's Response does not respond to Cho's independent argument that the economic loss doctrine bars its conversion claim against Cho. Trutek's Response also does not respond to the

Moving Defendants' independent arguments that its conversion claim fails as a matter of law because a claim for conversion of intangible property is improper, because federal law preempts its conversion claim, and because Trutek failed to demand return of the property before filing suit. Trutek has waived Count Four with prejudice. *Small*, 654 F. Supp. 3d at 387; *Hillsborough Rare Coins,* 2017 WL 1731695, at *6.

The Court need not analyze this count further, but for the Court's convenience, Trutek's Response says the economic loss doctrine does not apply to BioSure, Salvacion USA, and Salvacion International because they were not parties to the contract. Trutek is wrong. The Moving Defendants cited controlling law that privity is not required. *See* Defs. Memo., at 24. Trutek's Response did not address that law. Trutek's conversion claim should be dismissed with prejudice.

## VI.    Count Five (Cho, Salvacion USA & Salvacion International): Trutek has failed to state a claim for theft of trade secrets under Federal law.

Trutek's Response does not respond to the Moving Defendants' independent arguments that the economic loss doctrine bars its federal trade secrets claim, that the claim is improperly asserted under the criminal-specific subsection of the statute, or that Trutek's alleged trade secrets are publicly available (in patents) or are otherwise readily ascertainable through proper means (testing/reverse engineering). Trutek has waived Count Five with prejudice. *Small*, 654 F. Supp. 3d at 387; *Hillsborough Rare Coins,* 2017 WL 1731695, at *6.

The Court need not analyze this count further, but for the Court's convenience, Trutek's Response also concedes that its Complaint did not sufficiently identify the information it claims as trade secret. Trutek tries to remedy this fatal flaw with an affidavit from Ashok Wahi to provide more specificity. Wahi's affidavit is improper at the Rule 12(b)(6) stage, and the Moving Defendants are moving to strike the affidavit contemporaneously with the submission of this Reply. Moreover, Wahi's affidavit would not cure Trutek's waiver for failing to address other

independent bases for dismissal of this claim with prejudice. Last, Trutek concedes in a separate section of its Response that Cho's alleged misappropriation was the same conduct for his alleged breach of contract (p. 38), which further waives Trutek's claim under the economic loss doctrine.

**VII.   Count Six (Cho, Salvacion USA, & Salvacion International): Trutek has failed to state a claim for theft of trade secrets under New Jersey law.**

Trutek's Response does not respond to the Moving Defendants' independent arguments that the economic loss doctrine bars its state trade secrets claim or that Trutek's alleged trade secrets are publicly available (in patents) or are otherwise readily ascertainable through proper means (testing/reverse engineering). Trutek has waived Count Six with prejudice. *Small*, 654 F. Supp. 3d at 387; *Hillsborough Rare Coins,* 2017 WL 1731695, at *6.

The Court need not analyze this count further, but for the Court's convenience, Trutek's Response again tries to rehabilitate its defective Complaint (failure to sufficiently identify the trade secretes) with Wahi's affidavit, which is improper. Moreover, Wahi's affidavit would not cure Trutek's waiver of failing to address other independent bases for dismissal of this claim with prejudice. Last, Trutek concedes in a separate section of its Response that Cho's alleged misappropriation was the same conduct for his alleged breach of contract (p. 38), which further waives Trutek's claim under the economic loss doctrine.

**VIII.   Count Seven (Cho, BioSure, Salvacion USA & Salvacion International): Trutek's claim for unjust enrichment fails as a matter of law.**

Trutek's Response does not respond to BioSure, Salvacion USA, and Salvacion International's independent arguments that its unjust enrichment claims fail because Trutek fails to allege a direct relationship between itself and those defendants and Trutek fails to allege that it directly conferred a benefit upon them. Trutek has waived Count Seven with prejudice against these defendants. *Small*, 654 F. Supp. 3d at 387; *Hillsborough Rare Coins,* 2017 WL 1731695, at *6.

As for Cho, Trutek's Response concedes unjust enrichment is an available remedy only when the parties do not have an express contract. Trutek says what Cho did was "more than a mere breach," it was also misappropriation of trade secrets. Trutek's Resp., at 39. Trutek's Response cites no authority that its "more than a mere breach" theory negates New Jersey law that the existence of contract and an alleged breach thereof bars a claim for unjust enrichment seeking the same relief. Moreover, Trutek has waived its trade secrets claims, and they otherwise fail.

IX.     **Count Eight (Cho, BioSure, Salvacion USA & Salvacion International): Trutek has failed to state a claim for civil conspiracy.**

Trutek's Response does not respond to the Moving Defendants' independent arguments that the economic loss doctrine bars its civil conspiracy claim, that federal law preempts a civil conspiracy claim to infringe a patent, that the underlying torts fail for all the other reasons set forth in the Moving Defendants' Memorandum, and that Trutek failed to allege facts that plausibly suggest an agreement to conspire between the defendants. Trutek has waived Count Eight with prejudice. *Small*, 654 F. Supp. 3d at 387; *Hillsborough Rare Coins*, 2017 WL 1731695, at *6.

The Court need not analyze this count further, but for the Court's convenience, Trutek's Response does not cite a single authority to support its conspiracy claim. Instead, Trutek repeatedly asserts a legal conclusion in conclusory fashion that the Defendants "made an agreement" to do various acts. Further, Trutek's Response cites no fact allegations from its Complaint. Nor could it, because Trutek's Complaint is totally devoid of any fact allegation that demonstrates a circumstance which would point toward a meeting of the minds and plausibly suggest that any Defendants "made an agreement" to commit any tort against Trutek. Courts do not credit bald assertions or legal conclusions improperly alleged in the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of conclusory fact allegations may not benefit from the presumption of truthfulness. *In re Nice Sys.,*

15

*Ltd. Sec. Litig.*, 135 F.Supp.2d 551, 565 (D.N.J. 2001). Trutek has waived its conspiracy claim, and it otherwise fails as a matter of law.

## X.    Count Nine (Cho, BioSure, Salvacion USA & Salvacion International): Trutek has failed to state a claim for fraud.

Trutek's Response does not respond to the Moving Defendants' independent argument that the economic loss doctrine bars its fraud claim. Trutek's Response also does not respond to BioSure, Salvacion USA, and Salvacion International's independent arguments that Trutek's Complaint impermissibly lumps them together without alleging a singular, particular fact allegation to support a fraud claim directed at any one of them individually or that none of these defendants had a duty to disclose any information to Trutek.  Trutek has waived Count Nine with prejudice. *Small*, 654 F. Supp. 3d at 387; *Hillsborough Rare Coins*, 2017 WL 1731695, at *6.

The Court need not analyze this count further, but for the Court's convenience, the only response Trutek provides is that its "complaint adequately describes the fraudulent scheme." Trutek's Resp., p. 38. Trutek's Response does not cite any fact allegation in its Complaint or a single authority to support its position. Trutek's Response is conclusory, without support, and wholly fails to address the bases for dismissal raised by the Moving Defendants.

## XI.    Count Ten (Cho, BioSure, Salvacion USA & Salvacion International): Trutek has failed to state a claim for a RICO violation.

***Economic loss doctrine bars the claim***: The arguments in Trutek's Response related to the economic loss doctrine barring its RICO claim are incoherent. Trutek fails to cite any legal authority for them, rendering the arguments undecipherable. For example, Trutek says "One such exception [to the economic loss doctrine] is where fraud is involved. [No citation.] Fraud in the inducement allows a plaintiff to overcome the economic loss doctrine. [No citation.] However, RICO does not concern itself with fraud in the inducement. [No citation.]" Trutek Resp., at 40. Trutek appears to concede that the economic loss doctrine bars Trutek's RICO claim. Another

16

example, Trutek says "On the other hand, Plaintiff's allegations of wire fraud and mail fraud allow

also [sic] economic losses to be recovered. [No citation.]" *Id.* It is unclear what Trutek is arguing.

But Trutek seems to suggest that independent allegations of wire fraud or mail fraud entitle it to

economic damages. Trutek is wrong. First, Trutek's Complaint does not allege an independent

claim of wire fraud or mail fraud. Second, "criminal statutes such as 18 U.S.C. § 1343, which

criminalizes wire fraud . . .  provide no private right of action." *Obianyo v. Tennessee*, 518 F.

App'x 71, 72 (3d Cir. 2013) (*citing Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002)). Trutek's

argument that wire fraud alone entitles it to "economic losses to be recovered" in a civil action

borders a Rule 11(b)(2) violation, as does much of Trutek's Response. At bottom, Trutek's

Response is devoid of any legal authority; "it is not the Court's responsibility to engage in its own

legal research in order to find legal authority to support Plaintiff's arguments—nor would it be

proper for the Court to do so." *Swift v. Pandey*, 2013 WL 6022093, at *3 (D.N.J. Nov. 13, 2013).

Trutek also argues the economic loss doctrine does not apply to defendants other than Cho

because they are not in privity with Trutek. Trutek Resp., at 41. Again, Trutek cites no legal

authority for that assertion. Nor does Trutek address the controlling law that privity is not required

for the economic loss doctrine to apply. *See* Defs. Memo., at 24. Trutek's Response repeatedly

offers legal rules without citing to authority while at the same time ignoring controlling law cited

in the Moving Defendant's memorandum. The Court should not condone such conduct.

***No alleged pattern of racketeering***: Trutek's Response does not address and therefore

concedes that it has not properly alleged mail fraud as a predicate act. Trutek argues only that it

"sufficiently cited several instances of wire fraud." Trutek Resp., at 41. The sole wire fraud

argument in Trutek's Response is that "filing patent applications at the USPTO electronically

represents a fraud committed on the USPTO." *Id.* However, Trutek does not address the published

Federal Circuit Court decision cited by the Moving Defendants that holds wire fraud based on a submission to the USPTO cannot constitute a predicate act under RICO, and five other federal decisions that similarly hold that alleged actions of patent infringement cannot constitute predicate acts. Defs. Memo., at 45–46.

    ***No alleged plausible agreement to conspire***: Trutek concedes that the requirement for an agreement in the civil conspiracy claim is the same as its RICO claim. Trutek's Resp., at 41. Again, Trutek's Complaint is totally devoid of any fact allegation that demonstrates a circumstance which would point toward a meeting of the minds and plausibly suggest that any Defendants "made an agreement" to conspire against Trutek. Trutek's Response has not pointed to any specific fact allegation in the Complaint that would suggest otherwise.

**<u>CONCLUSION</u>**

    For the foregoing reasons, the Moving Defendants, respectfully request the Court to dismiss all Trutek's claims with prejudice except for Count 1, which should be limited to a claim for direct infringement of claim 2 in Trutek's '802 patent, and Count 2, which should be limited to an express breach of contract claim.

Dated: December 14, 2023

LADDEY, CLARK & RYAN, LLP

BY: */s/ Thomas J. White*
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that, on this day, the foregoing document was served via email to all counsel of record pursuant to the Court's October 4, 2023 Text Order and filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: December 14, 2023

Respectfully submitted,

LADDEY, CLARK & RYAN, LLP

BY: */s/ Thomas J. White*
Thomas N. Ryan (018951985)
Thomas J. White (320372020)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*