# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUTEK CORP., <br><br> Plaintiff, <br> v. <br><br> YEONG WAN CHO (a.k.a. PETER CHO, ET AL., <br><br> Defendants. | Civil Action No.: 2:23– cv-3709 <br><br> **Document Electronically Filed** |

## DECLARATION OF BRIGETTE BARD IN SUPPORT OF
## DEFENDANT BIOSURE GLOBAL, LTD.'S MOTION TO DISMISS

I, Brigette Bard, hereby declare as follows:

1. My name is Brigette Bard. I am of sound mind and lawful age. The statements made herein are based upon personal knowledge.

2. I am the CEO & Founder of BioSure Global, Ltd ("BioSure").

3. I am authorized to make this declaration on behalf of BioSure.

4. I have reviewed the Complaint filed by Trutek Corp. in *Trutek Corp. v. Young Wan Cho (a.k.a. Peter Cho) Et al.*, Civil Action No. 2:23-cv-3709, in the United States District Court for the District of New Jersey (the "Lawsuit").

5. I understand that Trutek Corp. has named BioSure as a defendant in the Lawsuit.

6. I am submitting this declaration for the limited purpose of supporting consolidated motion to dismiss *for lack of personal jurisdiction on behalf of BioSure* in the above-captioned case, and the reply filed in support thereof. My submission of this declaration is not intended to support any argument unrelated to personal jurisdiction and is not intended to consent to personal

jurisdiction for me or BioSure in the State of New Jersey and, instead, specifically contests such jurisdiction.

**BioSure does not exist in New Jersey**

7. BioSure is a United Kingdom company with its headquarters located at 121 Brooker Road, Waltham Abbey, EN9 1JH, United Kingdom.

8. BioSure is a privately owned diagnostics company, which launched the world's first HIV self-test to utilize blood and the first home use COVID-10 antibody test.

9. BioSure manufactures, distributes, and sales world-class, affordable medical devices and self-tests, including but not limited to HIV, Syphilis, Cholesterol, Prostate Specific Antigen, and COVID-19.

10. BioSure also manufactures, distributes, and sells BioSure Pro Protective Nasal Spray in the United Kingdom.

11. At no time has BioSure been registered to do business in New Jersey.

12. At no time has BioSure ever had any facilities, assets, or employees in New Jersey.

13. At no time has BioSure operated, conducted, engaged in, or carried on a business or business venture in New Jersey.

14. BioSure does not own or lease real or personal property in New Jersey.

15. At no time has BioSure had any bank accounts in New Jersey.

16. At no time has BioSure imported a commercial product from New Jersey.

17. At no time has BioSure exported a commercial product to New Jersey.

18. At no time has BioSure incurred any obligation to pay any property or income taxes in New Jersey or any state in the United States.

19. BioSure is not registered, authorized, or otherwise licensed to do business in New Jersey or any state in the United States.

20. BioSure does not have a registered agent for service of process in New Jersey or any state in the United States.

21. At no time has BioSure been served with process in New Jersey or any state in the United States.

22. BioSure has a website that is accessible to anyone with an Internet connection no matter where they are located, but neither the website nor any of BioSure's advertisements or promotional materials are targeted at New Jersey or New Jersey residents or the United States or United States residents.

23. At no time has BioSure sold, offered for sale, marketed, or in any way commercialized any product in New Jersey or in the United States.

24. BioSure has never had a contractual relationship with Trutek Corp.

25. At the time Trutek Corp. commenced the above-captioned case, BioSure had no knowledge of Trutek Corp. or any NasalGuard product, patent, or technology.

26. At the time Trutek Corp. commenced the above-captioned case, BioSure had no knowledge of the Confidential Disclosure Agreement between Trutek Corp. and Peter Cho identified in Trutek's Complaint.

27. At the time Trutek Corp. commenced the above-captioned case, BioSure had no knowledge of Trutek's '802 Patent referenced in its Complaint, of Trutek's purported ownership, rights, or interest in any of the other purported proprietary or confidential technology referenced in it its Complaint.

**Trutek Corp.'s Inaccurate Assertions in its Opposition Memorandum**

28. Trutek Corp. inaccurately asserted that "BioSure should be classified as a licensee of Salvacion USA for the nasal spray product" and that "the license for the product is protected by an agreement that invokes the protection of the laws of the State of New Jersey." Trutek's Resp., at 6-7.

    a. BioSure is not a party to any agreement that invokes the laws of the State of New Jersey.

29. Trutek Corp. inaccurately asserted that "it is inconceivable that the nasal spray product is manufactured by two separate entities. Thus, logic dictates that the defendants in the United States and the United Kingdom receive their products from a single source." Trutek's Resp., at 7.

    a. BioSure manufactures BioSure Pro Protective Nasal Spray in the United Kingdom.

    b. BioSure does not export or import any nasal spray product to or from New Jersey.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this __12 day of December, 2023.

_____
Brigette Bard

4