**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUTEK CORP., <br><br> Plaintiff, <br>     v. <br><br> YEONG WAN CHO (a.k.a. PETER CHO), ET AL., <br><br>     Defendants. | Civil Action No.: 2:23– cv-3709 <br><br> **Document Electronically Filed** |

**DEFENDANT PETER CHO'S ANSWER
AND DEFENSES TO COMPLAINT**

Laddey, Clark & Ryan, LLP
Thomas N. Ryan (018951985)
Travis Nunziato (155202015)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,
USA, Inc.; Salvacion Co., LTD.; Yeong
Wan Cho (aka Peter Cho); Salvacion
R&D Center; Salvacion International,
LLC; Sei Young Yun; Biosure Global, Ltd*.

Bradley Arant Boult Cummings LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion,
USA, Inc.; Salvacion Co., LTD.; Yeong
Wan Cho (aka Peter Cho); Salvacion
R&D Center; Salvacion International,
LLC; Sei Young Yun; Biosure Global, Ltd*.

Defendant Yeong Wan Cho (a.k.a. Peter Cho) ("Cho" or "Defendant") files this Answer and Affirmative Defenses to Trutek Corp.'s ("Trutek") Complaint and states as follows:

## PARTIES

1.      Admitted, upon information and belief.

2.      Denied that Defendant Cho resides at the address identified in this paragraph.  The remaining allegations in this paragraph are admitted.

3.      Abdul Gaffar is deceased, therefore the first sentence is denied.    Defendant Cho admits that Abdul Gaffar was a co-founder and principal of Salvacion USA, Inc. prior to his death.

4.      The allegations in the last sentence of this paragraph are denied.  Defendant is without sufficient information to form a belief as to the allegations contained in the first sentence of this paragraph, and therefore denies them.

5.      Defendant admits that Salvacion USA, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with a business address of 210 Sylvan Avenue, #24, Englewood Cliffs, New Jersey 07632.  The remaining allegations are denied.

6.      Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

7.      Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

8.      Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

9.      Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

10.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

## FEDERAL SUBJECT MATTER JURISDICTION

11.     Admitted.

## SUPPLEMENTAL SUBJECT MATTER JURISDICTION

12.     Defendant admits that subject matter jurisdiction exists in this matter.   The remaining allegations are denied.

## IN PERSONAM  JURISDICTION

13.     Admitted.

14.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

15.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

16.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

17.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

18.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

## VENUE

19.     Admitted only that venue is proper as to this Defendant.  The remaining allegations are denied.

20.     Admitted only that venue is proper as to this Defendant.  The remaining allegations are denied.

21.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

22.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

23.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

## STATEMENT OF FACTS AND NJ CAUSES OF ACTION

### The Business of Plaintiff, Trutek Corp

24.     The first sentence is admitted, upon information and belief.  Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph, and therefore denies them.

25.     Denied.

26.     Defendant denies that Trutek owns or holds any valid patents.  Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph, and therefore denies them.

27.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

### Defendant Peter Cho's Relationship With Trutek

28.     Admitted that Defendant is the President of Jintec America, Inc. and that he and Wahi were introduced around March of 2019.  The remaining allegations are denied, as stated.

29.     Admitted that Defendant entered into a Confidential Disclosure Agreement ("CDA") to which Wahi was also a party, which speaks for itself.  The remaining allegations are denied.

30.     Denied as stated.  The CDA speaks for itself.

31.     Admitted that Defendant entered into the May 12th Agreement, which speaks for itself.  The remaining allegations are denied, as stated.

32.     Denied, as stated.  The May 12th Agreement speaks for itself.

33.     Denied, as stated.  The May 12th Agreement speaks for itself.

34.     Admitted that Defendant entered into the November 6th Agreement, which speaks for itself.  The remaining allegations are denied, as stated.

35.     Admitted that Trutek filed suit against Jintec in the Superior Court of New Jersey in Somerset County (Docket No. SOM-L-426-21).  The remaining allegations are denied.

### Trutek's Airborne Particle Blocking Technology and the '802 Patent

36.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

37.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

38.     Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.  The '802 Patent speaks for itself.

39.     Denied.

### Defendants Peter Cho and Salvacion USA, Inc.

40.     Admitted that Defendant Cho and Dr. Abdul Gaffar co-founded Salvacion USA, Inc.  The remaining allegations are denied.

41.     Admitted that Salvacion USA is a New Jersey corporation incorporated on August 27, 2020, company number 045035127.  The remaining allegations are denied.

### Salvacion USA and COVIXYL Over-the-Counter Products

42.     The allegations in this paragraph are not directed at Defendant Cho and therefore no response is required.  To the extent a response is required, the allegations are denied, as stated. The last sentence of this paragraph is expressly denied.

43.     The allegations in this paragraph are not directed at Defendant Cho and therefore no response is required.  To the extent a response is required, the allegations are denied.

44.     Admitted that Salvacion USA filed a patent application titled "Antiviral Composition and Use for the Same," which was published on May 5, 2022 by the USPTO, which speaks for itself.  The remaining allegations are denied, as stated.

45.     Denied as stated.  The packaging and other materials referenced in this paragraph speak for themselves.

### Salvacion Enterprise Activities With Covixyl

46.     Denied, as stated.  The packaging referenced in this paragraph speaks for itself.

47.     Denied.  The document referenced in this paragraph speaks for itself.

48.     Denied.  The website referenced in this paragraph speaks for itself.

49.     Denied.

### Infringement of the '802 Patent by the Salvacion Enterprise

50.     The allegations in this paragraph are not directed at Defendant Cho and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

51.     The allegations in this paragraph are not directed at Defendant Cho and therefore no response is required.  To the extent a response is required, the allegations are denied.

52.     The allegations in this paragraph are not directed at Defendant Cho and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in this paragraph, and therefore denies them.

### Offenses against Trutek by Defendant, Peter Cho

53.     Denied, as stated.  The CDA referenced in this paragraph speaks for itself.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

### Offenses against Trutek by Defendants Garrar and Yun

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

### Offenses against Trutek by Salvacion USA

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

**Offenses against Trutek by Salvacion International, LLC**

69.     Denied.

70.     Denied.

71.     Denied.

**Offenses against Trutek by Biosure Global**

72.     Denied.

**Offenses against Trutek by the Salvacion Enterprise and its members**

73.     Denied.

74.     Denied.  The CDA speaks for itself.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

**GENERAL ALLEGATIONS**

85.     Defendant Cho incorporates and restates the foregoing responses to all proceeding paragraphs as if fully set forth herein.

86.     The allegations in this paragraph are not directed at Defendant Cho and therefore no response is required.  To the extent a response is required, the allegations are denied.

### COUNT ONE – INFRINGEMENT OF THE '802 PATENT
### (as to Salvacion USA and Salvacion International)

87.     Defendant Cho incorporates and restates the foregoing responses to all proceeding paragraphs as if fully set forth herein.

88.     The allegations in this paragraph are not directed at Defendant Cho and therefore no response is required.  To the extent a response is required, the allegations are denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with "WHEREFORE," including the allegations in subparagraphs (a)-(g).

### COUNT TWO – BREACH OF CONTRACT
### (as to Defendant Peter Cho)

99.    Defendant Cho incorporates and restates the foregoing responses to all proceeding paragraphs as if fully set forth herein.

100.    Denied.  The CDA speaks for itself.

101.    Denied.  The documents referenced herein speak for themselves.

102.    Denied.  The documents referenced herein speak for themselves.

103.    Denied.

104.    Denied.

105.    Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with "WHEREFORE," including the allegations in subparagraphs (a)-(f).

## COUNT THREE – CONCEALMENT
### (as to Defendant Peter Cho)

106.    Defendant Cho incorporates and restates the foregoing responses to all proceeding paragraphs as if fully set forth herein.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with "WHEREFORE," including the allegations in subparagraphs (a)-(c).

## COUNT FOUR – CONVERSION
### (as to All Defendants)

111.    Defendant Cho incorporates and restates the foregoing responses to all proceeding paragraphs as if fully set forth herein.

112.    Denied.  The CDA speaks for itself.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with "WHEREFORE," including the allegations in subparagraphs (a)-(e).

## COUNT FIVE – VIOLATION OF 18 U.S.C. § 1832
### Theft of Trade Secrets
### (as to Cho, Gaffar, Un, Salvacion USA, Salvacion International)

117.    Defendant Cho incorporates and restates the foregoing responses to all proceeding paragraphs as if fully set forth herein.

118.    Denied.

119.    Admitted that Defendant Cho was a principle of Jintec America, Inc. in 2019 and 2020.  The remaining allegations are denied as stated.

120.    Denied.  The CDA speaks for itself.

121.    Denied.

122.    The last sentence of this paragraph is denied.  The remaining allegations are admitted.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Defendant Cho denies the allegations contained in the paragraph beginning with "WHEREFORE," including the allegations in subparagraphs (a)-(b).

**COUNT SIX – VIOLATION OF N.J.S.A. § 56:15-1** *et seq.*
**The New Jersey Trade Secrets Act ("NJTSA")**
**(as to Cho, Gaffar, Yun, Salvacion USA, Salvacion International)**

127.    Defendant Cho incorporates and restates the foregoing responses to all proceeding

paragraphs as if fully set forth herein.

128.    Denied.

129.    Denied.

130.    Denied.  The CDA speaks for itself.

131.    Denied.

132.    Denied.

133.    Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with

"WHEREFORE," including the allegations in subparagraphs (a)-(e).

**COUNT SEVEN – UNJUST ENRICHMENT**
**(as to All Defendants)**

134.    Defendant Cho incorporates and restates the foregoing responses to all proceeding

paragraphs as if fully set forth herein

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.  The CDA speaks for itself.

140.    Denied.  The CDA speaks for itself.

141.    Denied.

142.    Admitted that Trutek has never received any royalties or moneys from Defendant

Cho or Salvacion USA and denied that Trutek is entitled to any royalties or moneys.. Admitted,

upon information and belief, that Trutek has never received any royalties or moneys from any

other defendant and denied that Trutek is entitled to any royalties or moneys. All other allegations

contained in this paragraph are denied.

143.    Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with

"WHEREFORE," including the allegations in subparagraphs (a)-(b).

## COUNT EIGHT – CIVIL CONSPIRACY
### (as to All Defendants)

144.    Defendant Cho incorporates and restates the foregoing responses to all proceeding

paragraphs as if fully set forth herein

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with

"WHEREFORE," including the allegations in subparagraphs (a)-(c).

## COUNT NINE – FRAUD
### (as to All Defendants)

150.    Defendant Cho incorporates and restates the foregoing responses to all proceeding

paragraphs as if fully set forth herein

151.    Denied.

152.    Denied.

153.    Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with

"WHEREFORE," including the allegations in subparagraphs (d)-(g).

**COUNT TEN – VIOLATION OF 18 U.S.C. §§ 1961–1968**
**Racketeer Influenced and Corrupt Organizations Act ("RICO")**
**(as to All Defendants)**

154.    Defendant Cho incorporates and restates the foregoing responses to all proceeding

paragraphs as if fully set forth herein

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.  The CDA speaks for itself.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

Defendant Cho denies the allegations contained in the paragraph beginning with "WHEREFORE," including the allegations in subparagraphs (a)-(h).

Defendant Cho denies the allegations contained in the paragraph under the heading "Demand for Discovery of Insurance Coverage" and denies that Plaintiff is entitled to any of the relief requested therein.

Defendant Cho denies the allegations contained in the paragraph under the heading "Demand for a Jury Trial" and denies that Plaintiff is entitled to any of the relief requested therein.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

**DEFENSE NO. 1:**  The Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed.  Defendant Cho incorporates all defenses asserted in the Consolidated Motion to Dismiss, filed on October 25, 2023 (Doc. 46).

**DEFENSE NO. 2:**  Plaintiff is barred from recovery to the extent the doctrines of waiver, estoppel, laches and/or release apply.

**DEFENSE NO. 3:**  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**DEFENSE NO. 4:**  Plaintiff is not entitled to recovery as it has sustained no harm by reason of Defendant Cho's actions.

**DEFENSE NO. 5:**  Defendant Cho has committed no wrong against Plaintiff.

**DEFENSE NO. 6:**  Plaintiff's damages, if any, are subject to set-off and recoupment.

**DEFENSE NO. 7:**  Plaintiff's claims are barred by the applicable statute of limitations.

**DEFENSE NO. 8:**  Plaintiff's alleged damages, including its alleged lost profits, are too remote, uncertain and/or speculative and cannot be established with a reasonable degree of certainty.

**DEFENSE NO. 9:**  The agreements upon which Plaintiff's claims are based, including the May 12th Agreement and the November 6th Agreement lack mutuality and are unenforceable.

**DEFENSE NO. 10:**  Plaintiff has failed to plead fraud with particularity as required by FRCP 9(b).

**DEFENSE NO. 11:**  The agreements upon which Plaintiff's claims are based, including the May 12th Agreement, the November 6th Agreement and the CDA, fail for want of consideration.

**DEFENSE NO. 12:**  Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

**DEFENSE NO. 13:**  Plaintiff's claims for punitive damages are barred or limited by NJSA 2A:15-5.9 – 2A:15-5.17.

**DEFENSE NO. 14:**  Defendant asserts all applicable defenses available under 18 U.S.C. § 1832.

**DEFENSE NO. 15:**  Defendant owed Plaintiff no duty.

**DEFENSE NO. 16:**  Defendant asserts all available defenses under NJSA 56:15-1, et seq.

**DEFENSE NO. 17:**  Defendant asserts all available defenses under 18 U.S.C. §1961-1968.

**DEFENSE NO. 18:**  Any information provided to Defendant by Plaintiff was not proprietary, confidential, or trade secret information.

**DEFENSE NO. 19:**  Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

**DEFENSE NO. 20:**  Plaintiff fails to plead special damages with particularity.

**DEFENSE NO. 21:**  Plaintiff cannot prove the elements of its claims.

Defendant Cho reserves the right to amend or supplement his affirmative and other defenses.

WHEREFORE, having fully answered the Complaint, Defendant Cho respectfully requests that the Court:

A.  Dismiss Plaintiff's Complaint with prejudice;

B.  Enter judgement against Plaintiff and for Defendant Cho;

C.  Award Defendant Cho its costs in this action; and

D.  Award Defendant Cho such other relief as this Court deems just and equitable.

Dated: February 9, 2024                              Respectfully submitted,

LADDEY, CLARK & RYAN, LLP                    BRADLEY ARANT BOULT CUMMINGS LLP
                                             Jason E. Fortenberry (*pro hac vice*)
BY: */s/ Travis Nunziato*                    Jonathan M. Barnes (*pro hac vice*)
Thomas N. Ryan (018951985)                   188 East Capitol Street, Suite 1000
Travis Nunziato (155202015)                  Post Office Box 1789

60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,
USA, Inc.; Salvacion Co., LTD.; Yeong
Wan Cho (aka Peter Cho); Salvacion
R&D Center; Salvacion International,
LLC; Sei Young Yun; Biosure Global, Ltd.*

Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion,
USA, Inc.; Salvacion Co., LTD.; Yeong
Wan Cho (aka Peter Cho); Salvacion
R&D Center; Salvacion International,
LLC; Sei Young Yun; Biosure Global, Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that, on this day, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: February 9, 2024

Respectfully submitted,

LADDEY, CLARK & RYAN, LLP

BY: */s/ Travis Nunziato*
Thomas N. Ryan (018951985)
Travis Nunziato (155202015)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*