IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUTEK CORP., <br><br> *Plaintiff,* <br> v. <br><br> YEONG WAN CHO (a.k.a. PETER CHO); ABDUL GAFFAR; SEI YOUNG YUN; SALVACION USA, INC.; SALVACION INTERNATIONAL, LLC; SALVACION CO., LTD.; SALVACION R&D CENTER; BIOSURE GLOBAL, LTD.; INMOBILIARIA LA SALVACION, R.D.; ROBIN ROE 1 through 10 (gender neutral fictitious names); ABC CORPORATION 1 through 10 (fictitious names), <br>        *Defendants*. | Civil Action No**.:** 2:23-cv-3709 <br><br> **Document Electronically Filed** |

## **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STAY CASE**

LAW OFFICE OF KEITH ALTMAN
Solomon Radner
(NJ SBN 283502018)
Keith Altman (*pro hac vice*)
33228 West 12 Mile Road,
Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
SolomonRadner@kaltmanlaw.com
KeithAltman@kaltmanlaw.com
*Attorneys for Plaintiff*

LAW OFFICE OF STANLEY KREMEN, ESQ.
Stanley H. Kremen, Esq. (*pro hac vice*)
4 Lenape Lane
East Brunswick, NJ
Telephone: (732)593-7294
Facsimile: (732) 312-5218
shk@shk-dplc.com
*Attorney for Plaintiff*

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. In considering whether a stay is appropriate, the Court examines a number of factors, including (1) whether the proposed stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and (3) whether granting the stay would further the interest of judicial economy. *Id.*; *Ford Motor Credit Co. v. Chiorazzo*, 529 F.Supp.2d 535, 542 (D.N.J. 2008).

In deciding a motion to stay, the Court must be mindful of the fact that "[t]he stay of a civil proceeding is an extraordinary remedy." *S. Freedman and Co. Inc. v. Raab*, Civ. No. 06-3723, 2008 U.S. Dist. LEXIS 79750, 2008 WL 4534069, *2 (D.N.J. Oct. 6, 2008). The party seeking a stay of civil litigation bears the burden to show that the stay would be appropriate. *Landis*, 299 U.S. at 255. *Konopca v. Ctr. for Excellence in Higher Educ., Inc.*, Civil Action No. 15-5340 (FLW)(DEA), 2016 U.S. Dist. LEXIS 119853, at *4-5 (D.N.J. Sep. 6, 2016).

Here, the Parties will not be prejudiced by a stay pending the Inter Partes Review ("IPR") proceeding with the United States Patent and Trademark Office.

The stay is requested for the judicial economy of both the Parties as well as the present Court. The present action is in the early stages of litigation. The outcome of the IPR will have a direct impact on the Parties ability to litigate the present matter as it has the potential to invalidate the patent related to this matter.

Furthermore, without staying the proceedings, the Parties are likely to be required to relitigate the matter at hand This would involve expending additional funds, as well as taking away time from both the Parties and the Court.

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Proposed Order implementing a stay until 60 days after a final judgement has been entered in the IPR proceeding with the United States Patent and Trademark Office.

Date: February 12, 2024

Respectfully Submitted,

/s/ *Solomon M. Radner*
Solomon Radner (NJ SBN 283502018)
Keith Altman (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
SolomonRadner@kaltmanlaw.com
KeithAltman@kaltmanlaw.com

LAW OFFICE OF STANLEY KREMEN, ESQ.
Stanley H. Kremen, Esq. (*pro hac vice*)
4 Lenape Lane
East Brunswick, NJ
Telephone: (732)593-7294

>Facsimile: (732) 312-5218
>shk@shk-dplc.com
>*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 12th day of February 2024, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

>/s/ *Solomon M. Radner*
>Solomon Radner (NJ SBN 283502018)