UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUTEK CORP., <br><br> Plaintiff, <br><br> v. <br><br> CHO, et al., <br><br> Defendants. | Civil Action No. <br><br> 23-cv-03709 (JKS) (JRA) <br><br> **[PROPOSED] AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on the parties' joint letter for an amended pretrial scheduling order, and for good cause shown:

**IT IS on this ___ day of _____ 2024,**

**ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged no later than **December 15, 2023**.

### II. DISCOVERY

2. Fact discovery is to remain open through **July 28, 2024**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may, if not already served, serve interrogatories (limited to **twenty-five (25)** single questions) and requests for production of documents on or before **December 28, 2023**, to be responded to within thirty (30) days of receipt.

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area shall be limited to **fifteen (15)** per side (excluding inventors and experts), are to be completed by **July 28, 2024**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

5. Plaintiff shall serve its Disclosure of Asserted Claims and Infringement Contentions pursuant to L. Pat. R. 3.1 on or before **December 15, 2023**.

6. Defendant shall serve its Non-Infringement Contentions pursuant to L. Pat. R. 3.2A on or before **February 12, 2024**.

7. Defendant shall serve its Invalidity Contentions pursuant to L. Pat. R. 3.3 on or before **February 12, 2024**.

8. Plaintiff shall serve its Responses to Invalidity Contentions pursuant to L. Pat R. 3.4A on or before **March 26, 2024**.

9. The parties shall exchange proposed claim terms for construction pursuant to L. Pat. R. 4.1(a) on or before **April 11, 2024**.

10. The parties shall exchange preliminary proposed constructions and identification of extrinsic evidence pursuant to L. Pat. R. 4.2(a)–(b) on or before **April 25, 2024**.

11. The parties shall exchange identifications of all intrinsic and extrinsic evidence they intend to rely upon in opposing any proposed claim construction, pursuant to L. Pat. R. 4.2(c), on or before **May15, 2024**. The parties shall thereafter meet and confer to narrow the issues in dispute.

12. The parties shall file a Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R. 4.3 on or before **May 24, 2024**.

13. The parties shall complete fact discovery relating to claim construction pursuant to L. Pat. R. 4.4 on or before **June 24, 2024**.

14. The parties shall file and serve their opening *Markman* submissions pursuant to L. Pat. R. 4.5(a) on or before **July 17, 2024**.

15. The parties shall complete expert discovery pertaining to *Markman* issues pursuant to L. Pat. R. 4.5(b) on or before **August 17, 2024**.

16. The parties shall file and serve their responding *Markman* submissions pursuant to L. Pat. R. 4.5(c) on or before **September 19, 2024**.

17. The parties shall submit to the Court a proposed schedule for a *Markman* hearing pursuant to L. Pat. R. 4.6 on or before **September 30, 2024**.

18. Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Any dispute not resolved shall be brought to the Court's attention by letter or telephone conference after the parties' good faith attempt to resolve the dispute has failed. Counsel shall advise the Court of the specific efforts that were made to resolve the dispute before contacting the Court. **No discovery motion shall be made without prior leave of Court.**

### III. DISCOVERY CONFIDENTIALITY ORDERS

19. Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). The parties are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules.

## IV. FUTURE CONFERENCES

21. The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.

22. Counsel should be prepared to discuss settlement at every conference. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend unless excused by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference. Confidential settlement letters shall be sent to **JRA_orders@njd.uscourts.gov** at least three business days prior to the conference.

23. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

24. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## V. MOTIONS

25. No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed. R. Civ. P. 12. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

26. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **March 1, 2024**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

27. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery generally must be completed prior to the filing of a dispositive motion.

## VI. EXPERTS

28. All affirmative expert reports shall be delivered by **August 29, 2024**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

29. All rebuttal expert reports shall be delivered by **September 28, 2024**. Any such report shall comport with the form and content requirements referenced above.

30. All reply expert reports shall be delivered by **October 27, 2024**. Any such report shall comport with the form and content requirements referenced above.

31. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

32. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **November 28, 2024**.

### VII. FINAL PRETRIAL CONFERENCE

33. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) **at a time and date to be assigned.**

34. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

35. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than three full business days before the final pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

36. FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.

_____
**JOSÉ R. ALMONTE**
**UNITED STATES MAGISTRATE JUDGE**

Original:   Clerk of the Court
    cc:    Hon. Esther Salas, U.S.D.J.
           All Parties