# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUTEK CORP., <br><br> Plaintiff, <br> v. <br><br> YEONG WAN CHO (a.k.a. PETER CHO), ET AL., <br><br> Defendants. | Civil Action No.: 2:23– cv-3709 <br><br> **Document Electronically Filed** |

## DEFENDANTS' RESPONSE TO TRUTEK CORP.'S MOTION TO STAY CASE

Laddey, Clark & Ryan, LLP
Thomas N. Ryan (018951985)
Travis Nunziato (155202015)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion,
USA, Inc.; Salvacion Co., LTD.; Yeong
Wan Cho (aka Peter Cho); Salvacion
R&D Center; Salvacion International,
LLC; Sei Young Yun; Biosure Global, Ltd.*

Bradley Arant Boult Cummings LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)
Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion,
USA, Inc.; Salvacion Co., LTD.; Yeong
Wan Cho (aka Peter Cho); Salvacion
R&D Center; Salvacion International,
LLC; Sei Young Yun; Biosure Global, Ltd.*

All defendants that have been made parties to this action by service of the Complaint and Summons, Defendants Salvacion, USA, Inc., Yeong Wan Cho (aka Peter Cho), Salvacion International, LLC, and BioSure Global, Ltd.[1], hereby file this response to Trutek Corp.'s (Trutek's) Motion to Stay Case.

1. On February 12, 2024, Trutek filed a Motion to Stay Case "until a final judgment has been issued on Defendants Inter Partes Review (IPR) proceedings with the United States Patent and Trademark Office." Doc. 70 at 5.

2. No Defendant has yet filed an IPR proceeding.

3. Defendants anticipate that an IPR proceeding will be filed this month.

4. Defendants originally intended to oppose Trutek's Motion to Stay Case because there are nine other causes of action (every cause of action other than Count I) in Trutek's Complaint that the IPR proceeding will not affect.

5. However, subject to and for the consideration in the attached Agreement to Seek Stay and Covenant Not to Challenge (Exhibit 1), Defendants do not oppose and hereby stipulate to Trutek's Motion to Stay Case.

Dated: March 19, 2024

LADDEY, CLARK & RYAN, LLP

BY: /s/ Travis Nunziato
Thomas N. Ryan (018951985)
Travis Nunziato (155202015)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880;
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP
Jason E. Fortenberry (*pro hac vice*)
Jonathan M. Barnes (*pro hac vice*)
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jfortenberry@bradley.com
jbarnes@bradley.com

Jeffrey D. Dyess (*pro hac vice*)

---

[1] BioSure Global, Ltd. has filed a motion to dismiss for lack of personal jurisdiction and does not waive or forfeit that defense by filing this response.

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

Benn C. Wilson (*pro hac vice*)
1819 5th Avenue North
Birmingham, Alabama
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jdyess@bradley.com
bcwilson@bradley.com

*Attorneys for Defendants Salvacion,*
*USA, Inc.; Salvacion Co., LTD.; Yeong*
*Wan Cho (aka Peter Cho); Salvacion*
*R&D Center; Salvacion International,*
*LLC; Sei Young Yun; Biosure Global, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that, on this day, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: March 19, 2024

Respectfully submitted,

LADDEY, CLARK & RYAN, LLP

BY: */s/ Travis Nunziato*
Thomas N. Ryan (018951985)
Travis Nunziato (155202015)
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
Telephone: (973) 729-1880
Facsimile: (973) 729-1224
tryan@lcrlaw.com
twhite@lcrlaw.com

*Attorneys for Defendants Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; Biosure Global, Ltd.*

## AGREEMENT TO SEEK STAY AND COVENANT NOT TO CHALLENGE

This Agreement to Seek Stay and Covenant Not to Challenge ("Agreement"), agreed to on March 19, 2024, is entered by the following parties:

- **Trutek Corp.**, and any of its principals, owners, officers, employees, agents, and affiliates, **(collectively "Plaintiff")**; and

- **Salvacion, USA, Inc.; Salvacion Co., LTD.; Yeong Wan Cho (aka Peter Cho); Salvacion R&D Center; Salvacion International, LLC; Sei Young Yun; BioSure Global, Ltd.** and any of their principals, owners, officers, employees, agents, and affiliates **(collectively "Defendants")**.

- **Plaintiff and Defendants, collectively, "the Parties."**

1.      Definitions.  As used in this Agreement, the following terms and phrases shall have the stated meaning:

   a.   **"Agreement"** means this Agreement to Seek Stay and Covenant Not to Challenge;

   b.   The **"Lawsuit"** means the civil action styled *Trutek Corp. v. Yeong Wan Cho (a.k.a. Peter Cho), et al.*, bearing Civil Action No. 2:23-cv-3709 (JKS) (JRA), on the docket of the United States District Court for the District of New Jersey;

   c.   The **"Patent application"** means patent application no. 17/576,098 filed on January, 14, 2022 and published on May 5, 2022 by the USPTO as U.S. Application Publication Serial No. US 2022/0133783 A1, titled "Antiviral composition and use of the same", by Applicant Salvacion USA, Inc.

2.  _Effective Date_.  This Agreement is effective upon the first date in which both the Agreement has been signed by Plaintiff, and the Defendants, who are parties to the Lawsuit, file a response stipulating to Plaintiff's Motion to Stay.

3.  _Purpose_.  Plaintiff and Defendants enter into this Agreement for the purpose of stipulating to a stay of the Lawsuit pending a final judgment on the Inter Partes Review (IPR) proceeding that one or more of the Defendants will file with the United States Patent and Trademark Office ("USPTO") related to Plaintiff's U.S. Patent No. 8,163,802.  Defendants declare that it is their intention to stipulate to such a stay based on Plaintiff's covenant not to challenge the Patent Application at the USPTO and agreement to consent order, as defined below. To accomplish the stipulation to a stay of the Lawsuit and Plaintiff's covenant not to challenge, the Parties have entered this Agreement.

4.  _Consideration and Acknowledgments_.  The Parties offer the following consideration and make the following acknowledgments in support of this Agreement:

> a.  **The Plaintiff** agrees and covenants not to challenge or call into question the Patent Application at the USPTO. The Plaintiff further agrees and covenants not to solicit any person, firm, or entity to challenge or call into question the Patent Application at the USPTO in any way, as described above. The Plaintiff agrees and covenants not to encourage, aid, or discuss challenging or calling into question the Patent Application at the USPTO in any way, as described above, with any person, firm, or entity. The Plaintiff agrees that this no-challenge clause clearly and unambiguously bars its right to challenge the validity of the Patent Application at the USPTO. The Plaintiff agrees that this Agreement is not a licensing agreement and does not operate as a license

2

agreement in any way; instead, this Agreement is an in-litigation partial

settlement agreement of actual ongoing patent litigation, in which the Patent

Application is involved and relates to.

b.  **The Defendants** agree to stipulate to Plaintiff's Motion to Stay Case. Doc. 70

of the Lawsuit.

5.      Costs and Fees.  The Parties to this Agreement shall bear their own costs and fees

associated with this Agreement, including attorneys' fees.

6.      No Waiver of Objection to Personal Jurisdiction.  It is agreed by Plaintiff that by

signing this Agreement, Defendants do not waive any objection to lack of personal jurisdiction

of any court in the United States over them for any claim Plaintiff could make or could have

made related in any way to the Lawsuit. Plaintiff agrees that Defendants signing this Agreement

solely in acknowledgment thereof establishes no minimum contact whatsoever and does not

establish any court in the United States having personal jurisdiction of over them.

7.      No Admission of Liability.  All Parties to this Agreement acknowledge that it is

not an admission of liability on the merits of any of the claims or defenses by any of the Parties

to the Lawsuit.

8.      Representations and No Reliance.  The undersigned Parties warrant and represent

that they have read and understood this Agreement, and that no representation made by any agent

or attorney of any of the other signatories concerning the validity or merit of any claim herein

released has induced any of the undersigned to make the Agreement; each of the undersigned has

had the benefit of counsel and is acting upon his own best judgment, belief, and knowledge in

entering into the Agreement.  The parties to this Agreement and their counsel further agree to

3

execute all additional documents necessary and take all actions necessary to accomplish and implement the full intent of this Agreement.

9. Warranty. Plaintiff warrants that it has not already challenged or called into question the Patent Application in any way, form, or manner as described in paragraph 4(a) above. Furthermore, Plaintiff agrees that if it has breached this warranty, it agrees to withdraw its challenge or calling into question the Patent Application, and to pay Defendants any costs and/or expenses arising or resulting from any breach of said warranty, including attorney's fees and to indemnify any losses or commercial damages that result from any such breach.

10.     Entire Agreement.   This Agreement represents the entire understanding and agreement, and supersedes all prior agreements and understandings, both written and oral, between the parties hereto.    All prior and contemporaneous proposals, negotiations, representations and agreements are merged into this Agreement and no course of prior dealings between the parties shall be relevant to supplement or explain any term used in this Agreement. This Agreement can be amended, supplemented, or changed, and any provision hereof can be waived, only by written instrument making specific reference to this Agreement signed by the party against whom enforcement of any such amendment, supplement, modification, or waiver is sought. The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a further or continuing waiver of such breach or as a waiver of any other or subsequent breach.  No failure on the part of any party to exercise, and no delay in exercising, any right, power or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of such right, power, or remedy by such party preclude any other or further exercise thereof or the exercise of any other right, power, or remedy.

4

11.   Applicable law.  This Agreement shall be governed by the laws of the State of New Jersey.

12.   Authority.  The undersigned signatories warrant and covenant that they have requisite legal authority to enter into this Agreement and to be bound to its terms.

13.   Severability.  If any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of this Agreement that can be given effect without the invalid provisions or applications, and—to this end—the provisions of this Agreement are declared to be severable.

14.   Multiple Counterparts.  The parties acknowledge that duplicate originals of this Agreement are to be executed by them in multiple counterparts, with the same effect as if all parties had signed one and the same original document.


**\*\*\* SIGNATURE PAGES FOLLOW \*\*\***

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed in several counterparts, each of which is an original as of the effective date of this Agreement set forth above:

5

STATE OF New Jersey

COUNTY OF Somerset

      Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, **ASHOK WAHI**, who acknowledged on oath that he is fully authorized to execute the above and foregoing AGREEMENT and that the matters and things set forth therein are true and correct to the best of his information, knowledge and belief.

                                 Ashok Wahi, on behalf of Trutek Corp.

**SWORN TO AND SUBSCRIBED** before me, this the 19th day of March, 2024.

                                 NOTARY PUBLIC

My Commission Expires:

1/25/2026

JASMINE N PRIOLEAU
Notary Public - State of New Jersey
My Commission Expires Jan 25, 2026

6

STATE OF _____

COUNTY OF _____

     Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, **PETER CHO**, who acknowledged on oath that he is fully authorized to execute the above and foregoing AGREEMENT and that the matters and things set forth therein are true and correct to the best of his information, knowledge and belief.

                                     _____

                                     Peter Cho

     **SWORN TO AND SUBSCRIBED** before me, this the _____ day of _____, 2024.

                                     _____

                                     NOTARY PUBLIC

My Commission Expires:

_____

STATE OF _____

COUNTY OF _____

      Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, **PETER CHO,** who acknowledged on oath that he is fully authorized to execute the above and foregoing AGREEMENT and that the matters and things set forth therein are true and correct to the best of his information, knowledge and belief.

                      _____

                      Peter Cho

                      On behalf of Salvacion USA, Inc.

      **SWORN TO AND SUBSCRIBED** before me, this the _____ day of _____, 2024.

                      _____

                      NOTARY PUBLIC

My Commission Expires:

_____

8

STATE OF _____

COUNTY OF _____

   Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, **DON SMITH** who acknowledged on oath that he is fully authorized to execute the above and foregoing AGREEMENT and that the matters and things set forth therein are true and correct to the best of his information, knowledge and belief.

               _____

               Don Smith, on Behalf of Salvacion International, LLC

   **SWORN TO AND SUBSCRIBED** before me, this the _____ day of _____, 2024.

               _____

               NOTARY PUBLIC

My Commission Expires:

_____

9

Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction, **Brigette Bard**, who acknowledged on oath that he is fully authorized to execute the above and foregoing AGREEMENT and that the matters and things set forth therein are true and correct to the best of his information, knowledge and belief.

_____

Brigette Bard, on Behalf of BioSure Global, Ltd.

**SWORN TO AND SUBSCRIBED** before me, this the _____ day of _____, 2024.

_____

NOTARY PUBLIC

My Commission Expires:

_____

10

**Sei Young Yun**

Date: _____

Signature: _____


**Salvacion Co., Ltd**

Name: _____

Title: _____

Incorporated in: _____

City of: _____

Date: _____

Signature: _____


**Salvacion R&D Center**

Name: _____

Title: _____

Incorporated in: _____

City of: _____

Date: _____

Signature: _____

11