NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUTEK CORP., <br><br> Plaintiff, <br><br> v. <br><br> YEONG WAN CHO, et al., <br><br> Defendants. | Civil Action No. 23-3709 <br><br> **OPINION** <br><br> July 10, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Trutek Corp.'s ("Plaintiff") "Motion to Stay Case." (ECF 70.) Defendants filed a response. (ECF 78.) The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, the motion is **GRANTED**.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Trutek Corp. ("Trutek") filed this case in July 2023, alleging patent infringement, breach of contract, concealment, conversion, violation of 18 U.S.C. § 1832, violation of the New Jersey Trade Secrets Act, unjust enrichment, civil conspiracy, fraud, and violation of 18 U.S.C. § 1961 *et seq*. On October 25, 2023, Defendants Salvacion, USA, Inc., Yeong Wan Cho (a.k.a. Peter Cho), Salvacion International, LLC, and BioSure Global, Ltd. served their consolidated motion to dismiss that is currently pending before the Court. On February 12, 2024, Trutek filed a Motion to Stay "until a final judgment has been issued on Defendants Inter Partes Review (IPR) proceedings with the United States Patent and Trademark Office." (ECF 70.) Defendants filed a response

stipulating Trutek's Motion to Stay Case. (ECF 78.) Defendant Salvacion has filed an IPR proceeding on or about May 28, 2024. This motion is fully briefed and ripe for decision.

## II. LEGAL STANDARD

District courts have broad powers to stay proceedings. *Bechtel v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). Staying a patent case during PTAB-related proceedings is discretionary. *See Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). The party seeking a stay of civil litigation bears the burden of demonstrating that a stay is appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the patent context, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *Procter & Gamble v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.").

This District has recognized a generally liberal policy toward granting stays pending patent reexamination-type proceedings. *See, e.g., Mondis Technology Ltd. v. LG Electronics, Inc.*, No. 15-4431, 2015 WL 7012747, at *5 (D.N.J. Nov. 12, 2015); *Sabert Corp. v. Waddington N. Am., Inc.*, No. 06-5423, 2007 WL 2705157, at *5-6 (D.N.J. Sept. 14, 2007); *Cima Labs Inc. v. Actavis Group HF*, No. 07-893, 2007 WL 1672229, at *9 (D.N.J. June 7, 2007). This policy arises due to the potential for waste of a court's time and resources when a USPTO decision could drastically alter the nature of the litigation. *See WABCO Holdings, Inc. v. Bendix Commercial Vehicle Sys.*, No. 09-3179, 2010 WL 2628335, at *2 n.2 (D.N.J. June 28, 2010). When courts have denied a stay pending USPTO proceedings, it has most often been because the case was in a "late stage of litigation, . . . discovery was or would be almost completed, or the matter had been marked for

trial." *Mondis Technology Ltd.*, 2015 WL 7012747, at *5 (quoting *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 64 (D.N.J. 1992)).

In deciding whether to stay a case pending reexamination of a patent, courts frequently consider three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and the trial of the case, and (3) whether discovery is complete and a trial date has been set. *See WABCO*, 2010 WL 2628335, at *2; *APP Pharma, LLC v. Ameridose, LLC*, No. 10-4109, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011) (citing *Xerox Corp. v. 3ComCorp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

### III.   ANALYSIS

Defendants have consented to the stay as to all issues. (ECF 78.) For the sake of completeness, the Court considers the relevant factors.

Here, a stay would not unduly prejudice or present a clear tactical disadvantage to the non-moving party given Defendants' consent to Plaintiff's motion. A stay is also likely to simplify the issues and subsequent trial of the case given the central nature of the patent related to this matter. Further, the outcome of the IPR proceeding will impact the ability to litigate claims in this matter. Finally, discovery is not yet completed, and no trial date has been set. As such, the Court will stay this case in its entirety pending the resolution of the IPR proceeding.[1]

---

[1] The Court will also administratively terminate the motion to dismiss (ECF 59) and related motion to strike (ECF 60) without prejudice pending the outcome of the IPR proceeding.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Stay (ECF 70) is **GRANTED**. The Court will implement a stay until 60 days after a final judgment has been entered in the IPR proceeding with the United State Patent and Trademark Office. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties